THE HONORABLE MARSHA J. PECHMAN

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| LEO GUY, individually and on behalf all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CONVERGENT OUTSOURCING, INC.,<br><br>Defendant. | Case No. 2:22-cv-01558-MJP<br><br>**PLAINTIFFS' MOTION TO APPOINT INTERIM CO-LEAD COUNSEL UNDER FED. R. CIV. P. 23(g)(3)**<br><br>**NOTING DATE: NOVEMBER 25, 2022** |
| RYAN TANNER, individually and on behalf all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CONVERGENT OUTSOURCING, INC.,<br><br>Defendant. | Case No. 2:22-cv-01562 |

Pursuant to Federal Rule of Civil Procedure 23(g)(3), Plaintiffs Leo Guy, Ryan Tanner, and Magaly Granados ("Plaintiffs"), individually and on behalf of all others similarly situated, respectfully move for an order appointing as interim co-lead class counsel: (i) Gary E. Mason of Mason LLP; (ii) Jean S. Martin of Morgan & Morgan Complex Litigation Group; and (iii) Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC, one attorney from each of the first three filed related actions (collectively, "Proposed Interim Co-Lead Counsel").

NO. 2:22-CV-01558-MJP
MOTION TO APPOINT CO-LEAD COUNSEL - 1

MASON LLP
5101 Wisconsin Avenue NW, Suite 305
Washington, DC 20016
Telephone: (202) 429-2290

## I. INTRODUCTION

Beginning on November 2, 2022, Plaintiffs filed class action cases against Defendant Convergent Outsourcing, Inc., ("Convergent" or "Defendant") that are currently pending in this District (the "Related Actions"). The Related Actions each arise out of a recent, targeted cyber-attack that allowed a third party to gain unauthorized access to the computer systems housing sensitive consumer data maintained by Convergent, a third-party debt collection company that serves the telecommunication, utility, banking, and other industries by offering consumer debt collection. In the course of its business, Convergent holds and stores certain highly sensitive personally identifiable information ("PII" or "Private Information") of the Plaintiff(s) and the putative Class Members, who are customers of companies that Convergent provides debt collection services for, i.e., individuals who provided their highly sensitive and private information in exchange for business services. The Private Information including, *inter alia*, consumer names, addresses, email addresses, Social Security numbers, phone numbers, employers' information, account numbers, and bank account or payment card information ("Private Information"). The Related Actions each allege that as a result of Defendant's failure to adhere to adequate data security practices the Private Information of Plaintiffs and 640,906 individuals across the country was accessed by a malicious actor (the "Data Breach").

Plaintiffs learned they were victims of the Data Breach, and each decided to file their respective class actions following their receipt of Notice of Data Incident letters from Convergent Outsourcing, Inc. in late October of 2022. Plaintiff Guy filed his action in this District on November 2, 2022. Plaintiff Tanner initially filed his complaint on November 3, 2022 in this District. And on November 7, 2022, Plaintiff Granados filed her action in this District. Through their respective class actions, Plaintiffs allege the following causes of action against Defendant: negligence; negligence per se; breach of implied contract; unjust enrichment; declaratory judgment; breach of confidence; and violation of the Washington State Consumer Protection Act.

As detailed below, Proposed Interim Co-Lead Counsel are unquestionably experienced and knowledgeable, and they possess ample resources and have worked hard to identify and investigate the factual and legal claims in this action. Each of the proposed Interim Co-Lead

NO. 2:22-CV-01558-MJP
MOTION TO APPOINT CO-LEAD COUNSEL - 2

MASON LLP
5101 Wisconsin Avenue NW, Suite 305
Washington, DC 20016
Telephone: (202) 429-2290

Counsel have earned lead counsel appointments based on many years of successfully prosecuting data breach cases. Proposed Interim Co-Lead Counsel are nationally recognized by their peers as leaders in the plaintiffs' class action data breach bar and are indisputably the most qualified to represent the class. They have significant experience with data breaches and complex class actions in this Court and across the country. Prior to filing this motion, they conferred with counsel for Plaintiff Lamon (the fourth filed Related Action), who supports the appointment of the Proposed Interim Co-Leads. Considering their proven track record, Proposed Interim Co-Lead Counsel respectfully submit that appointing them to manage this litigation would best serve the interests of the proposed classes.

## II.  LEGAL STANDARDS

Federal Rule of Civil Procedure 23(g)(3) permits the appointment of interim lead counsel "to act on behalf of putative class members before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3); (*cited in Adedipe v. U.S. Bank, Nat'l Ass'n*, Nos. 13-2687 (JNE/JJK), 13 22944 (JNE/JKK), 2014 WL 835174, at *2 (D. Minn. Mar. 4, 2014)); *see also Moehrl v. Nat'l Ass'n of Realtors*, No. 19-cv-01610, 2020 WL 5260511, at *1 (N.D. Ill. May 30, 2020). Designating lead counsel now ensures the protection of the interests of the class in making and responding to motions, conducting discovery, and negotiating possible settlements. *See Roe v. Arch Coal, Inc.*, No. 4:15-cv-910, 2015 WL 6702288, at *3 (E.D. Mo. Nov. 2, 2015) (finding it in the best interests of the class to appoint interim class counsel even when no other counsel competed for appointment); *Syzmczak v. Nissan N. Am., Inc.*, Nos. 10 CV 7493(VB), 12 CV 2149(VB), 2012 WL 1877306, at *1 (S.D.N.Y. May 15, 2012) (citing *Manual for Complex Litig.* § 21.11 (4th ed. 2004)).

Determining the appointment of lead class counsel requires the court to consider counsel's: "(1) work in identifying and investigating potential claims; (2) experience in handling class action and complex litigation and the types of claims asserted in the action; (3) knowledge of the applicable law; and (4) available resources." *Adedipe*, 2020 WL 835174, at *2 (citing Fed. R. Civ. P. 23(g)(1)(A)). The court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

NO. 2:22-CV-01558-MJP
MOTION TO APPOINT CO-LEAD COUNSEL - 3

MASON LLP
5101 Wisconsin Avenue NW, Suite 305
Washington, DC 20016
Telephone: (202) 429-2290

The purpose of this Court's review is to ensure that counsel appointed to leading roles are "qualified and responsible, that they will fairly and adequately represent all parties on their side, and that their charges will be reasonable." *Manual for Complex Litig*. § 10.22. The ultimate goal is "achieving efficiency and economy without jeopardizing fairness to parties." *Id.* § 10.221; *see also Cappello v. Franciscan All., Inc.*, No. 3:16-CV-290-TLS-MGG, 2017 WL 781609, at *3 (N.D. Ind. Feb. 28, 2017). Ultimately, no single factor is determinative; instead, a court should appoint counsel after evaluating all relevant considerations and comparing the relative strengths of counsel. *See* Fed. R. Civ. P. 23(g)(1)(A)-(B); 7B Charles Alan Wright et al., *Fed. Prac. & Proc.* § 1802.3 (3d ed. 2005).

### III. ARGUMENT

Proposed Interim Co-Lead Counsel satisfy all the requirements for appointment by the Court under Fed. R. Civ. P. 23(g)(3). The attorneys have successfully litigated numerous class actions involving data breaches and privacy claims on behalf of millions of consumers. Proposed Interim Co-Lead Counsel possess the necessary resources to prosecute this litigation, have the support of the Plaintiffs from all cases on file, are working together collectively already, and will continue to work in this fashion to manage this litigation effectively and efficiently. Moreover, Proposed Interim Co-Lead Counsel have previously and repeatedly worked together to successfully prosecute data breach class actions across the country. Because Proposed Interim Co-Lead Counsel have the case-management and complex-litigation skills, experience, knowledge of the relevant facts and legal issues, and extensive resources needed to efficiently prosecute this action, the Court should grant Plaintiffs' motion.

### A. Proposed Interim Co-Lead Counsel Have Performed Substantial Work Investigating and Litigating the Claims to Date.

One factor Courts consider is the work and resources counsel expend investigating the claims being asserted when appointing lead counsel. *See, e.g., Adedipe*, 2014 WL 835174, at *3 (appointing interim class counsel because they "devoted the more substantial effort towards pre-suit investigation and identification of claims"). Here, immediately after the public announcement of the data breach involving Defendant, Proposed Interim Co-Lead Class Counsel began

NO. 2:22-CV-01558-MJP
MOTION TO APPOINT CO-LEAD COUNSEL - 4

MASON LLP
5101 Wisconsin Avenue NW, Suite 305
Washington, DC 20016
Telephone: (202) 429-2290

investigating potential legal claims and remedies for the victims of the breach, including Plaintiffs. Those investigations included, among other things:

- Investigating the facts surrounding the data breach;
- Investigating Defendant's corporate structure;
- Investigating Defendant's client clinics;
- Interviewing numerous consumers injured by the data breach;
- Researching legal claims;
- Drafting initial pleadings;
- Investigating experts in the area of data security and damages; and
- Organizing Plaintiffs and counsel and consolidating the relevant actions for unified proceedings.

The facts Plaintiffs allege are egregious in terms of the information exposed and the scope of victims affected. Accordingly, Plaintiffs' counsel worked to quickly organize. Work assignments have been, and will continue to be, allocated fairly and in a manner that takes advantage of the strengths of each firm while eliminating any duplicity.

Proposed Interim Co-Lead Counsel operate as a cohesive, well-organized group. Going forward, and if appointed, Proposed Interim Class Counsel will establish a standardized protocol for managing and reporting time and expenses incurred to prosecute the case as efficiently as possible. Accordingly, the substantial work and investigation to date weigh in favor of appointing Proposed Interim Class Counsel under Fed. R. Civ. P. 23(g)(3), as Proposed Interim Co-Lead Counsel are organized, unified, and committed to working together for the best interests of the class.

**B. Proposed Interim Class Counsel Possess the Necessary Experience and Skill to Prosecute This Action.**

Proposed Interim Co-Lead Counsel possess the requisite experience and skill to prosecute this action efficiently and effectively. As set forth below, their résumés include extensive experience leading or helping to lead complex data-breach and privacy class actions, including most of the major data breach cases in the United States. They will formulate and present positions

NO. 2:22-CV-01558-MJP
MOTION TO APPOINT CO-LEAD COUNSEL - 5

MASON LLP
5101 Wisconsin Avenue NW, Suite 305
Washington, DC 20016
Telephone: (202) 429-2290

on substantive and procedural issues during the litigation. See Manual for Complex Litigation § 10.221 ("Typically [lead counsel] act for the group—either personally or by coordinating the efforts of others—in presenting written and oral arguments and suggestions to the court, working with opposing counsel in developing and implementing a litigation plan, initiating and organizing discovery requests and responses, conducting the principal examination of deponents, employing experts, arranging for support services, and seeing that schedules are met.").

Courts have found that proposed leadership's experience and service as lead counsel in prior cases is particularly persuasive. *See, e.g.*, *Adedipe*, 2014 WL 835174, at *2 (finding class-action and complex litigation leadership experience relevant for appointment).

Plaintiffs propose that the Court designate Gary E. Mason, Jean S. Martin, and Gary M. Klinger to be Interim Co-Lead Counsel. As demonstrated below, these attorneys have substantial class action and data breach experience and knowledge that will benefit the putative classes as this litigation proceeds.

### 1.  Gary E. Mason

Gary Mason has been prosecuting privacy cases since the early 2000s when he was the first attorney in legal history to successfully settle a privacy case on a class-wide basis against Google. Mason Dec. ¶ 6. Mr. Mason was an early advocate for victims of security breaches and privacy violations, starting with that first settlement arising from a Google data breach (*In re Google Buzz*), the Department of Veterans Affairs stolen laptop case, and continuing on more recently to his position as Liaison Counsel in *In re OPM Data Breach Litigation.*

Moreover, in the last three years alone, Mr. Mason and his firm have successfully litigated and obtained final approval of class action settlements in over two dozen data breach cases across the country. He achieved a substantial settlement with the Department of Veterans Affairs after the District Court for the District of Columbia rendered a seminal opinion on the federal Privacy Act and is currently serving as Liaison Counsel in a data breach case filed against the Office of Personnel Management. Mason Dec. ¶ 6; *In re U.S. Off. of Pers. Mgmt. Data Security Breach Litig.*, 266 F. Supp. 3d 1 (D.D.C. 2017) (preliminary approval of settlement granted June 2022). Mason Dec. ¶ 10. *E.g., In re: Ambry Genetics Data Breach Litigation,* No. 8:20-cv-00791 (C.D.

NO. 2:22-CV-01558-MJP
MOTION TO APPOINT CO-LEAD COUNSEL - 6

MASON LLP
5101 Wisconsin Avenue NW, Suite 305
Washington, DC 20016
Telephone: (202) 429-2290

Cal.) (court-appointed member Executive Committee; $12 million settlement); *Baksh v. Ivy Rehab Network, Inc.*, Case No. 7:20-cv-01845-CS (S.D.N.Y.) (appointed class counsel in a data breach settlement; final approval Feb. 2021); *Kenney et al. v. Centerstone of America, Inc.*, Case No. 3:20-cv-01007 (M.D. Tenn.) (data breach class settlement with over 63,000 class members; final approval on August 2021); *Klemm et al. v. Maryland Health Enterprises Inc.*, Case No. C-03-CV-20-022899 (Circuit Court for Baltimore County, Maryland) (appointed class counsel, final approval granted November 2021); *North et al. v. Hunt Memorial Hospital District*, Case No. 89642 (District Court for Hunt County, Texas) (data breach class action settlement; final approval granted Dec. 2021); *Cece et al. v. St. Mary's Health Care System, Inc. et al.*, Civil Action No. SU20CV0500 (Superior Court of Athens-Clarke County, Georgia) (data breach case involving 55,652 people; final approval granted April 2022); *Mowery et al. v. Saint Francis Healthcare System*, Case No. 1:20-cv-00013-SRC (E.D. Mo.) (Mr. Mason appointed class counsel; final approval granted Dec. 2020); *Bailey v. Grays Harbor County Public Hospital District et al.*, Case No. 20-2-00217-14 (Grays Harbor County Superior Court, State of Washington) (Mr. Mason was appointed class counsel in hospital data breach class action; final approval granted Sept. 2020).[1]

Mr. Mason and his firm have a long history of obtaining major verdicts and settlements in class actions, including product liability litigation, injuries caused by environmental pollutants, wage theft, and privacy matters, like the data breach matter that is before this Court. He and other attorneys with Mason LLP frequently lead, co-lead, or perform other leadership roles in class actions of national significance.

### 2. Jean S. Martin

Jean Martin has practiced for more than 20 years, concentrating her practice on complex litigation, including consumer protection and defective products class action. Ms. Martin presently serves by appointment as interim co-lead counsel in *Combs, et al. v. Warner Music Group*, Case No. 1:20- cv-07473-PGG (S.D.N.Y.), *In re Morgan Stanley Data Security Litigation*, 1:20-cv-05914 (S.D.N.Y.) (final approval granted for $68 million settlement for a 15

---

[1] Additional information regarding Mr. Mason and Mason LLP is set forth in the attached **Exhibit A.**

NO. 2:22-CV-01558-MJP
MOTION TO APPOINT CO-LEAD COUNSEL - 7

MASON LLP
5101 Wisconsin Avenue NW, Suite 305
Washington, DC 20016
Telephone: (202) 429-2290

million member class), and *In Re: Ambry Genetics Data Breach Litigation*, No. 20-cv-00791 (C.D. Cal.). She serves as a member of the Plaintiffs' Steering Committee for the cases in *In re: Allergan Biocell Textured Breast Implant Products Liability Litigation*, No. 19-md-2921 (D. N.J). She has served in leadership positions in many consumer class actions and consolidated proceedings in federal courts around the country, including inter alia: *Gordon, et al. v. Chipotle Mexican Grill, Inc.*, No. 17-cv-01415 (D. Colo.) (data breach) (co-lead counsel); *Torres v. Wendy's International, LLC*, No. 6:16- cv-210 (M.D. Fla.) (data breach) (class counsel); *Fuentes, et al. v. UniRush, LLC*, et al., No. 1:15- cv-08372 (S.D.N.Y.) (disruption in servicing of financial accounts) (co-lead counsel); and, *Lewis, et al., v. Green Dot Corp., et al.*, No. 2:16-cv-03557 (C.D. Cal.) (disruption in servicing of financial accounts) (class counsel). Ms. Martin has led consumer class actions in various federal courts, including: *In Re: Outer Banks Power Outage Litigation*, No. 4:17-cv-141 (E.D.N.C) (class counsel); and, *McCoy v. North State Aviation, LLC, et al.*, No. 17- cv-346 (M.D.N.C.) (class counsel).

In a case in which she serves as interim co-lead counsel, Ms. Martin argued a motion for class certification which resulted in the first order in the country granting Rule 23(b)(3) certification in a consumer payment card data breach. *In re Brinker Data Incident Litig.*, No. 3:18-CV-686-TJC-MCR, 2021 WL 1405508 (M.D. Fla. Apr. 14, 2021).

Morgan & Morgan is a leading civil trial law firm representing consumers nationwide with more than 800 lawyers and more than 2,000 non-lawyer employees. Ms. Martin is one of the three lead attorneys heading the class action department of Morgan & Morgan. The class action lawyers at Morgan & Morgan, including Ms. Martin, have been involved in some of the largest data breach cases to date including: *In re: Capital One Consumer Data Security Breach Litigation*, No. 1:19-MD-2915-AJT (E.D. Va.); *In re Yahoo! Inc. Customer Data Security Breach Litigation*, No. 5:16-MD-02752-LHK (N.D. Cal.); *In re The Home Depot, Inc. Consumer Data Sec. Data Breach Litig.*, No. 1:14-md-02583-TWT (N.D. Ga.); and, *In Re: Equifax, Inc. Customer Data Security Breach Litigation*, 1:17-md-2800-TWT (N.D. Ga.).[2]

---

[2] Additional information regarding Ms. Martin and the Class Action team at Morgan & Morgan is set forth in the attached **Exhibit B.**

NO. 2:22-CV-01558-MJP
MOTION TO APPOINT CO-LEAD COUNSEL - 8

MASON LLP
5101 Wisconsin Avenue NW, Suite 305
Washington, DC 20016
Telephone: (202) 429-2290

### 3. Gary M. Klinger

Mr. Klinger is a Partner at the international plaintiffs' class action firm Milberg Coleman Bryson Phillips Grossman, PLLC ("Milberg"). Since Milberg's founding in 1965, it has repeatedly taken the lead in landmark cases that have set groundbreaking legal precedents, prompted changes in corporate governance, and recovered over $50 billion in verdicts and settlements.[3] Milberg has been instrumental in obtaining precedent setting decisions at every level, including at the United States Supreme Court.[4] The firm pioneered federal class action litigation and is widely recognized as a leader in defending the rights of victims of corporate and other large-scale wrongdoing.

As a Partner at Milberg, Mr. Klinger has extensive experience serving as leadership in numerous privacy class actions, including data breaches, and other complex class actions. In fact, Mr. Klinger is one of the most well-known and respected data privacy attorneys in the United States. He is presently pursuing his Masters of Laws (LLM) in Data Privacy and Cybersecurity from the University of Southern California Gould School of Law. He has settled more than forty class actions involving privacy violations, the majority of which are data breaches, as lead or co-lead counsel. He is presently litigating more than one hundred class action cases across the country involving privacy violations. In the last two years alone, Mr. Klinger settled on a class-wide basis, preliminarily or finally, more than 25 privacy class actions, the majority of which were data breaches, where he served as lead or co-lead counsel. Mr. Klinger recently obtained final approval of a class-wide settlement valued at $17.6 million for a major data breach class action involving more than six million consumers. *See Carrera Aguallo v. Kemper Corp.*, Case No. 1:21-cv-01883 (N.D. Ill. Oct. 27, 2021) (Mr. Klinger and Ms. Martin as 2 of 3 court appointed co-lead counsel). In addition, Mr. Klinger recently reached a class-wide settlement for $11 million for a major data breach involving more than 4 million consumers. *See Heath v. Insurance Technologies Corp.*, No. 21-cv-01444 (N.D. Tex.). Mr. Klinger presently serves as one of two Court-appointed Lead Counsel in the data breach case *In re Canon U.S.A. Data Breach Litig.*,

---

[3] *See* https://milberg.com/outstanding-recoveries/.
[4] *See* https://milberg.com/precedent-setting-decisions/page/3/.

NO. 2:22-CV-01558-MJP

MOTION TO APPOINT CO-LEAD COUNSEL - 9

MASON LLP
5101 Wisconsin Avenue NW, Suite 305
Washington, DC 20016
Telephone: (202) 429-2290

No. 1:20-cv-06239-AMD-SJB (S.D.N.Y. filed Dec. 23, 2020). Mr. Klinger was also appointed Co-Lead Counsel in the data breach case of *In re: Herff Jones Data Breach Litigation*, Master File No. 1:21-cv-1329-TWP-DLP (S.D. Ind.), which involves approximately one million class members and has settled on a class-wide basis for $4.35 million. Mr. Klinger serves as co-lead counsel in the consolidated data breach litigation *In Re: CaptureRx Data Breach Litigation*, No. 5:21-cv-00523-OLG (W.D. Tex.), with more than 2.4 million class members and has settled on a class-wide basis for $4.75 million. Mr. Klinger also serves as appointed co-lead counsel to represent about 3 million class members in a major data breach class action in the Seventh Circuit. *See In re Arthur J. Gallagher Data Breach Litigation*, No. 1:21-cv-04056 (N.D. Ill.).

Simply put, Mr. Klinger and the attorneys at his law firm have substantial experience handling data security and data privacy cases like this one, including some of the largest data privacy litigation in the United States. *See, e.g., Baksh v. Ivy Rehab Network, Inc.*, No. 7:20-cv-01845-CS (S.D.N.Y. Jan. 27, 2021) (Class Counsel in a data breach settlement involving 125,000 individuals; value of $12.8 million; final approval granted); *Mowery v. Saint Francis Healthcare Sys.*, No. 1:20-cv-00013-SRC (E.D. Mo. Dec. 22, 2020) (appointed Class Counsel; settlement value of over $13 million); *Jackson-Battle v. Navicent Health, Inc.*, No. 2020-CV-072287 (Ga. Super. Ct. Bibb Cnty.) (Class Counsel in data breach case involving 360,000 patients; valued at $72 million); *Chatelain v. C, L & W PLLC*, No. 50742-A (Tex. 42d Dist. Ct. Taylor Cnty. filed Apr. 28, 2020) (appointed Class Counsel; settlement valued at over $7 million).[5]

Mr. Klinger has also successfully litigated privacy class actions through class certification. In *Karpilovsky v. All Web Leads, Inc.*, No. 17 C 1307, 2018 WL 3108884, at *1 (N.D. Ill. June 25, 2018), Mr. Klinger certified, over objection, a nationwide privacy class action involving more than one million class members. *Id*. In a recent nationwide privacy class settlement hearing in the U.S. District Court for the Northern District of California, Judge Richard Seeborg personally commended Mr. Klinger for "quite a substantial recovery for class members." Judge Seeborg further stated he could not recall any class action case where "the amounts going to each class member were as substantial" as that obtained by Mr. Klinger and his co-counsel.

---

[5] Additional information regarding Mr. Klinger and his firm is set forth in attached **Exhibit C**.

NO. 2:22-CV-01558-MJP
MOTION TO APPOINT CO-LEAD COUNSEL - 10

MASON LLP
5101 Wisconsin Avenue NW, Suite 305
Washington, DC 20016
Telephone: (202) 429-2290

**C. Proposed Interim Class Counsel Have and Will Continue to Commit the Resources Necessary to Fairly and Adequately Represent the Class.**

A court appointing interim class counsel should consider, in part, the resources that counsel will commit to representing the putative class. Fed. R. Civ. P. 23(g)(1)(C). Here, Proposed Interim Class Counsel can, as needed, draw upon the skills and talents of experienced attorneys and staff members located across the country. Each attorney understands the time, energy, and skill necessary to lead this litigation and all have committed the resources required to ensure the effective and efficient representation of the Class members. In fact, Proposed Interim Class Counsel have already demonstrated their commitment to this litigation by devoting substantial resources to this litigation and coordinating among themselves to file this leadership proposal. They are also expected to pay assessments when necessary to ensure that adequate funds are available to prosecute this litigation. And, as their firm résumés and counsels' experience indicate, Proposed Interim Class Counsel have the resources to see this litigation through to its conclusion, including trial. **Exs. A-C**.

**D.     Other Factors Support Designating Proposed Interim Class Counsel.**

Notably, the proposed leadership structure has the support of Plaintiffs and the law firms involved in the litigation related to this Data Breach and this factor supports their appointment. *See In re Aluminum Phosphide Antitrust Litig.*, No. 93-2452, 1994 WL 481847, at *5, 7 (D. Kan. May 17, 1994) ("In designating lead counsel, the court will also give due consideration to the preferences expressed by the parties themselves, through their counsel." "Absent persuasive evidence to the contrary, the court assumes that nominations and votes for lead counsel are made in good faith for reasons that benefit the client."); *see also In re Wendy's Co. S'holder Derivative Litig.*, No. 1:16-cv-1153, 2018 WL 6605394 at *2 (S.D. Ohio Dec. 17, 2018) (quoting *Kubiak v. Barbas*, No. 3:11-cv-141, 2011 WL 2443715, at *2 (S.D. Ohio June 14, 2011) ("[C]ounsel's ability to make inclusive efforts on behalf of all plaintiffs is an 'essential attribute' for lead counsel.")); *Moehrl v. Nat'l Ass'n of Realtors*, No. 19-cv-01610, 2020 U.S. Dist. LEXIS 164895, at *10 (N.D. Ill. May 30, 2020) ("And all Plaintiffs in this action have consented to the proposed leadership structure."); *Manual for Complex Litigation* §§ 10.22 (noting desirability

NO. 2:22-CV-01558-MJP

MOTION TO APPOINT CO-LEAD COUNSEL - 11

MASON LLP
5101 Wisconsin Avenue NW, Suite 305
Washington, DC 20016
Telephone: (202) 429-2290

of "the attorneys coordinat[ing] their activities without the court's assistance"), 10.272 (describing "private ordering" approach).

Indeed, after their cases were filed, Proposed Interim Class Counsel moved quickly to coordinate the proposed leadership structure to avoid any delay attendant with potential multi-district litigation proceedings due to the egregious nature of Defendant's alleged unlawful conduct and likelihood of imminent further harms to Plaintiffs and the class members. Proposed Interim Class Counsel seek this leadership structure to best serve the interests of the classes in the most efficient manner possible.

Proposed Interim Class Counsel and the attorneys at their respective law firms also reflect the diversity of the bar and the class they seek to represent—from the standpoint of age, gender, experience, and geographic location. *See* Bolch Judicial Institute, Duke Law School, *Guidelines and Best Practices for Large and Mass-Tort MDLs* at 38, 45-46 (2d ed. 2018), *available at* https://judicialstudies.duke.edu/wp-content/uploads/2018/09/MDL-2nd-Edition-2018-For-Posting.pdf ("Duke Guidelines") ("The judge's primary responsibility in the selection process is to ensure that the lawyers appointed to leadership positions are capable and experienced and that they will responsibly and fairly represent all plaintiffs, keeping in mind the benefits of diversity of experience, skills, and backgrounds.").

Another important consideration in selecting leadership is the ability to work well as a team, with opposing counsel, and with the Court. The role of leadership in complex litigation places a premium on professionalism, cooperation, courtesy, and acceptance of the obligations owed as officers of the Court, all of which are critical to successful management of the litigation. *See Manual for Complex Litigation* § 10.21. One of the demanding aspects of complex litigation is "the difficult[y] of having to communicate and establish effective working relationships with numerous attorneys (many of whom may be strangers to each other)." *Id*. Plaintiffs' counsel of consolidated litigation must effectively merge together to form an alliance against often well-financed opponents. The potential for disorganization, in-fighting, and inefficiencies means it is useful to consider whether counsel applying for leadership "have worked together in other cases, their ability to collaborate in the past, divide work, avoid duplication, and manage costs." Duke

NO. 2:22-CV-01558-MJP
MOTION TO APPOINT CO-LEAD COUNSEL - 12

MASON LLP
5101 Wisconsin Avenue NW, Suite 305
Washington, DC 20016
Telephone: (202) 429-2290

Guidelines, *supra*, at 43. They have developed working relationships, know of complementary talents, and have "developed certain systems for handling workflow and comparative advantages that will help expedite the case relative to a leadership committee working together for the first time." *Id.* Counsel from Mason LLP, Morgan & Morgan Complex Litigation Group and Milberg are currently working together on several major data breach class actions, including *Farley v. Eye Care Leaders*, 22-cv-468 (M.D.N.C.) (Mason, Martin, and Klinger court-appointed co-lead counsel). Proposed Interim Co-Lead Counsel are well suited to jointly prosecute this action because Proposed Interim Co-Lead Counsel are able to work cooperatively and with other counsel.

Importantly, Proposed Interim Co-Lead Counsel have not made any agreements with each other with respect to funding, cost-sharing, pooling clients, fees, or any other matter. Each will be required to make contributions to fund the litigation, and they will not accept any third-party litigation funding to do so.

While Proposed Interim Co-Lead Counsel intend to litigate the case zealously, they are fully aware of the Court's expectation that they prosecute the case efficiently and without duplication. Accordingly, they have already discussed how best to organize to effectively use their members' diverse skills and unique experiences for the case's prosecution and management, while avoiding unnecessary and duplicative billing. If appointed, Proposed Interim Co-Lead Counsel will establish a protocol for time and expense reporting to monitor and manage the efficient prosecution of this action.

**VI.     CONCLUSION**

For all these reasons, Plaintiffs respectfully request that this Court appoint Gary E. Mason, Jean S. Martin, and Gary M. Klinger as Proposed Interim Co-Lead Counsel.

DATED this 10th day of November 2022.        Respectfully submitted,

**MASON LLP**

By: */s/ Gary E. Mason*

NO. 2:22-CV-01558-MJP
MOTION TO APPOINT CO-LEAD COUNSEL - 13

MASON LLP
5101 Wisconsin Avenue NW, Suite 305
Washington, DC 20016
Telephone: (202) 429-2290

Gary E. Mason (*admitted pro hac vice*)
Danielle L. Perry (*admitted pro hac vice*)
Lisa A. White (*admitted pro hac vice*)
**MASON LLP**
5101 Wisconsin Avenue NW, Suite 305
Washington, DC 20016
Telephone: 202.429.2290
Facsimile: 202.429.2294
gmason@masonllp.com
dperry@masonllp.com
lwhite@masonllp.com

*Attorneys for Plaintiff Guy*


By: /s/ *Michael C. Subit*
Michael C. Subit, WSBA #29189
**FRANK FREED SUBIT & THOMAS LLP**
705 Second Avenue, Suite 1200
Seattle, WA 98104
Telephone: 206.624.6711
msubit@frankfreed.com

*Local Counsel for Plaintiff Guy*


**TERRELL MARSHALL**
**LAW GROUP PLLC**
Beth E. Terrell, WSBA #26759
Email: bterrell@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
Jean S. Martin**
Email: jeanmartin@ForThePeople.com
Francesca Kester**
Email: fkester@ForThePeople.com
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 559-4908

NO. 2:22-CV-01558-MJP
MOTION TO APPOINT CO-LEAD COUNSEL - 14

MASON LLP
5101 Wisconsin Avenue NW, Suite 305
Washington, DC 20016
Telephone: (202) 429-2290

*Attorneys for Plaintiff Tanner*

Gary M. Klinger**
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Telephone: (202) 429-2290
gklinger@milberg.com

Bryan L. Bleichner**
Philip Krzeski**
**CHESTNUT CAMBRONNE PA**
100 Washington Avenue South, Suite 1700
Minneapolis, MN 55401
Phone: (612) 339-7300
Fax: (612) 336-2940
bbleichner@chestnutcambronne.com

Jason T. Dennett, WSBA #30686
**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, WA 98101-3147
Tel: (206) 682-5600
Fax: (206) 682-2992
*jdennett@tousley.com*

*Attorneys for Plaintiff Granado*

NO. 2:22-CV-01558-MJP
MOTION TO APPOINT CO-LEAD COUNSEL - 15

MASON LLP
5101 Wisconsin Avenue NW, Suite 305
Washington, DC 20016
Telephone: (202) 429-2290

**CERTIFICATE OF SERVICE**

I hereby certify that on November 10, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel/parties of record. I hereby certify that no other parties are to receive notice.

DATED at Washington, D.C. on this 10th day of November 2022.

By: /s/ *Gary E. Mason*
Gary E. Mason (*admitted pro hac vice*)

NO. 2:22-CV-01558-MJP
MOTION TO APPOINT CO-LEAD COUNSEL - 16

MASON LLP
5101 Wisconsin Avenue NW, Suite 305
Washington, DC 20016
Telephone: (202) 429-2290