The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Leo Guy, Ryan Tanner, Magaly Granados, Kerry Lamons, Tammy Rano, Vicki Will, and Jennifer White, individually and on behalf all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CONVERGENT OUTSOURCING, INC.,<br><br>Defendant. | Case No. 2:22-cv-01558-MJP<br><br>**JOINT RULE 26(f) REPORT** |

Plaintiffs Leo Guy, Ryan Tanner, Magaly Granados, Kerry Lamons, Tammy Rano, Vicki Will, and Jennifer White ("Plaintiffs") and Defendant Convergent Outsourcing, Inc. ("Defendant"), by and through counsel, respectfully submit this Joint Rule 26(f) Report and Discovery Plan. Pursuant to Fed R. Civ. P. 26(f), the parties held a telephone conference on February 21, 2023.

**I.   STATEMENT OF THE NATURE AND COMPLEXITY OF THE CASE**

**Plaintiffs' Statement:** Plaintiffs' claims arise out of a recent, targeted cyber-attack that allowed a third party to gain unauthorized access to Convergent's computer systems housing

JOINT STATUS REPORT AND DISCOVERY PLAN - 1
Case No. 2:22-cv-01558-MJP

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

sensitive consumer data of 640,906 individuals. Convergent is a third-party debt collection company that serves the telecommunication, utility, banking, cable company, and financial service industries by offering consumer debt collection. In the course of its business, Convergent holds and stores certain highly sensitive personally identifiable information ("PII" or "Private Information") of the Plaintiffs and the putative Class Members, who are customers of companies for which Convergent provides debt collection services. The Private Information including, *inter alia*, consumer names, addresses, email addresses, Social Security numbers, phone numbers, employers' information, account numbers, and bank account or payment card information ("Private Information"). Plaintiffs allege the following causes of action against Defendant related to its data security practices and the cyber-attack: negligence; breach of implied contract; breach of confidence, invasion of privacy, unjust enrichment; declaratory judgment; violation of the Washington State Consumer Protection Act; violation of the Washington Data Breach Disclosure Law; violation of the California Consumer Privacy Act; California Unfair Competition Law; and California invasion of privacy.

**Defendant's Statement:** Defendant denies all claims against it and asserts that it took reasonable security measures to protect the data at issue in this litigation. This litigation arises from a June 2022 criminal ransomware attack on certain of Convergent's systems in which a subsequent thorough investigation could not confirm that any Plaintiffs' personal information actually was viewed by anyone. Named Plaintiffs are eight recipients of Convergent's notice letter that alerted them to the incident and advised that the following information *may have been* impacted: names, contact information, financial account numbers and social security numbers. Plaintiffs' allegations are merely that because an incident occurred, Defendant must have violated the law. But that is not the standard for any of Plaintiffs' causes of action. Notably, Plaintiffs have not alleged that they have suffered any actual injury to support the elements of each of their claims, as Plaintiffs' allegations are predominantly based on a non-compensable increased risk

JOINT STATUS REPORT AND DISCOVERY PLAN - 2
Case No. 2:22-cv-01558-MJP

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

of potential future harm.  Defendant will be filing a motion to dismiss to address these and other fatal flaws in Plaintiffs' argument, which should be granted.

## II. PROPOSED DEADLINE FOR JOINING ADDITIONAL PARTIES

The parties believe a reasonable deadline for joining additional parties is <u>March 21, 2023</u>.

## III. CONSENT TO MAGISTRATE

The parties **do not** consent to the transfer of this case to a Magistrate Judge.

## IV. PROPOSED DISCOVERY PLAN

**A.    Initial Disclosures:** The parties served initial disclosures on March 2, 2023.

**B.    Subjects, timing, and potential phasing of discovery:**

The parties do not believe that discovery should be phased. However, the parties have agreed to explore early resolution of this matter. To this end, the parties have selected a mediator and have scheduled mediation to occur on May 11, 2023. So that the parties may engage in meaningful and informed negotiations, the parties have discussed the exchange of limited and directed pre-mediation discovery. The parties respectfully request that the Court delay the start of the formal discovery period until June 1, 2023 to allow the parties to focus their time and resources on this scheduled mediation. The parties will report to the Court on the outcome of mediation by May 31, 2023.

The parties do believe that good cause exists for an extended discovery period and case schedule, as this proposed class action may involve the production of significant volumes of documents, negotiations between the parties over discovery scope, and depositions of multiple witnesses. This case will involve highly technical fact and expert discovery, particularly with regard to cybersecurity and damages issues.

The parties proposed discovery plan and case schedule is:

JOINT STATUS REPORT AND DISCOVERY PLAN - 3
Case No. 2:22-cv-01558-MJP

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

| Event | Date |
|---|---|
| Deadline for joining additional parties | 3/21/2023 |
| Mediation | 5/11/2023 |
| Mediation Report to Court | 5/31/2023 |
| Discovery Begins | 6/01/2023 |
| Deadline for amending pleadings | 8/10/2023 |
| Deadline to file class certification motion and disclose expert(s) and report pursuant to FRCP 26(a)(2) in support of motion for class certification | 10/30/2023 |
| Deadline by which Plaintiffs must make class cert experts available for deposition | 11/30/2023 |
| Deadline to file opposition to class certification motion and disclose expert and report pursuant to FRCP 26(a)(2) in opposition to class certification motion. | 1/15/2024 |
| Deadline by which COI must make class cert experts available for deposition | 2/15/2024 |
| Deadline to file reply in support of class certification motion; no rebuttal report absent court permission. | 3/15/2024 |
| Disclosure of expert testimony under FRCP 26(a)(2) for non-class certification related experts. | 4/8/2024 |
| All motions related to discovery must be filed by (see LCR 7(d)) | 5/23/2024 |
| Discovery completed | 6/23/2024 |
| All dispositive motions and motions challenging expert witness testimony must be filed by (see LCR 7(d)) | 7/8/2024 |
| Settlement conference | 7/23/2024 |
| All motions in limine must be filed by this date. All motions in limine shall be filed as one motion. | 8/6/2024 |
| Agreed pretrial order | 8/30/2024 |
| Deposition designations must be submitted in hardcopy to the court (not filed on CM/ECF) by: (see LCR 32(e)) | 8/30/2024 |
| Pretrial conference | 9/9/2024 |
| Trial briefs, proposed voir dire, jury instructions | 9/16/2024 |
| JURY TRIAL DATE | 9/23/2024 |

C.   **Electronically stored information:**

This litigation will involve electronically stored information to be produced by all parties, and potentially third parties. In addition to the typical discovery of electronically stored

JOINT STATUS REPORT AND DISCOVERY PLAN - 4
Case No. 2:22-cv-01558-MJP

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

information such as emails and word processing documents, discovery of electronically stored information in this matter will also include, among other things, the sensitive Private Information that is collected and stored by Convergent, Defendant's collection and storage methods for the Private Information, access logs, and documents related to Defendant's network and data systems.

### D.     Privilege issues:

There may be unique privilege issues in this case related to the investigation conducted by Defendant with regard to the data security incident. The parties will make claims of privilege or of protection of trial preparation materials at the time of production, which will be accompanied by a privilege log. The parties agree to comply with Fed. R. Civ. Evid. 502 regarding the inadvertent disclosure of privileged information.

### E.     Limitations on discovery:

The parties do not currently propose any modification to the discovery limitations contained in the Federal and Local Rules, but reserve all rights to request modifications as necessary.

### F.     Discovery related orders:

The parties are negotiating a protective order and ESI Protocol to govern discovery in this matter and are using the model orders as guidance. Otherwise, the parties do not anticipate any additional discovery related orders, but reserve all rights to request modifications as necessary.

## V.     LOCAL CIVIL RULE 26(1)

### A.     Prompt case resolution:

As discussed in Section IV.B, the parties have discussed the potential for early resolution of this matter. After some discussion, the parties have agreed to a mediator and have scheduled mediation in May.

JOINT STATUS REPORT AND DISCOVERY PLAN - 5
Case No. 2:22-cv-01558-MJP

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

The parties believe that one or both may file summary judgment motions on issues of law.

**B.  Alternative dispute resolution:**

The parties believe private mediation is an appropriate method of ADR for this case and may be appropriate to the extent matters cannot be resolved on summary judgment.

**C.  Related cases:**

The parties are aware of the following related cases against Defendant that arose from from the Data Breach at issue here but that have not been transferred to this Court:

- *Cortez v. Convergent Outsourcing, Inc.*, No. 1:23-cv-00317-ADA-CDB (E.D. Cal.) (putative class action).
- *Jimenez v. Convergent Outsourcing, Inc.*, No. 37-2022-00051969-CL-NP-CTL (San Diego Cnty. Super. Ct.) (individual action).

**D.  Discovery management:**

The parties agree to exchange discovery electronically when possible to minimize expense.  The parties agree to accept service of discovery via email service to all counsel of record.  The parties agree that all discovery exchanged will be bates numbered by the producing parties and produced in accordance with a negotiated ESI Protocol.

**E.  Anticipated discovery sought:**

Plaintiffs anticipate taking discovery on the following topics:

- Convergent's technical and administrative cybersecurity controls;
- Convergent's discovery of and response to the data breach;
- The nature, cause, and extent of the Data Breach;
- The specific data points of the Private Information, the number of individuals who potentially had their Private Information compromised as a result of the Data Breach, the specific Private Information associated with each such individual, and how Convergent made the determination regarding the foregoing;

JOINT STATUS REPORT AND DISCOVERY PLAN - 6
Case No. 2:22-cv-01558-MJP

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

- Convergent's post-breach investigation and remediation;
- Plaintiffs' and class members' injuries as a result of the Data Breach; and
- Plaintiffs' damages theories.

Defendant anticipates taking discovery on the following topics:

- Other incidents where Plaintiffs' data may have been disclosed to third parties;
- Plaintiffs' alleged injuries and whether those alleged injuries were caused by the data incident at issue in this litigation or by any other incident;
- Plaintiffs' damages theories;
- Plaintiffs' technical and damages experts; and
- Other topics depending on what is disclosed in discovery.

**F.     Phasing of motions:**

This case will involve a motion for class certification prior to the close of discovery. Otherwise, the parties do not anticipate phasing of motions at this time, but dispositive motions concerning one or more issues may be filed at different stages of the litigation if it appears it will streamline or simplify the issues for trial.

**G.     Preservation of discoverable information:**

The parties do not anticipate any issues regarding the preservation of discoverable information.

**H.     Privilege Issues.**

None. See Section IV.D.

**I.     Model Protocol for discovery of ESI:**

The parties expect to negotiate a protocol to govern discovery of ESI that will be based on the model protocol for this District, as modified to the needs of this case. The parties expect they will be able to complete the negotiations without judicial intervention. The parties either will submit a joint proposed ESI protocol or request a conference with the Court to address any lingering discovery issues within 14 days of the Court adopting this discovery plan.

JOINT STATUS REPORT AND DISCOVERY PLAN - 7
Case No. 2:22-cv-01558-MJP

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

      **J.**      **Alternatives for Model Protocol:**

The parties are using the Model ESI Agreement as guidance in negotiating a protocol to address technical issues concerning the production of documents and ESI. The parties expect they will be able to complete the negotiations without judicial intervention. The parties either will submit a joint proposed ESI protocol or request a conference with the Court to address any lingering discovery issues within 14 days of the Court adopting this discovery plan.

      **K.**      **Class Certification**

This case will involve a motion for class certification pursuant to Fed. R. Civ. P. 23. The Parties have included deadlines related to the motion for class certification in the proposed case schedule.

## VI. DISCOVERY COMPLETION DATE

The parties believe they can reasonably complete fact discovery <u>roughly one year from the date discovery begins</u> as discussed Section IV.B. The proposed date of the end of fact discovery is <u>June 23, 2024</u>.

## VII. BIFURCATION

The parties do not anticipate the need for bifurcation at this time, but reserve the right the request modifications if needed.

## VIII. PRETRIAL STATEMENTS AND PRETRIAL ORDER

The parties anticipate filing pretrial statements and requesting a pretrial order.

## IX. SUGGESTIONS FOR SHORTENING OR SIMPLIFYING CASE

The parties have no suggestions for shortening or simplifying this case.

## X. TRIAL DATE

The parties anticipate this case being ready for trial by September 23, 2024, depending upon the ruling on the motion for class certification and the ruling on any dispositive motions.

JOINT STATUS REPORT AND DISCOVERY PLAN - 8
Case No. 2:22-cv-01558-MJP

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

**XI.  JURY TRIAL**

If necessary, the trial will be by jury.

**XII.  LENGTH OF TRIAL**

The parties anticipate 7-10 days for trial.

**XIII.  ADDRESSES OF COUNSEL**

See below.

**XIV.  TRIAL COUNSEL COMPLICATIONS**

None.

**XV.  SERVICE OF COMPLAINT**

Defendants have accepted service of the Complaints.

**XVI.  SCHEDULING CONFERENCE**

The parties do not see any need for a scheduling conference at this time.

**XVII.  DATES ON WHICH CORPORATE DISCLOSURES FILED**

Plaintiffs are individuals and are not required to file a corporate disclosure statement.

Defendants filed their corporate disclosure statement on November 23, 2022.

DATED this 10th day of March 2023.

Respectfully submitted,

**TOUSLEY BRAIN STEPHENS PLLC**

By: /s/*Cecily C. Jordan*
Jason T. Dennett, WSBA #30686
Cecily C. Jordan, WSBA #50061
1200 Fifth Avenue, Suite 1700
Seattle, WA 98101-3147
Tel: (206) 682-5600
Fax: (206) 682-2992
jdennett@tousley.com
cjordan@tousley.com

**MASON LLP**

By: /s/*Gary E. Mason*
Gary E. Mason (*admitted pro hac vice*)
Danielle L. Perry (*admitted pro hac vice*)

JOINT STATUS REPORT AND DISCOVERY PLAN - 9
Case No. 2:22-cv-01558-MJP

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Lisa A. White (*admitted pro hac vice*)
5101 Wisconsin Avenue NW, Suite 305
Washington, DC 20016
Telephone: 202.429.2290
Facsimile: 202.429.2294
gmason@masonllp.com
dperry@masonllp.com
lwhite@masonllp.com

**MORGAN & MORGAN
COMPLEX LITIGATION GROUP**

By: /s/*Jean S. Martin*
Jean S. Martin**
Francesca Kester**
Email: jeanmartin@ForThePeople.com
Email: fkester@ForThePeople.com
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 559-4908

**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**

By: /s/*Gary M. Klinger*
Gary M. Klinger**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Telephone: (202) 429-2290
gklinger@milberg.com

*Attorneys for Plaintiffs*


**BAKER & HOSTETLER LLP**

s/*James R. Morrison*
James R. Morrison, WSBA No. 43043
Baker & Hostetler LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4040
Phone: (206) 332-1380
E-mail: jmorrison@bakerlaw.com

Bethany G. Lukitsch (*pro hac vice*)
Baker & Hostetler LLP
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509

JOINT STATUS REPORT AND DISCOVERY PLAN - 10
Case No. 2:22-cv-01558-MJP

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

| | |
|---|---|
| 1 | Phone: (310) 820-8800 |
| | Email: blukitsch@bakerlaw.com |
| 2 | |
| | Melissa M. Bilancini (*pro hac vice*) |
| 3 | Baker & Hostetler LLP |
| | 127 Public Square, Suite 2000 |
| 4 | Cleveland, OH 44114-1214 |
| | Phone: (216) 621-0200 |
| 5 | Email: mbilancini@bakerlaw.com |
| 6 | |
| | *Attorneys for Defendant* |
| 7 | *Convergent Outsourcing, Inc.* |

JOINT STATUS REPORT AND DISCOVERY PLAN - 11
Case No. 2:22-cv-01558-MJP

Tousley Brain Stephens PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992