1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

THE HONORABLE MARSHA J. PECHMAN

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

Leo Guy, Ryan Tanner, Magaly Granados, Kerry Lamons, Tammy Rano, Vicki Will, and Jennifer White, individually and on behalf all others similarly situated,

      Plaintiffs,

      v.

CONVERGENT OUTSOURCING, INC.,

      Defendant.

Case No. 2:22-cv-01558-MJP

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................. ii

TABLE OF AUTHORITIES ..................................................................................... iii

INTRODUCTION ..................................................................................................... 1

STATEMENT OF FACTS ......................................................................................... 1

LAW AND ARGUMENT .......................................................................................... 2

I.    PLAINTIFFS ALLEGE COGNIZABLE INJURIES ........................................ 2

    A.  Plaintiffs' Injuries Are Sufficiently Stated. ........................................... 3

    B.  Plaintiff Tanner's Allegations. ............................................................... 4

II.   PLAINTIFFS ALLEGE THE ELEMENTS FOR EACH CLAIM ................... 4

    A.  Plaintiffs State a Claim for Negligence. ................................................. 4

        1.  Plaintiffs allege a legal duty of care. ............................................... 4

        2.  Plaintiffs sufficiently pled causation. ............................................. 9

    B.  Plaintiffs Sufficiently Plead Breach of Implied Contract. ..................... 11

    C.  Plaintiffs State a Claim for Breach of Duty of Confidence. ................... 12

    D.  Plaintiffs State a Claim for Invasion of Privacy. ................................... 13

    E.  Plaintiffs State a Claim for Unjust Enrichment. .................................... 14

    F.  Plaintiffs State a Claim for Declaratory Relief. .................................... 15

    G.  Plaintiffs' Claim under the Washington CPA Is Sufficient. .................. 16

    H.  Plaintiffs Allege Violations of Washington Data Breach Law. .............. 17

    I.  California Plaintiff Is Entitled to Statutory Damages under California Consumer Privacy Act. .......................................................................... 18

    J.  California Plaintiff Has Standing for the UCL's Unfair Prong. ............. 20

    K.  California Plaintiff's Invasion of Privacy Claim Is Properly Pleaded. ... 22

CONCLUSION .......................................................................................................... 23

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Adobe Sys., Inc. Priv. Litig.*,
  66 F. Supp. 3d 1197 (N.D. Cal. 2014) ...................................................................... 3

*In re Ambry Genetics Data Breach Litig.*,
  567 F. Supp. 3d 1130 (C.D. Cal. 2021) ............................................................. 11, 22

*In re Anthem, Inc. Data Breach Litig.*,
  162 F. Supp. 3d 953 (N.D. Cal. 2016) .................................................................. 9, 10

*In re Anthem, Inc. Data Breach Litig.*,
  No. 15-md-02617-LHK, 2016 WL 3029783 (N.D. Cal. May 27, 2016) ...................... 3

*In re Arby's Rest. Grp. Inc. Litig.*,
  No. 1:17-cv-0514-AT, 2018 WL 2128441 (N.D. Ga. Mar. 5, 2018) ........................ 15

*In re Arthur J. Gallagher Data Breach Litig.*,
  No. 22-cv-137, 2022 WL 4535092 (N.D. Ill. Sept. 28, 2022) ................................. 17

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................ 2

*Boeing Co. v. Sierracin Corp.*,
  108 Wn.2d 38, 738 P.2d 665 (1987) ...................................................................... 12

*Brown v. Google LLC*,
  No. 20-CV-03664-LHK, 2021 WL 6064009 (N.D. Cal. Dec. 22, 2021) .................... 20

*Broyles v. Convergent Outsourcing, Inc.*,
  C16-775-RAJ, 2017 WL 2256773 (W.D. Wash. May 23, 2017) .......................... 16

*Buckley v. Santander Consumer USA, Inc.*,
  No. C17-5813-BHS, 2018 WL 1532671 (W.D. Wash. Mar. 29, 2018) ............ 7, 8, 16

*In re Capital One Consumer Data Sec. Breach Litig.*,
  488 F. Supp. 3d 374 (E.D. Va. 2020) ........................................................ 8, 13, 15, 16

*Castillo v. Seagate Tech., LLC*,
  No. 16-cv-01958-RS, 2016 WL 9280242 (N.D. Cal. Sept. 14, 2016) ..................... 11

*Charlie v. Rehoboth McKinley Christian Health Care Servs.*,
  No. CV 21-652 SCY/KK, 2022 WL 1078553 (D.N.M. Apr. 11, 2022) .................... 19

Case No. 2:22-cv-01558-MJP
PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS - iii

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

*Corbett v. PharmaCare U.S., Inc.*,
    567 F. Supp. 3d 1172 (S.D. Cal. 2021).................................................................................. 19

*Dieffenbach v. Barnes & Noble, Inc.*,
    887 F.3d 826 (7th Cir. 2018) ....................................................................................................3

*Dittman v. UPMC*,
    196 A.3d 1036 (Pa. 2018) .........................................................................................................6

*Doe v. Beard*,
    63 F. Supp. 3d 1159 (C.D. Cal. 2014) .................................................................................. 22

*Downey Surgical Clinic, Inc. v. Ingenix, Inc.*,
    No. CV 09-5457 PSG, 2014 WL 12558848 (C.D. Cal. May 30, 2014) .............................. 21

*Emeson v. Dep't of Corr.*,
    194 Wn. App. 617, 376 P.3d 430 (2016) .............................................................................. 13

*In re Equifax, Inc., Customer Data Sec. Breach Litig.*,
    362 F. Supp. 3d 1295 (N.D. Ga. 2019) ....................................................................................8

*In re Experian Data Breach Litig.*,
    No. SACV151592AGDFMX, 2016 WL 7973595 (C.D. Cal. Dec. 29, 2016) .......................3

*Feins v. Goldwater Bank NA*,
    No. CV-22-00932-PHX-JJT, 2022 WL 17552440 (D. Ariz. Dec. 9, 2022) ....................... 10

*Fernandez v. Progressive Mgmt. Sys.*,
    No. 321CV00841BENWVG, 2022 WL 2541272 (S.D. Cal. July 7, 2022) ......................... 21

*In re Fitness Holdings Int'l, Inc.*,
    714 F.3d 1141 (9th Cir. 2013) ...................................................................................................2

*In re Flonase Antitrust Litig.*,
    692 F. Supp. 2d 524 (E.D. Pa. 2010) .................................................................................... 14

*FTC v. Wyndham Worldwide Corp.*,
    799 F.3d 236 (3d Cir. 2015)......................................................................................................7

*Galaria v. Nationwide Mut. Ins. Co.*,
    663 F. App'x 384 (6th Cir. 2016) .............................................................................................9

*Griffey v. Magellan Health Inc.*,
    No. CV-20-01282-PHX-MTL, 2022 WL 1811165 (D. Ariz. June 2, 2022) ....................... 19

*Grinenko v. Olympic Panel Prod.*,
    No. C07-5402BHS, 2008 WL 5204743 (W.D. Wash. Dec. 11, 2008)................................ 13

Case No. 2:22-cv-01558-MJP
PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS - iv

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 ● FAX 206.682.2992

*In re HomeAdvisor, Inc. Litig.*,
    491 F. Supp. 3d 879 (D. Colo. 2020) ................................................................. 14

*Hutchins v. 1001 Fourth Ave. Assoc.*,
    116 Wn.2d 217, 802 P.2d 1360 (1991) .................................................................. 8

*Huynh v. Quora, Inc.*,
    No. 18-cv-07597, 2019 WL 11502875 (N.D. Cal. Dec. 19, 2019) ........................ 9

*Inga v. Bellacor.com, Inc.*,
    No. 219CV10406MWFMRW, 2020 WL 5769080 (C.D. Cal. July 17, 2020) .................... 21

*Kirsten v. California Pizza Kitchen, Inc.*,
    No. 2:21-CV-09578-DOC-KES, 2022 WL 16894503 (C.D. Cal. July 29,
    2022), *reconsideration denied*, 2022 WL 16894880 (C.D. Cal. Sept. 8, 2022) ....... 11, 19, 23

*Klein v. Facebook, Inc.*,
    580 F. Supp. 3d 743 (N.D. Cal. 2022) .............................................................. 3, 21

*Krottner v. Starbucks Corp.*,
    406 F. App'x 129 (9th Cir. 2010) ........................................................................ 12

*Kwikset Corp. v. Superior Ct.*,
    51 Cal. 4th 310 (2011) ........................................................................................ 20

*In re LabMD Inc.*,
    2016 WL 4128215 (F.T.C. July 29, 2016) ............................................................ 7

*In re LinkedIn User Privacy Litig.*,
    No. 5:12–CV–03088–EJD, 2014 WL 1323713 (N.D. Cal. Mar. 28, 2014) ......................... 20

*In re Marriot Int'l Inc., Customer Data Sec. Breach Litig.*,
    440 F. Supp. 3d 447 (D. Md. 2020) ........................................................ 3, 4, 8, 11, 21

*Modumetal, Inc. v. Xtalic Corp.*,
    2018 WL 3120836, 4 Wn. App. 2d 1029 (2018) (unpublished) ........................... 12

*Morgan v. AT&T Wireless Servs., Inc.*,
    177 Cal. App. 4th 1235 (2009) ...................................................................... 18, 19

*Norcon Builders, LLC v. GMP Homes VG, LLC*,
    161 Wn. App. 474, 254 P.3d 835 (2011) ........................................................... 14

*Opris v. Sincera Reprod. Med.*,
    No. CV 21-3072, 2022 WL 1639417 (E.D. Pa. May 24, 2022) ........................... 19

*Pac. Aerospace & Elecs., Inc. v. Taylor*,
    295 F. Supp. 2d 1205 (E.D. Wash. 2003) .......................................................... 12

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

*Panag v. Farmers Ins. Co. of Wash.*,
    166 Wn.2d 27, 204 P.3d 885 (2009)................................................................. 16

*Parrilla v. King Cnty.*,
    138 Wn. App. 427, 157 P.3d 879 (2007) ........................................................ 5, 6

*Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*,
    214 F. Supp. 3d 808 (N.D. Cal. 2016), *aff'd*, 890 F.3d 828 (9th Cir. 2018),
    *amended*, 897 F.3d 1224 (9th Cir. 2018) ...................................................... 23

*In re Premera Blue Cross Customer Data Sec. Breach Litig.*,
    198 F. Supp. 3d 1183 (D. Or. 2016) ............................................................... 9

*Reid v. Pierce Cnty.*,
    136 Wn.2d 195, 961 P.2d 333 (1998)............................................................ 13

*Remijas v. Neiman Marcus Grp., LLC*,
    794 F.3d 688 (7th Cir. 2015) ....................................................................... 9

*Rex v. Chase Home Fin. LLC*,
    905 F. Supp. 2d 1111 (C.D. Cal. 2012) ........................................................ 20

*Robb v. City of Seattle*,
    176 Wn.2d 427, 295 P.2d 212 (2013) ............................................................ 5

*Rose v. Bank of Am., N.A.*,
    57 Cal. 4th 390 (2013) ............................................................................... 22

*Rubenstein v. Neiman Marcus Grp. LLC*,
    687 F. App'x 564 (9th Cir. 2017) ............................................................ 21, 22

*Rudolph v. Hudson's Bay Co.*,
    No. 18-cv-8472 (PKC), 2019 WL 2023713 (S.D.N.Y. May 7, 2019)................ 11

*Schuck v. Beck*,
    2020 WL 1922774, 13 Wn. App. 2d 1030 (2020) (unpublished)........................ 7

*Snyder v. Med. Serv. Corp. of E. Wash.*,
    145 Wn.2d 233, 35 P.3d 1158 (2001) ............................................................ 5

*In re Solara Med. Supplies, LLC Customer Data Sec. Breach Litig.*,
    613 F. Supp. 3d 1284 (S.D. Cal. May 7, 2020) ....................................... 3, 10, 17

*Stallone v. Farmers Grp., Inc.*,
    No. 2:21-cv-01659-GMN-VCF, 2022 WL 10091489 (D. Nev. Oct. 15, 2022) ............ 10, 17

*Stasi v. Inmediata Health Grp. Corp.*,
    501 F. Supp. 3d 898 (S.D. Cal. 2020)................................................. 3, 10, 22, 23

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

*Stollenwerk v. Tri-W. Health Care All.*,
  254 F. App'x 664 (9th Cir. 2007) ................................................................. 10

*Strawn v. Morris, Polich & Purdy, LLP*,
  30 Cal. App. 5th 1087 (2019) ................................................................ 22, 23

*In re: The Home Depot, Inc., Customer Data Sec. Breach Litig.*,
  1:14-md-2583-TWT, 2016 WL 2897520 (N.D. Ga. May 18, 2016) ................... 15

*Trabakoolas v. Watts Water Techs., Inc.*,
  No. 12-CV-01172-YGR, 2012 WL 2792441 (N.D. Cal. July 9, 2012) ........ 18, 19

*Veridian Credit Union v. Eddie Bauer, LLC*,
  295 F. Supp. 3d 1140 (W.D. Wash. 2017) .......................................... 6, 7, 16

*Vess v. Ciba-Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003) ................................................................... 21

*Washburn v. City of Federal Way*,
  178 Wn.2d 732, 310 P.3d 1275 (2013) ........................................................ 5

*Weinberg v. Advanced Data Processing, Inc.*,
  147 F. Supp. 3d 1359 (S.D. Fla. 2015) ....................................................... 14

*Williams v. Wells Fargo Bank, N.A.*,
  No. 11–21233–CIV., 2011 WL 4901346 (S.D. Fla. Oct. 14, 2011) ................. 14

*In re Yahoo! Inc. Customer Data Sec. Breach Litig.*,
  No. 16-MD-02752-LHK, 2017 WL 3727318 (N.D. Cal. Aug. 30, 2017) ......... 9, 10

*Young v. Young*,
  164 Wn.2d 477, 191 P.3d 1258 (2008) ................................................. 11, 14

*In re Zappos.com, Inc.*,
  888 F.3d 1020 (9th Cir. 2018) ................................................................... 10

**Statutes**

Cal. Bus. & Prof. Code § 17204 ................................................................... 20

Cal. Civ. Code § 1782 ................................................................................ 18

Cal. Civ. Code § 1798.150 ............................................................... 17, 18, 19

FTC Act Section 5, 15 U.S.C. § 45 ....................................................... 7, 8, 22

RCW 5.40.050 ............................................................................................ 7

RCW 19.255.010 ....................................................................................... 17

Case No. 2:22-cv-01558-MJP
PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS - vii

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

**Other Authorities**

California Constitution Article I, Section I ................................................................ 22

Restatement (Second) of Contracts § 4 cmt. a (1979) .............................................. 11

Restatement (Second) of Torts § 302B ................................................................. 5, 8

Fed. R. Civ. P. 12 ............................................................................................... 2, 3, 15

Fed. R. Civ. P. 15 ..................................................................................................... 17

Case No. 2:22-cv-01558-MJP
PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS - viii

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 ● FAX 206.682.2992

## INTRODUCTION

Convergent Outsourcing, Inc. ("Convergent") downplays that it collected—*but failed to protect*—the extremely sensitive Private Information of hundreds of thousands of people, including Plaintiffs and class members. Plaintiffs are already experiencing identity theft and will continue to face a present, substantial, and imminent risk of identity theft because their Private Information is in the hands of data thieves.

Contrary to industry standards, common law, statutes, and even its own privacy policies, Convergent now seeks to evade all liability for its failure to properly safeguard victims' highly sensitive Private Information, arguing that Plaintiffs fail to state a claim for relief. Convergent relies heavily on the vagueness of its own Notice Letters to bolster its arguments asserting a lack of culpability and asserting that Plaintiffs have not been harmed. *See* ECF No. 36, Def.'s Mot. to Dismiss ("Mot.") at 2 ("Statement of Facts"). This circular and twisted reasoning is simply self-serving artifice.

Plaintiffs, through their Consolidated Amended Complaint, seek redress for the harm caused by Convergent's Data Breach, and allege common law claims like negligence and breach of contract, and violations of Washington and California statutes. As explained below, each claim is well-pleaded; Convergent's Motion to Dismiss should be denied in full.

## STATEMENT OF FACTS

Convergent is a worldwide consumer debt collection company that collects vast amounts of Private Information of consumers from companies seeking services. ECF No. 31 ("CAC") ¶¶ 1, 3, 35, 36, 60. It is both aware that Private Information (especially Social Security numbers) is an intentional target of cybercriminals, and that it has a duty to protect Private Information. CAC ¶¶ 45, 64, 81–85, 102–11. In June 2022, due to Convergent's failure to implement necessary security systems and protocols, and as Convergent admits in its Notice Letters, "an external actor gained unauthorized access to our systems and deployed a ransomware malware" and "deployed certain data extraction tools" to access "name[s], contact information, financial account number[s], Social Security number[s]." CAC ¶¶ 6, 46, 48. During this Data Breach, the

Case No. 2:22-cv-01558-MJP
PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS - 1

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

unencrypted Private Information of approximately <u>640,906</u> individuals, including each Plaintiff and all putative class members, was targeted, stolen, and exfiltrated by criminals. CAC ¶¶ 49, 52, 54, 114.

Plaintiffs reasonably believe their stolen Private Information is currently available for sale on the Dark Web because that is the modus operandi of cybercriminals who target businesses that collect highly sensitive Private Information. CAC ¶ 55. In its Notice Letters, Convergent cautions Plaintiffs and class members to enroll in credit monitoring, fraud consultation, and identity theft restoration services, a tacit admission of the present and continued risk of identity theft that they now face. CAC ¶¶ 56, 57. All Plaintiffs have suffered actual injury and damages, including, *inter alia*: risk of fraud, identity theft, damages and diminution in the value of their Private Information, lost time, and loss of privacy. CAC ¶¶ 174–78.

## LAW AND ARGUMENT

Plaintiffs' complaint is sound and should not be dismissed. On a Rule 12(b)(6) motion, the court must accept all facts alleged in the complaint as true with inferences viewed most favorable to the non-moving party. *In re Fitness Holdings Int'l, Inc.*, 714 F.3d 1141, 1144–45 (9th Cir. 2013). Although a complaint attacked under Rule 12(b)(6) "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554–55 (2007) (internal citations omitted). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 547. Plaintiffs have met their burden under this pleading standard.

## I.    PLAINTIFFS ALLEGE COGNIZABLE INJURIES

Plaintiffs allege both economic and non-economic injuries including: (1) conferring a monetary benefit on Convergent via the provision of their Private Information, which they would not have done had Convergent disclosed its inadequate security; (2) diminution in the value of their Private Information; (3) loss of privacy; (4) imminent, immediate, and continuing increased risk of fraud and identity theft; (5) actual injuries, and (6) lost time, annoyance, interference and

Case No. 2:22-cv-01558-MJP
PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS - 2

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

inconvenience. CAC ¶¶ 115–18, 90, 96, 113–20, 174–78, 253–54, 258. Convergent's Motion ignores both Plaintiffs' allegations and relevant case law.

### A. Plaintiffs' Injuries Are Sufficiently Stated.

Plaintiffs' allegations of non-economic losses, including increased risk of identity theft and lost time monitoring accounts are cognizable and widely recognized injuries in data breach litigation. *E.g.*, *In re Anthem, Inc. Data Breach Litig.*, No. 15-md-02617-LHK, 2016 WL 3029783, at *12–16 (N.D. Cal. May 27, 2016) ("[Da]mages associated with time spent monitoring one's PII are recoverable."); *In re Adobe Sys., Inc. Priv. Litig.*, 66 F. Supp. 3d 1197, 1214 (N.D. Cal. 2014) ("[T]he risk that [p]laintiffs' personal data will be misused by the hackers who breached [defendant's] network is immediate and very real."); *Stasi v. Inmediata Health Grp. Corp.*, 501 F. Supp. 3d 898, 918 (S.D. Cal. 2020) (Plaintiffs allege plausible damages in the form of lost time); *In re Marriot Int'l Inc., Customer Data Sec. Breach Litig.*, 440 F. Supp. 3d 447, 494 (D. Md. 2020) (allegations of lost time and money spent mitigating harms are sufficient under Rule 12); *Dieffenbach v. Barnes & Noble, Inc.*, 887 F.3d 826, 828 (7th Cir. 2018) (loss of "one's own time needed to set things straight is a loss from an opportunity-cost perspective," and "[t]hese injuries can justify money damages"); *In re Solara Med. Supplies, LLC Customer Data Sec. Breach Litig.*, 613 F. Supp. 3d 1284, 1296 (S.D. Cal. May 7, 2020) ("Increased time spent monitoring one's credit and other tasks associated with responding to a data breach have been found by others courts to be specific, concrete, and non-speculative.") (collecting cases).

The lost value of Plaintiffs' Private Information is also a cognizable injury. *E.g.*, *Klein v. Facebook, Inc.*, 580 F. Supp. 3d 743, 804 (N.D. Cal. 2022) ("[T]here is ample support for Consumers' argument that lost information and attention has material value."); *In re Marriott*, 440 F. Supp. 3d at 460–61 (recognizing "the lost property value of [Private Information]"); *In re Experian Data Breach Litig.*, No. SACV151592AGDFMX, 2016 WL 7973595, at *5 (C.D. Cal. Dec. 29, 2016) (recognizing "Loss of Value of PII as a viable damages theory" (quoting *In re Anthem*, 2016 WL 3029783, at *43)). Plaintiffs have alleged a well-established national and international market for their Private Information and that their Private Information was damaged

and diminished in value due to the Breach. CAC ¶¶ 89, 90, 94, 117. Determining the value of Plaintiffs' personal information is premature here as a factual question. Courts do not require Plaintiffs to allege attempts to sell Private Information to show its economic value was damaged by unauthorized disclosure. *See, e.g.*, *In re Marriott*, 440 F. Supp. at 462 (explaining that the value of private information "is not derived solely (or even realistically) by its worth in some imagined marketplace").

### B. Plaintiff Tanner's Allegations.

Plaintiff Tanner alleges that he suffered injury in the form of fraudulent charges on his financial accounts that resulted in approximately $100 in unpaid Netflix charges. Convergent argues that Plaintiff Tanner's charges are not recoverable because he fails to allege out-of-pocket loss. But Plaintiff Tanner is not alleging out-of-pocket loss resulting from the unauthorized charges on his Netflix account but instead the fraudulent Netflix charges support his allegations of heightened, imminent, and continued risk of identity theft. CAC ¶ 133. Moreover, Plaintiff Tanner spent several hours attempting to dispute the fraudulent charge and was forced to borrow money while the charges were disputed. CAC ¶ 135. As discussed in Section I.A., Plaintiff Tanner's lost time is a cognizable injury.

## II. PLAINTIFFS ALLEGE THE ELEMENTS FOR EACH CLAIM.

### A. Plaintiffs State a Claim for Negligence.

#### 1. Plaintiffs allege a legal duty of care.

Despite collecting and storing Plaintiffs' and class members' Private Information, Convergent argues that it did not owe Plaintiffs a duty of care to protect that information because 1) Convergent and Plaintiffs did not have a special relationship and 2) Convergent did not engage in any affirmative misfeasance that resulted in the data breach. Convergent's attempts to skirt its duty fail under Washington law.

First, Plaintiffs adequately pled Convergent owed a duty of care through its own affirmative conduct creating a foreseeable risk of harm. "The existence of a duty is a question of law and depends on mixed considerations of logic, common sense, justice, policy, and

precedent." *Snyder v. Med. Serv. Corp. of E. Wash.*, 145 Wn.2d 233, 243, 35 P.3d 1158, 1164 (2001) (internal quotation omitted). Generally, individuals have a duty to exercise reasonable care to avoid the foreseeable consequences of their acts. *Washburn v. City of Federal Way*, 178 Wn.2d 732, 757–58, 310 P.3d 1275, 1289 (2013). That duty includes the responsibility to avoid the foreseeable conduct of a third party—even, in some cases, criminal conduct. *Id.*; *Parrilla v. King Cnty.*, 138 Wn. App. 427, 437, 157 P.3d 879, 884 (2007) ("[C]riminal conduct is not unforeseeable as a matter of law."). Washington follows the Restatement (Second) of Torts § 302B, which provides that "[a]n act or omission may be negligent if the actor realizes or should realize that it involves an unreasonable risk of harm to another through the conduct of the other or a third person which is intended to cause harm, even though such conduct is criminal." *Robb v. City of Seattle*, 176 Wn.2d 427, 434, 295 P.2d 212, 216 (2013) (quoting § 302B). Thus, Convergent has a duty to protect others from the criminal acts of third parties when its own actions create or expose another (including Plaintiffs) to a high risk of harm. *Id.* at 429–30; *Parrilla*, 138 Wn. App. at 430.

This is not the situation suggested by Convergent where an innocent bystander has no duty to protect others from criminal acts. Convergent failed to implement basic industry standard data security measures, including encrypting the data to render it inaccessible to cybercriminals, a threat that is well-known and readily foreseeable. CAC ¶¶ 64–78. Convergent committed affirmative misfeasance by utilizing faulty, unsecure computer systems and by collecting and storing Plaintiffs' Private Information on its systems in an unencrypted format, all of which was inconsistent with industry standards, paving the way for a criminal data breach to result in harm to Plaintiffs and Class members. Convergent, in other words, "created a high degree risk of harm" by bad actors that "a reasonable person would have taken into account." *Parrilla*, 138 Wn. App. at 432–33.

Convergent frames its failure to provide secure software as a "nonfeasance" rather than "misfeasance." Its claims of innocence through inaction are inconsistent with Washington law, where misfeasance includes when "the actor's prior conduct, whether tortious or innocent, may

Case No. 2:22-cv-01558-MJP
PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS - 5

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

have created a situation of peril to the other." *Veridian Credit Union v. Eddie Bauer, LLC*, 295 F. Supp. 3d 1140, 1157 (W.D. Wash. 2017) (quoting *Robb*, 295 P.3d at 217). Although Convergent relies on *Veridian*, its argument misses the mark because it ignores that Plaintiffs pled that Convergent's conduct created the dangerous situation in the first instance. *Veridian* held that a store that suffered a data breach of its point-of-sale system did not owe a duty of care to a credit union that issued payment cards to its customers. 295 F. Supp. 3d at 1157–58. Convergent's actions are more similar to those in *Parrilla*, where a bus driver exited his bus with the engine running, leaving alone onboard a visibly erratic man who then went on to recklessly drive the bus. There, the court found that the bus driver owed a duty, not because of a special relationship, but for acting in a way that put others at risk. *Parrilla*, 138 Wn. App. at 438. Convergent's argument here is tantamount to arguing that the bus driver owed no duty to others because his failure guard the bus or turn off the engine were acts of "nonfeasance." As the court explained:

> [P]ursuant to the facts alleged by the Parrillas, an instrumentality uniquely capable of causing severe injuries was left idling and unguarded within easy reach of a severely impaired individual. The bus driver was aware of these circumstances. Assuming the truth of these averments, the bus driver's affirmative act created a high degree risk of harm through Carpenter's misconduct, which a reasonable person would have taken into account.

*Id.* at 440–41; *see also Veridian Credit Union*, 295 F. Supp. 3d at 1157 ("[T]he foreseeability and magnitude of the risk created by the alleged tortfeasor" are factors to weigh in favor of finding a duty of care). Essentially, one cannot create a harmful environment and "walk away" to avoid liability. *Dittman v. UPMC*, 196 A.3d 1036, 1047 (Pa. 2018) (defendant's "affirmative conduct created the risk of a data breach" when it collected PII, despite defendant framing its "fail[ing] to prevent the harm" as "nonfeasance"). Convergent's collection and storage of Private Information on inadequately secured systems was a misfeasance that gave rise to Convergent's duty to protect Plaintiffs from bad actors exploiting its weaknesses and compromising Plaintiffs' Private Information.

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

Convergent's reliance on *Schuck v. Beck*, 2020 WL 1922774, 13 Wn. App. 2d 1030 (2020) (unpublished), is also misplaced. *Schuck* involved a claim of negligent failure to warn based on a complex chain of events involving the removal and transport of an old tank that later leaked deadly chlorine gas during a scrap metal recycling process. *Id*. at *5. The plaintiff argued that a property owner, who played no role in the removal, transport or recycling processes, owed a duty to warn others of the dangers that could flow from the tank. The court disagreed, finding instead that the property owner's failure to investigate and warn about the dangers of the tank were too far removed from the actual injury causing event. *Id*. Plaintiffs here have not brought a claim for failure to warn, and unlike the unusual and attenuated chain of events in *Schuck*, Convergent's data breach was, in fact, a known and foreseeable risk.

Second, Plaintiffs allege a violation of a statutory duty of care. While Washington does not recognize the doctrine of negligence *per se* as a standalone claim, "[a] duty may be predicated on violation of statute or of common law principles of negligence." *Buckley v. Santander Consumer USA, Inc.*, No. C17-5813-BHS, 2018 WL 1532671, at *6 (W.D. Wash. Mar. 29, 2018) (quoting *Jackson v. City of Seattle*, 158 Wn. App. 647, 651, 244 P.3d 425, 428 (2010)); *Veridian Credit Union*, 295 F. Supp. 3d at 1156 (same); RCW 5.40.050 (a statutory violation may be used "as evidence of negligence"). "In determining whether a statutory provision indicates a duty that can sustain a negligence claim," the Court considers whether the statute aims to (1) "protect a class of persons which includes the one whose interest is invaded," (2) "protect the particular interest which is invaded," (3) "protect that interest against the kind of harm which has resulted," and (4) "protect that interest against the particular hazard from which the harm results." *Buckley*, 2018 WL 1532671, at *6 (citation omitted).

Here, Section 5 of the FTC Act, 15 U.S.C. § 45, does just that—it imposes a standard of conduct relevant to Plaintiffs' negligence claim. As courts recognize, the failure to provide reasonable cyber security measures constitutes an unfair act under Section 5. *See FTC v. Wyndham Worldwide Corp.*, 799 F.3d 236, 241, 247 (3d Cir. 2015); *In re LabMD Inc.*, 2016 WL 4128215, at *32 (F.T.C. July 29, 2016). "Section 5 of the FTC Act is a statute that creates

Case No. 2:22-cv-01558-MJP
PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS - 7

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

enforceable duties, and this duty is ascertainable as it relates to data breach cases . . . ." *In re Capital One Consumer Data Sec. Breach Litig.*, 488 F. Supp. 3d 374, 407 (E.D. Va. 2020) (noting a "body of precedent interpret[s] the statute and appl[ies] it to the data breach context.") (citing cases).

Several districts have found that plaintiffs have adequately pled claims of negligence *per se* based on violations of Section 5 of the FTC Act in data breach cases. *See, e.g.*, *In re Marriott*, 440 F. Supp. 3d at 479 (citing cases); *In re Capital One*, 488 F. Supp. 3d at 407 (same). "[T]hese courts have found . . . that plaintiffs whose information was allegedly compromised by a data breach fit within the class of plaintiffs sought to be protected from the type of harm proscribed by the statute." *Id.*; *see also In re Equifax, Inc., Customer Data Sec. Breach Litig.*, 362 F. Supp. 3d 1295, 1327 (N.D. Ga. 2019).

Here, Plaintiffs' CAC adequately pleads that Convergent violated Section 5 of the FTC Act, that Plaintiffs are within the class of persons intended to be protected by the statute, and that the harm suffered is the kind the statute meant to protect. These allegations are sufficient to support the existence of a duty. *See Buckley*, 2018 WL 1532671, at *6 (plaintiff stated violation of data breach notification act sufficient to form the basis for a negligence claim).

Finally, the Washington Supreme Court has recognized that a duty of care may exist "[w]here property of which the actor has possession or control affords a peculiar temptation or opportunity for intentional interference likely to cause harm." *Hutchins v. 1001 Fourth Ave. Assoc.*, 116 Wn.2d 217, 230–31, 802 P.2d 1360, 1367 (1991) (favorably citing subcomment G to § 302B). Plaintiffs' CAC alleges characteristics of Private Information that present a temptation for theft. S*ee, e.g.*, CAC ¶¶ 64, 86. Convergent's computer systems—through which cybercriminals gained access to the Private Information—is a type of property affording "a peculiar temptation or opportunity for intentional interference" giving rise to a duty of care. *Hutchins*, 116 Wn.2d at 230–31.

Case No. 2:22-cv-01558-MJP
PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS - 8

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

## 2. Plaintiffs sufficiently pled causation.

Plaintiffs clearly state a plausible causal connection between Convergent's conduct and their injuries. To plead causation in a data breach case, Plaintiffs must plead a logical connection between the data breach at issue and specific harms alleged. *In re Anthem, Inc. Data Breach Litig.*, 162 F. Supp. 3d 953, 987 (N.D. Cal. 2016) (complaint sufficiently established a logical connection between the data breach and the harm alleged by the plaintiffs); *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, No. 16-MD-02752-LHK, 2017 WL 3727318, at *17–18 (N.D. Cal. Aug. 30, 2017) (same).

Plaintiffs pled a plausible causal chain of events that logically link the Data Breach, Convergent's failures to maintain appropriate data security, and Plaintiffs' allegations of harm. Each Plaintiff alleges (i) a temporal element (i.e., that each provided Private Information to Convergent before the Data Breach and incurred harms soon after); (ii) each received a letter from Convergent stating their Private Information was compromised; and (iii) Convergent encouraged Plaintiffs to obtain monitoring services. *See* CAC ¶¶ 44, 48, 56, 122, 131,139, 146, 153, 160, 167. These facts are sufficient to logically connect Plaintiffs' harms to Convergent' s data breach. *See Huynh v. Quora, Inc.*, No. 18-cv-07597, 2019 WL 11502875, at *4 (N.D. Cal. Dec. 19, 2019) ("These alleged are fairly traceable to Quora because Quora notified each of the Plaintiffs that they may have been subject of the 2018 Data Breach."); *In re Yahoo!*, 2017 WL 3727318, at *18; *In re Premera Blue Cross Customer Data Sec. Breach Litig.*, 198 F. Supp. 3d 1183, 1205 (D. Or. 2016); *Remijas v. Neiman Marcus Grp., LLC*, 794 F.3d 688, 690–91 (7th Cir. 2015) ("It is enough at this stage of the litigation that [defendant] admitted that 350,000 cards might have been exposed and that it contacted members of the class to tell them they were at risk. Those admissions and actions by the store adequately raise the plaintiffs' right to relief above the speculative level."); *see also Galaria v. Nationwide Mut. Ins. Co.*, 663 F. App'x 384, 388 (6th Cir. 2016) ("There is no need for speculation where Plaintiffs allege that their data has already been stolen and is now in the hands of ill-intentioned criminals.").

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

Moreover, the Private Information compromised in the breach is the type of information used to perpetrate identity theft and fraud. *See In re Zappos.com, Inc.*, 888 F.3d 1020, 1027 (9th Cir. 2018) (explaining "the information taken in the data breach still gave hackers the means to commit fraud or identity theft"); *Stollenwerk v. Tri-W. Health Care All.*, 254 F. App'x 664, 667 (9th Cir. 2007) (explaining that the fact that the type of information stolen was of the same kind needed to commit fraud was probative of causation). Plaintiffs' allegations are sufficient to survive a motion to dismiss.

Next, Convergent focuses on Plaintiffs Tanner's and Guy's allegations of misuse. Shortly after the breach, Plaintiff Tanner experienced fraudulent charges on one of his financial accounts for unauthorized charges to Netflix. CAC ¶ 135. Tanner's allegation establishes a logical and temporal connection to the Data Breach, as Convergent admitted that Tanner's "financial accounts" were compromised in the Data Breach. CAC ¶ 48; *see also In re Anthem*, 162 F. Supp. 3d at 987 (allegations that plaintiffs were enrolled in a health plan administered by defendant, had their PII stolen, and that their PII was used for illicit financial gain after the breach establishes logical and temporal connection to demonstrate causation). Moreover, Plaintiff Guy experienced an increase in spam following the Data Breach, CAC ¶ 125, providing additional evidence logically and temporally linking the Data Breach and Plaintiffs' harms. *See Feins v. Goldwater Bank NA*, No. CV-22-00932-PHX-JJT, 2022 WL 17552440, at *4–5 (D. Ariz. Dec. 9, 2022) (Plaintiff's allegations were sufficient to infer a connection between breach and phishing attacks.).

Convergent conveniently ignores that all Plaintiffs allege damages for lost time and diminution in value of PII, a direct causal connection to the data breach. CAC ¶¶ 127, 133–34, 141–42, 148–49, 155–56, 162–63, 160–70. Such allegations demonstrate a plausible causal connection at the pleading stage. *E.g.*, *Stasi*, 501 F. Supp. 3d at 916 (causation for negligence can be sustained with lost time and increased spam/phishing due to breach); *Stallone v. Farmers Grp., Inc.*, No. 2:21-cv-01659-GMN-VCF, 2022 WL 10091489, at *12 (D. Nev. Oct. 15, 2022) (causation pled for loss of value damages where plaintiff received notice letter); *In re Solara*,

Case No. 2:22-cv-01558-MJP
PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS - 10

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1    613 F. Supp. 3d at 1296 (time spent monitoring credit after breach are "specific, concrete, and
2    non-speculative"); *In re Yahoo!*, 2017 WL 3727318, at *18; *In re Anthem*, 162 F. Supp. 3d at
3    987; *In re Ambry Genetics Data Breach Litig.*, 567 F. Supp. 3d 1130, 1140 (C.D. Cal. 2021)
4    (plaintiffs sufficiently connect the information stolen and the alleged injuries).

5        Plaintiffs alleged their Private Information was exposed to cybercriminals due to
6    Convergent's failure to implement adequate data security and responsibly protect its systems.
7    Additional allegations are not required.

8        **B. Plaintiffs Sufficiently Plead Breach of Implied Contract.**

9        Under Washington law, "[a] contract implied in fact is an agreement depending for its
10   existence on some act or conduct of the party sought to be charged and arising by implication
11   from circumstances which, according to common understanding, show a mutual intention on the
12   part of the parties to contract with each other." *Young v. Young*, 164 Wn.2d 477, 485, 191 P.3d
13   1258, 1262–63 (2008) (internal quotation omitted).

14       Here, Plaintiffs allege that Convergent required Class Members to provide their Private
15   Information as part of Convergent's regular business practices, and in turn Plaintiffs expected
16   Convergent to keep their information reasonably secure. CAC ¶¶ 222–30. Courts routinely find
17   that such allegations support a claim for breach of implied contract in data breach litigation. *E.g.*,
18   *Rudolph v. Hudson's Bay Co.*, No. 18-cv-8472 (PKC), 2019 WL 2023713, at *11 (S.D.N.Y. May
19   7, 2019) (citing cases); *see also, e.g.*, *Marriott*, 2020 WL 869241, at *29; *accord* Restatement
20   (Second) of Contracts § 4 cmt. a (1979). As one court explained: "it is difficult to imagine how,
21   in our day and age of data and identity theft, the mandatory receipt of . . . sensitive personal
22   information would not imply the recipient's assent to protect the information sufficiently."
23   *Castillo v. Seagate Tech., LLC*, No. 16-cv-01958-RS, 2016 WL 9280242, at *9 (N.D. Cal. Sept.
24   14, 2016); *In re Ambry Genetics*, 567 F. Supp. 3d at 1143–44; *Kirsten v. California Pizza Kitchen,*
25   *Inc.*, No. 2:21-CV-09578-DOC-KES, 2022 WL 16894503, at *5 (C.D. Cal. July 29, 2022),
26   *reconsideration denied*, 2022 WL 16894880 (C.D. Cal. Sept. 8, 2022) ("[T]he mandatory receipt
27   of PII implies the recipient's assent to protect the PII sufficiently.").

Case No. 2:22-cv-01558-MJP
PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS - 11

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

Additionally, Convergent's privacy policies support that a meeting of the minds occurred—i.e., Convergent understood that by accepting and storing Plaintiffs' Private Information, it was agreeing to protect it. CAC ¶ 224. These facts sufficiently establish the existence of an implied contract, breached by Convergent by failing to safeguard Plaintiffs' Private Information. None of Convergent's arguments to the contrary are persuasive.

Convergent's reliance on *Krottner* is misplaced. In *Krottner*, the plaintiffs' implied contract claim relied only on documents that memorialized the terms of the contract, but as the Ninth Circuit noted, "[the plaintiffs did] not allege that they read or even saw the documents, or that they understood them as an offer." *Krottner v. Starbucks Corp.*, 406 F. App'x 129, 131 (9th Cir. 2010). Here, Plaintiffs' implied contract claim stems from the entirety of the circumstances, including: (i) the nature of that relationship, (ii) the mutual understanding that Private Information would not be exchanged absent a promise of protection, and (iii) the fact that Convergent's consumer-facing policy statements on its website *support* that there was a meeting of the minds (rather than form the exclusive basis for that meeting). *See* CAC ¶ 224.[1] These facts and circumstances, readily allege the existence of an implied contract.

### C.  Plaintiffs State a Claim for Breach of Duty of Confidence.

Contrary to Convergent's assertion, Washington does recognize a common law claim for breach of confidence (or breach of confidentiality). *See Boeing Co. v. Sierracin Corp.*, 108 Wn.2d 38, 48, 738 P.2d 665, 674 (1987) (recognizing common law "breach of confidentiality claims"); *Pac. Aerospace & Elecs., Inc. v. Taylor*, 295 F. Supp. 2d 1205, 1212 (E.D. Wash. 2003) ("PAE can assert claims for . . . breach of common law duties of confidentiality and loyalty[.]"); *cf. Modumetal, Inc. v. Xtalic Corp.*, 2018 WL 3120836, 4 Wn. App. 2d 1029 (2018) (unpublished) ("[W]e . . . conclude that [plaintiff's] common law confidentiality claims are not preempted by

---

[1] Further, in *Krottner*, although the Plaintiffs alleged that the implied contracts were created by specific documents, the court found that the referenced documents contained no representations about data security. *Id.* In this case, Plaintiffs have referenced multiple documents containing specific representations about data security. *E.g.*, CAC ¶ 39.

Case No. 2:22-cv-01558-MJP
PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS - 12

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

1    its trade secrets claims").

2        Plaintiffs sufficiently pleaded this claim by alleging that Convergent failed to keep

3    Plaintiffs' Private Information confidential and allowing it to be disclosed to unauthorized third

4    parties. CAC ¶ 243; *see also In re Capital One*, 488 F. Supp. 3d at 409 (upholding an analogous

5    breach of confidence claim because the defendant "allowed a known vulnerability to persist on

6    its systems which, left unresolved, effectively exposed the bank's customers' data to potential

7    breach").

8        **D.  Plaintiffs State a Claim for Invasion of Privacy.**

9        Convergent contests Plaintiffs' invasion of privacy claim arguing Plaintiffs fail to allege

10   an intentional disclosure. Mot. at 13. However, "invasion of privacy by publication is *not an*

11   *intentional tort*" and "does not include intent as an essential element." *Emeson v. Dep't of Corr.*,

12   194 Wn. App. 617, 638–39, 376 P.3d 430, 442 (2016) (emphasis added). An invasion of privacy

13   claim based on the disclosure of private facts arises if the defendant publicized "a matter

14   concerning the private life of another" and the matter publicized "would be highly offensive to a

15   reasonable person" and "is not a legitimate concern to the public." *Grinenko v. Olympic Panel*

16   *Prod.*, No. C07-5402BHS, 2008 WL 5204743, at *7 (W.D. Wash. Dec. 11, 2008) (citing

17   Restatement (Second) of Torts § 652D). Further, even a limited disclosure to a small group

18   suffices when the nature of the material makes its disclosure highly offensive. *See Reid v. Pierce*

19   *Cnty.*, 136 Wn.2d 195, 210, 961 P.2d 333, 341 (1998) (reversing dismissal of claim for invasion

20   of privacy, explaining that medical facts like illnesses are personal and highly offensive if

21   disclosed).

22       Here, Convergent disclosed Plaintiffs' sensitive Private Information by failing to

23   reasonably and adequately secure the information it collected, thereby enabling its wrongful

24   disclosure to cyber criminals. CAC ¶ 251. The disclosed information includes matters concerning

25   the private lives of Plaintiffs, including their Social Security numbers. CAC ¶ 53. This

26   information is not a matter of legitimate concern to the public, and a reasonable person would

27

Case No. 2:22-cv-01558-MJP
PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS - 13

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

find Convergent's failure to protect this extremely sensitive Private Information highly offensive. CAC ¶ 253. Plaintiffs' claim for invasion of privacy should proceed.

### E. Plaintiffs State a Claim for Unjust Enrichment.

Convergent raises three challenges to Plaintiffs' unjust enrichment claim, none of which withstand scrutiny. First, it argues that Plaintiffs conferred no benefit to Convergent. Second, it brazenly ignores allegations in Plaintiffs' complaint and asserts that Plaintiffs' Private Information does not have any value. Third, it insists any enrichment it derived from failing to implement proper data security services would not be unjustly retained. Each argument fails.

"Unjust enrichment is the method of recovery for the value of the benefit retained absent any contractual relationship because notions of fairness and justice require it." *Young*, 164 Wn.2d at 484. Unjust enrichment results when one "profits or enriches himself or herself at the expense of another contrary to equity." *Norcon Builders, LLC v. GMP Homes VG, LLC*, 161 Wn. App. 474, 490, 254 P.3d 835, 844 (2011). Plaintiffs must plead and prove three elements to sustain this claim: "(1) the defendant receives a benefit, (2) the received benefit is at the plaintiff's expense, and (3) the circumstances make it unjust for the defendant to retain the benefit without payment." *Young*, 164 Wn.2d at 484–85. All three elements are adequately pleaded in Plaintiffs' Complaint.

First, Plaintiffs provided an appreciable benefit to Convergent. Without Plaintiffs' Private Information, Convergent could not perform its services for profit. CAC ¶ 258. While Convergent maintains that it had no direct relationship with Plaintiffs, that is a distinction without a difference. The Private Information from which Convergent derived its profits belongs to Plaintiffs regardless of whether it first passed through some third party. *See Weinberg v. Advanced Data Processing, Inc.*, 147 F. Supp. 3d 1359, 1368 (S.D. Fla. 2015) ("[T]he 'direct benefit' element of an unjust enrichment claim may be satisfied where a benefit is conferred through an intermediary . . . a direct benefit can derive from a transaction with no direct contact."); *Williams v. Wells Fargo Bank, N.A.*, No. 11–21233–CIV., 2011 WL 4901346, at *5 (S.D. Fla. Oct. 14, 2011) (unjust enrichment claim survived even though benefit passed through

Case No. 2:22-cv-01558-MJP
PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS - 14

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1   an intermediary); *In re Flonase Antitrust Litig.*, 692 F. Supp. 2d 524, 544 (E.D. Pa. 2010) (unjust

2   enrichment does not require that the benefit was conferred directly); *In re HomeAdvisor, Inc.*

3   *Litig.*, 491 F. Supp. 3d 879, 902 n.17 (D. Colo. 2020) ("Even states that have a 'direct benefit'

4   requirement do not require that the plaintiff provide the benefit to the defendant firsthand.").

5        Finally, Convergent relies on an inapposite statement from *Irwin v. Jimmy John's*

6   *Franchise, LLC* that plaintiffs "did not pay for a side order of data security and protection" when

7   they purchased food to claim that they could not possibly be enriched. 175 F. Supp. 3d 1064,

8   1072 (C.D. Ill. 2016). However, courts have concluded otherwise:

> [T]he failure to secure a party's data can give rise to an unjust enrichment claim
> where a defendant accepts the benefits accompanying a plaintiff's data and does
> so at the plaintiff's expense by not implementing adequate safeguards, thereby
> making it 'inequitable and unconscionable' to permit defendant to retain the
> benefit of the data (and any benefits received therefrom), while leaving the
> plaintiff party to live with the consequences.

13  *In re Capital One*, 488 F. Supp. 3d at 412.

14       Accordingly, the Court should deny Convergent's Motion on this claim as well.

15  **F.  Plaintiffs State a Claim for Declaratory Relief.**

16       Convergent fails to raise any unique arguments as to Plaintiffs' declaratory judgment

17  claim, instead asserting that the claim fails for the same reasons Plaintiffs' negligence and

18  contract claims fail. As detailed above, Plaintiffs plead sufficient common law claims. And as

19  many courts recognize, a declaration of rights and corresponding injunctive relief may be

20  appropriate in the data breach context. *See In re: The Home Depot, Inc., Customer Data Sec.*

21  *Breach Litig.*, 1:14-md-2583-TWT, 2016 WL 2897520, at *4–5 (N.D. Ga. May 18, 2016).

22  Convergent continues to maintain Plaintiffs' Private Information, which remains at risk while

23  Convergent's security measures are inadequate. CAC ¶ 271. Plaintiffs should be allowed to

24  pursue their declaratory relief claim. *E.g.*, *In re Arby's Rest. Grp. Inc. Litig.*, No. 1:17-cv-0514-

25  AT, 2018 WL 2128441, at *15 (N.D. Ga. Mar. 5, 2018) (allegations that plaintiffs would be

26  harmed without declaratory relief because defendant has not addressed its inadequate security

Case No. 2:22-cv-01558-MJP
PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS - 15

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

system are enough to survive Rule 12(b)(6) motion); *In re Home Depot*, 2016 WL 2897520, at *4–5 (same).

### G. Plaintiffs' Claim under the Washington CPA Is Sufficient.

Convergent's primary challenge to Plaintiffs' Washington CPA claim is that Plaintiffs failed to plead injury to business or property. Under the CPA, "[t]he injury requirement is met upon proof the plaintiff's 'property interest or money is diminished because of the unlawful conduct even if the expenses caused by the statutory violation are minimal.'" *Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 57–58, 204 P.3d 885, 899 (2009) (quotation omitted). "Pecuniary losses occasioned by inconvenience may be recoverable as actual damages" and even "unquantifiable damages may suffice." *Id.* Here, as explained *supra*, Plaintiffs' injuries— including lost time and diminished value of their Private Information—are sufficient to state a claim.

In a footnote, Convergent asserts—without supporting authority—that Plaintiffs have not pled an unfair or deceptive act. This argument is not sufficiently raised and is, therefore, waived. *See Broyles v. Convergent Outsourcing, Inc.*, C16-775-RAJ, 2017 WL 2256773, at *3 (W.D. Wash. May 23, 2017). Nevertheless, several courts have concluded that allegations of insufficient data security resulting in a data breach, as Plaintiffs allege here, state a claim for a CPA violation. *E.g.*, *Veridian Credit Union*, 295 F. Supp. 3d at 1162 (denying motion to dismiss, finding allegations that defendant's failure "to take proper measures to protect account information" and "failure to employ adequate data security measures" caused "'substantial injury' to consumers"); *Buckley*, 2018 WL 1532671, at *4 (finding that "failure to take reasonably adequate security measures constitutes an unfair act" and denying motion to dismiss CPA claim); *In re Capital One*, 488 F. Supp. 3d at 428–29 (denying motion to dismiss CPA claim). Likewise, because Plaintiffs have alleged actionable unfair conduct, Convergent's motion to dismiss the CPA claim must be denied.

Case No. 2:22-cv-01558-MJP
PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS - 16

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 ● FAX 206.682.2992

### H.  Plaintiffs Allege Violations of Washington Data Breach Law.

Undisputedly, Convergent waited four months after discovering its Data Breach before it informed Plaintiffs that their Private Information was compromised. Washington law makes clear that delaying as long as Convergent did is unreasonable, by mandating notice "no more than thirty days after the breach was discovered." RCW 19.255.010(8). The purpose of this statutory mandate is to allow affected individuals an opportunity to mitigate harm from the disclosure of their Private Information.

Plaintiffs adequately allege that by delaying notification, all Plaintiffs lost the opportunity to mitigate their harm earlier. CAC ¶ 130 ("Plaintiff Guy reasonably believes that his Private Information may have already been sold by the cybercriminals. Had he been notified of Convergent's breach in a timelier manner, he could have attempted to mitigate his injuries."), ¶ 216 ("Further, through its failure to provide timely and clear notification of the Data Breach to Plaintiffs and Class Members, Defendant prevented Plaintiffs and Class Members from taking meaningful, proactive steps to securing their Private Information and mitigating damages."). The incremental harm caused by an unreasonable delay is sufficient to state a claim. *E.g.*, *In re Arthur J. Gallagher Data Breach Litig.*, No. 22-cv-137, 2022 WL 4535092, at *8 (N.D. Ill. Sept. 28, 2022) (allegations of post-remedial actions and harm from a data breach, makes "it plausible to conclude that [d]efendants' more timely disclosure would have prevented additional incremental injury."); *Stallone*, 2022 WL 10091489, at *8 (same); *In re Solara*, 613 F. Supp. 3d at 1300 (same).

Finally, Plaintiffs bring their claim under subsection 2 of the statute, which does not contain a residency requirement. *See* RCW19.255.010(2). This section required Convergent to notify the "owners" of the information exposed—here, the named Plaintiffs—that their information was exposed. *Id.* To the extent the Court finds a residency requirement, Plaintiffs seek leave to amend under Rule 15.

Case No. 2:22-cv-01558-MJP
PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS - 17

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

1

2

## I.  California Plaintiff Is Entitled to Statutory Damages under California Consumer Privacy Act.

3

Convergent next attacks California Plaintiff's CCPA claim and argues that it never

4

received notice of Plaintiff White's CCPA notice letter as required under Cal. Civ. Code

5

§ 1798.150(b). Convergent is wrong. On December 15, 2022, Plaintiff White sent the required

6

notice to Convergent Outsourcing, Inc., including a copy of the complaint she filed on November

7

23, 2022. *See* Exhibit A attached hereto. Perhaps unable to overcome this fact, Convergent argues

8

that the CCPA requires the notice letter to be sent concurrently with the filing of the initial

9

complaint.

10

Despite Convergent's reading, Section 1798.105 only requires that an the "consumer

11

provides a business 30 days' written notice" "prior to initiating any action against a business for

12

statutory damages." Cal. Civ. Code § 1798.150(b). Nothing in the statute indicates that a

13

consumer will forever surrender any entitlement to statutory damages unless the notice is sent

14

concurrently with the filing of the complaint. *Id.* Rather, the plain language indicates that notice

15

is required only 30 days prior to seeking statutory damages, not prior to or concurrent with filing

16

a complaint.

17

California and federal courts have considered analogous arguments concerning the pre-

18

suit notice requirement of the CLRA. As with CCPA, the CLRA requires 30 days written notice

19

before an action for damages may be maintained. *Compare* Cal. Civ. Code § 1798.150(b) *with*

20

Cal. Civ. Code § 1782(a). And similar to the CCPA, the CLRA does not require notice where

21

only an action for injunctive relief is before the Court. *Compare* Cal. Civ. Code § 1798.150(b)

22

*with* Cal. Civ. Code § 1782(d). The CLRA's notice requirement "exists in order to allow a

23

defendant to avoid liability for damages if the defendant corrects the alleged wrongs within 30

24

days after notice." *Morgan v. AT&T Wireless Servs., Inc.*, 177 Cal. App. 4th 1235, 1260–61

25

(2009). The CCPA's notice requirement presumably operates similarly, i.e., to encourage

26

Convergent to undertake remedial efforts and avoid statutory damages.

27

Accordingly, because the CLRA's notice requirement is remedial in nature,

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

a dismissal with prejudice of a damages claim filed without the requisite notice is not required to satisfy this purpose. Instead, the claim must simply be dismissed until 30 days or more after the plaintiff complies with the notice requirements. If, before that 30–day period expires the defendant corrects the alleged wrongs or indicates it will correct the wrongs, the defendant cannot be held liable for damages.

*Id*. at 1261. Indeed, "[t]o interpret the statute in such a way as to convert that same provision into a sword against consumers would violate the fundamental principle upon which the Legislature enacted the CLRA." *Trabakoolas v. Watts Water Techs., Inc.*, No. 12-CV-01172-YGR, 2012 WL 2792441, at *8 (N.D. Cal. July 9, 2012); *Corbett v. PharmaCare U.S., Inc.*, 567 F. Supp. 3d 1172, 1201 (S.D. Cal. 2021) (collecting cases and noting that federal courts have since followed the approach taken in *Morgan*).

Convergent points to an Arizona district court opinion to support its argument that Plaintiff White is precluded from seeking statutory damages for failure to issue notice "before initiating litigation." *Griffey v. Magellan Health Inc.*, No. CV-20-01282-PHX-MTL, 2022 WL 1811165, at *6 (D. Ariz. June 2, 2022). However, the Griffey court failed to consider California jurisprudence. The remedial purpose of the statute would be defeated entirely if it acted to bar claims rather than facilitate resolution. *See Trabakoolas*, 2012 WL 2792441, at *8. Accordingly, this Court should look to both the plain language of the CCPA and the reasoning of the California appellate court in *Morgan* to find that Plaintiff White satisfied the notice requirement of section 1798.150(b).

Convergent next argues that California Plaintiff failed to allege that they suffered actual damages under the CCPA. Mot. at 19. Not so. As discussed in detail below, Plaintiffs have alleged both benefit of the bargain damages and the diminution of their personal information as a result of the Data Breach. CAC ¶¶ 89–90, 221–33. And both types of injuries are actual damages for which California Plaintiff may seek recovery. *See Opris v. Sincera Reprod. Med.*, No. CV 21-3072, 2022 WL 1639417, at *8 (E.D. Pa. May 24, 2022) ("Because Plaintiffs have alleged loss of value to their PII and PHI, this assertion further supports that they suffered damages as a result of defendant's negligence."); *Charlie v. Rehoboth McKinley Christian Health*

Case No. 2:22-cv-01558-MJP
PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS - 19

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 ● FAX 206.682.2992

*Care Servs.*, No. CV 21-652 SCY/KK, 2022 WL 1078553, at *8 (D.N.M. Apr. 11, 2022) (holding that "loss of value of [plaintiffs'] Private Information" constitutes "non-speculative damages.")

Finally, Convergent characterizes California Plaintiff's allegations as conclusory and insufficient to assert a violation of the CCPA. Mot. at 19–20. But California Plaintiff has alleged the specific failures that led to the Data Breach, including Convergent's failure to encrypt or delete PII, and its failure to abide by industry or FTC standards regarding data security protocols. CAC ¶¶ 39–41, 70–79, 83, 102–07. At the pleading stage nothing more is required. *See Kirsten*, 2022 WL 16894503, at *3 (allegations that defendants allowed unauthorized parties on the internet to access plaintiffs' PII established plausibly that defendant failed to maintain reasonable security).

### J.   California Plaintiff Has Standing for the UCL's Unfair Prong.

Convergent makes two arguments seeking dismissal of California Plaintiff's UCL claim. First, Convergent argues that California Plaintiff fails to allege that she lost money or property, thus lacks standing under the UCL. Mot. at 20. And second, Convergent argues that California Plaintiff failed to sufficiently identify Convergent's statutory violations. Mot. at 20–21. However, as both arguments rely on a misreading of the complaint and the relevant law, Convergent's motion to dismiss the UCL claim should be denied.

California's Unfair Competition Law affords a right of action to any "person who has suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204. The lost money or property requirement is construed broadly to incorporate economic injuries "in any nontrivial amount." *Kwikset Corp. v. Superior Ct.*, 51 Cal. 4th 310, 325 (2011). While benefit of the bargain damages are easily recognizable as economic injuries, the UCL confers standing even absent direct out of pocket losses. *See, e.g.*, *Rex v. Chase Home Fin. LLC*, 905 F. Supp. 2d 1111, 1145 (C.D. Cal. 2012) (noting that UCL standing does not require a tangible monetary expenditure); *In re LinkedIn User Privacy Litig.*, No. 5:12–CV– 03088–EJD, 2014 WL 1323713, *4 (N.D. Cal. Mar. 28, 2014) (benefit of the bargain damages satisfies UCL standing).

Case No. 2:22-cv-01558-MJP
PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS - 20

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

Here, California Plaintiff readily satisfies the standing requirements of the UCL. She has alleged both that she was denied the benefit of the bargain with Convergent and that the value of her property, i.e., Private Information, lost value as a result of its release to unauthorized individuals. CAC ¶¶ 89–90, 113, 149, 170, 176–77, 221–33. Indeed, California Plaintiff has alleged that Private Information has value not only to data thieves but also in legitimate consumer marketplaces. CAC ¶¶ 89–90. Courts recognize that PII has value and the unauthorized disclosure of information compromises that value and is an economic injury. *Brown v. Google LLC*, No. 20-CV-03664-LHK, 2021 WL 6064009, at *15 (N.D. Cal. Dec. 22, 2021) (noting that the unauthorized disclosure of personal information impugns a property interest and thus confers standing under the UCL) (*citing Kwikset Corp.*, 51 Cal. 4th at 322); *Klein*, 580 F. Supp. 3d at 804 ("lost information and attention has material value").

California Plaintiff also alleges that the compromise of Private Information complicates or prevents her and Class members from securing loans, gaining employment, and participating in routine and necessary financial transactions. CAC ¶¶ 16, 91, 115–16. Such allegations demonstrate further injuries to California Plaintiff's property interests, which are economic injuries sufficient to confer standing under the UCL. *Fernandez v. Progressive Mgmt. Sys.*, No. 321CV00841BENWVG, 2022 WL 2541272, at *4 (S.D. Cal. July 7, 2022) (collecting cases, finding allegations of damage to credit and ability to obtain credit sufficient to demonstrate an economic injury under the UCL) (citing *Rubio v. Capital One Bank*, 613 F.3d 1195, 1204 (9th Cir. 2010); *see also In re Marriott*, 440 F. Supp. 3d at 461–62 (describing "the value that personal identifying information has in our increasingly digital economy").

Convergent next argues that California Plaintiff failed to sufficiently identify Convergent's predicate violations under the unlawful prong of the UCL. Mot. at 20. However, it is unclear what more Convergent demands as Plaintiffs have identified each law at issue and the manner in which Convergent failed to comply with those laws. CAC ¶¶ 102–11, 201–02, 310. Convergent is attempting to impose what amounts to a 9(b) standard here, and such heightened pleading is only required under the fraudulent prong of the UCL, which Plaintiffs have not

Case No. 2:22-cv-01558-MJP
PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS - 21

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 ● FAX 206.682.2992

alleged. *E.g.*, *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); *Downey Surgical Clinic, Inc. v. Ingenix, Inc.*, No. CV 09-5457 PSG (CTx), 2014 WL 12558848, at *11 (C.D. Cal. May 30, 2014). By alleging the specific statutes with which Convergent failed to comply and the manner in which Convergent violated those statutes, California Plaintiff adequately alleges violations of the unlawful prong of the UCL. *See Rubenstein v. Neiman Marcus Grp. LLC*, 687 F. App'x 564, 567 (9th Cir. 2017) (consumer alleged violation of UCL based on the FTC Act's price comparison guidelines); *Inga v. Bellacor.com, Inc.*, No. 219CV10406MWFMRW, 2020 WL 5769080, at *3 (C.D. Cal. July 17, 2020) ("Courts looks to FTC Guidelines for direction concerning what practices the FTC considers deceptive and thus violative of public policy.").

Finally, Convergent's argument that because the FTC Act does not afford a private right of action, it may not serve as a predicate violation of the UCL contravenes well-settled law. The California Supreme Court has long held that "[the UCL] its own distinct and limited equitable remedies for unlawful business practices, using other laws only to define what is 'unlawful.'" *Rose v. Bank of Am., N.A.*, 57 Cal. 4th 390, 397 (2013). California Plaintiff is not seeking to enforce the FTC Act but is instead using it to define the unlawful practices at issue. Thus, it is irrelevant that the FTC Act does not afford a private right of action. *Rubenstein*, 687 F. App'x at 567.

### K.  California Plaintiff's Invasion of Privacy Claim Is Properly Pleaded.

Finally, Convergent attacks California Plaintiff's invasion of privacy claim by arguing that because it did not affirmatively disclose the Private Information at issue, it cannot be liable for a violation of Article I, Section I of the California Constitution. Mot. at 22. Convergent's argument fails to appreciate that California recognizes an invasion of privacy where a defendant's intentional acts *or indifference* allow an unauthorized party to acquire private information. *E.g.*, *Doe v. Beard*, 63 F. Supp. 3d 1159, 1170 (C.D. Cal. 2014) ("[E]ven the allegation of a negligent disclosure can sustain an article I, § 1 claim for breach of privacy"); *Stasi*, 501 F. Supp. 3d at 926 (rejecting the argument that "only those who hack or steal information can be held liable [for

Case No. 2:22-cv-01558-MJP
PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS - 22

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

invasion of privacy]"); *see also, e.g.*, *Strawn v. Morris, Polich & Purdy, LLP*, 30 Cal. App. 5th 1087, 1100 (2019) (finding an invasion of privacy where the disclosing party had done nothing "illegal or illicit" to obtain the information).

Accordingly, the question before this Court is not whether Convergent affirmatively disclosed the California Plaintiff's Private Information, but whether it intentionally undertook a course of action, or exhibited indifference towards cybersecurity protections, that allowed for the Data Breach in the first place. *In re Ambry Genetics*, 567 F. Supp. 3d at 1143 (declining to dismiss invasion of privacy claim where the plaintiff alleged defendant intentionally failed to implement data safeguards against foreseeable threat of a data breach); *see also Kirsten*, 2022 WL 16894503, at *4 (noting that the element of intent extends to the intentional failure to guard against a known threat).

Here, Plaintiffs alleged that Convergent knew of the threat of a data breach, failed to implement reasonable safeguards, failed to follow industry standards, and failed to implement basic security protocols including the encryption or deletion of PII. CAC ¶¶ 39–41, 70–79, 83, 102–07. Ultimately, whether such conduct amounts to an egregious violation of social norms is a mixed question of law and fact. Given California Plaintiff's allegations, it is an issue that should not be decided on the pleadings. *Stasi*, 501 F. Supp. 3d at 926; *Strawn*, 30 Cal. App. 5th 1087 (2019); *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 214 F. Supp. 3d 808, 847 (N.D. Cal. 2016), *aff'd*, 890 F.3d 828 (9th Cir. 2018), *amended*, 897 F.3d 1224 (9th Cir. 2018), and *aff'd*, 735 F. App'x 241 (9th Cir. 2018) ("[T]he seriousness of the alleged invasion of privacy presented a question of fact that could not be resolved on demurrer.").

California Plaintiff adequately pleaded Convergent's intentional and egregious failure to safeguard Private Information in the face of a known threat to Convergent. California Plaintiff has satisfied her burden, and her invasion of privacy claim should proceed.

## CONCLUSION

For the foregoing reasons, Convergent's motion should be denied in its entirety, or leave to amend should be freely granted to Plaintiffs.

Case No. 2:22-cv-01558-MJP
PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS - 23

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

I certify that this memorandum contains 8,348 words, in compliance with the Local Civil Rule 7(e).

Respectfully submitted on this 12th day of April 2023.

**MASON LLP**

By: *s/Gary E. Mason*
Gary E. Mason*
Danielle L. Perry*
Lisa A. White*
5335 Wisconsin Avenue, NW, Suite 640
Washington, DC 20015
Telephone: 202.429.2290
gmason@masonllp.com
dperry@masonllp.com
lwhite@masonllp.com

*Interim Co-Lead Counsel for Plaintiffs and the Proposed Class*

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**

By: *s/Gary M. Klinger*
Gary M. Klinger**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Tel.: (866) 252-0878
Email: gklinger@milberg.com

*Interim Co-Lead Counsel for Plaintiffs and the Proposed Class*

**MORGAN & MORGAN COMPLEX LITIGATION GROUP**

By: *s/Jean S. Martin*
Jean S. Martin*
Email: jeanmartin@ForThePeople.com
Francesca Kester Burne**
Email: fkester@ForThePeople.com
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 559-4908

*Interim Co-Lead Counsel for Plaintiffs and the*

Case No. 2:22-cv-01558-MJP
PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS - 24

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

*Proposed Class & Co-Lead Whip*

**TOUSLEY BRAIN STEPHENS PLLC**

By: <u>s/Cecily C. Jordan</u>
Kim D. Stephens, P.S., WSBA #11984
Email: kstephens@tousley.com
Jason T. Dennett, WSBA #30686
Email: jdennett@tousley.com
Cecily C. Jordan, WSBA #50061
Email: cjordan@tousley.com
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101-3147
Tel: 206.682.5600
Fax: 206.682.2992

*Local Liaison Counsel for Plaintiffs and the Proposed Class*

*by pro hac vice admission

**application for pro hac vice admission to be filed.

Case No. 2:22-cv-01558-MJP
PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS - 25

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992