Hon. Marsha J. Pechman

1

2

3

4

5

6

7

8

**THE UNITED STATES DISTRICT COURT**

9

**FOR THE WESTERN DISTRICT OF WASHINGTON**

**AT SEATTLE**

10

11    LEO GUY, RYAN TANNER,           Case No.: 2:22-cv-01558-MJP
      MAGALY GRANADOS, KERRY
12    LAMONS, TAMMY RANO, VICK
      WILL, JENNIFER WHITE, as        **PLAINTIFFS' UNOPPOSED MOTION FOR**
13    individuals and on behalf of all others   **PRELIMINARY APPROVAL OF CLASS**
      similarly situated,             **ACTION SETTLEMENT**
14
                    Plaintiffs,
15    vs.                             NOTING DATE: October 30, 2023

16    CONVERGENT OUTSOURCING,
      INC.
17
                    Defendant.
18

19

20

21

22

23

24

25

26

27

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................... iii

TABLE OF CONTENTS ................................................................................................. 1

I.    INTRODUCTION ................................................................................................ 1

II.   STATEMENT OF FACTS .................................................................................... 1

III.  PROCEDURAL HISTORY .................................................................................. 2

IV.   THE SETTLEMENT TERMS .............................................................................. 3

      A.    Proposed Settlement Class ......................................................................... 3

      B.    Settlement Benefits – Monetary Relief ...................................................... 4

            1.    Expense and Lost-Time Reimbursement. .......................................... 4

            2.    Other Extraordinary Expense Reimbursement. ................................ 4

            3.    Alternative Cash Payment ................................................................ 5

      C.    Class Notice and Settlement Administration .............................................. 5

      D.    Attorneys' Fees and Expenses ................................................................... 6

      E.    Service Awards to Named Plaintiffs .......................................................... 6

      F.    Release ....................................................................................................... 7

V.    LEGAL AUTHORITY ........................................................................................ 7

VI.   ARGUMENT ...................................................................................................... 7

      A.    The Settlement Satisfies Rule 23(a) ........................................................... 8

            i.     The proposed Class is sufficiently numerous. .................................. 9

            ii.    The Settlement Class Satisfies the Commonality Requirement ....... 9

            iii.   Plaintiffs' claims and defenses are typical to those of the Settlement Class. 10

            iv.    Plaintiffs will adequately protect the interests of the Class. ......... 10

      B.    The Requirements of Rule 23(b)(3) Are Met for Purposes of Settlement. ........... 11

      C.    The Settlement Should Be Preliminarily Approved Pursuant to Rule 23(e). ....... 13

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 ● FAX 206.682.2992

1.   The Strength of Plaintiffs' Case..............................................................14

2.   The Risk, Expense, Complexity, and Likely Duration of Further Litigation15

3.   The Risk of Maintaining Class Action Status Through Trial .......................16

4.   The Amount Offered in Settlement..............................................................17

5.   The Extent of Discovery Completed and the Stage of Proceedings .............18

6.   The Experience and Views of Counsel ........................................................19

7.   Governmental Participants...........................................................................19

8.   The Reaction of the Class Members to the Proposed Settlement .................19

9.   Lack of Collusion Among the Parties ..........................................................19

10.  The Settlement Treats Settlement Class Members Equitably.......................20

D.   The Court Should Approve the Proposed Notice Program...................................21

E.   Appointment of the Settlement Administrator.....................................................23

F.   Appointment of Settlement Class Counsel .........................................................23

VII.   CONCLUSION..............................................................................................................24

PLTFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT – ii
Case No.: 2:22-cv-01558-MJP

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Adlouni v. UCLA Health Systems Auxiliary, et al.*,
   No. BC 589243 (Cal. Super. Ct. June 28, 2019)...............................................18

5

6

*Amchem Prods., Inc. v. Windsor*,
   521 U.S. 591 (1997)........................................................................8, 11, 12

7

*In re Anthem, Inc. Data Breach Litig.*,
   No. 5:15-md-02617 (N.D. Cal. Aug. 15, 2018)................................................18

8

9

*In re Bluetooth Headset Prods. Liab. Litig.*,
   654 F.3d 935 (9th Cir. 2011) .......................................................................14

10

11

*Burrows v. Purchasing Power, LLC*,
   No. 1:12-CV-22800-UU, 2012 WL 9391827 (S.D. Fla. Oct. 18, 2012) ..........................15

12

*Butler v. Sears, Roebuck & Co.*,
   727 F.3d 796 (7th Cir. 2013) .......................................................................11

13

14

*Calderon v. Wolf Firm*,
   No. SACV 16-1622-JLS(KESx), 2018 WL 6843723 (C.D. Cal. Mar. 13, 2018) ............17

15

*In re: Capital One Consumer Data Breach Litigation*,
   MDL No. 1:19md2915 (E.D. Va. Aug. 29, 2022) .............................................18

16

17

*Class Plaintiffs v. City of Seattle*,
   955 F.2d 1268 (9th Cir. 1992) .......................................................................7

18

19

*Cohorst v. BRE Props.*,
   No. 3:10-CV-2666-JM-BGS, 2011 WL 7061923 (S.D. Cal. Nov. 9, 2011) ...................20

20

*Eisen v. Carlisle & Jacquelin*,
   417 U.S. 156 (1974)...................................................................................21

21

22

*Ellis v. Costco Wholesale Corp.*,
   657 F.3d 970 (9th Cir. 2011) .......................................................................9, 10

23

24

*Fox v. Iowa Health Sys.*,
   No. 3:18-CV-00327-JDP, 2021 WL 826741 (W.D. Wis. Mar. 4, 2021).........................15

25

*Franklin v. Kaypro Corp.*,
   884 F.2d 1222 (9th Cir. 1989) .......................................................................14

26

27

PLTFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT – iii
Case No.: 2:22-cv-01558-MJP

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

*G. F. v. Contra Costa Cty.*,
   No. 13-cv-03667-MEJ, 2015 WL 4606078 (N.D. Cal. July 30, 2015) ............................19

*Grimm v. American Eagle Airlines, Inc.*,
   No. LA CV 11-00406 JAK(MANx), 2014 WL 12746376 (C.D. Cal. Sept. 24, 2014) .....16

*Hammond v. The Bank of N.Y. Mellon Corp.*,
   No. 08 Civ. 6060 (RMB) (RLE), 2010 WL 2643307
   (S.D.N.Y. June 25, 2010).................................................................................................16

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998) .........................................................................10, 11, 14

*Hartranft v. TVI, Inc.*,
   No. 15-01081-CJC-DFM, 2019 WL 1746137 (C.D. Cal. Apr. 18, 2019) ......................22

*Hillman v. Lexicon Consulting, Inc.*,
   No. EDCV 16-01186-VAP(SPx), 2017 WL 10433869 (C.D. Cal. April 27, 2017) ..........19

*Hunichen v. Antonomi LLC*,
   No. C19-0615-RAJ-SKV, 2021 WL 5854964 (W.D. Wash. Nov. 12, 2021) ..................13

*Huynh v. Quora, Inc.*,
   508 F. Supp. 3d 633 (N.D. Cal. 2020) ............................................................................14

*In re Hyundai & Kia Fuel Economy Litig.*,
   926 F.3d 539 (9th Cir. 2019) ........................................................................................9, 21

*Just Film, Inc. v. Buono*,
   847 F.3d 1108 (9th Cir. 2017) ....................................................................................10, 12

*Kater v. Churchill Downs Inc.*,
   15-CV-00612-RSL, 2021 WL 511203 (W.D. Wash. Feb. 11, 2021) .................................6

*In re LinkedIn User Priv. Litig.*,
   309 F.R.D. 573 (N.D. Cal. 2015).....................................................................................18

*Linney v. Cellular Alaska P'ship*,
   151 F.3d 1234 (9th Cir. 1998) ...................................................................................15, 18

*Local Joint Exec. Bd. of Culinary/ Bartender Trust Fund v. Las Vegas Sands, Inc.*,
   244 F.3d 1152 (9th Cir. 2001) ...................................................................................12, 13

*Lucas v. Kmart Corp.*,
   234 F.R.D. 688 (D. Colo. 2006) ......................................................................................14

*In re Marriott Int'l, Inc.*,
   78 F.4th 677 (4th Cir. 2023) ............................................................................................17

PLTFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT – iv
Case No.: 2:22-cv-01558-MJP

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

*In re Marriott International Customer Data Securities Breach Litigation*,
   341 F.R.D. 128 (D.Md. 2022)............................................................................17

*In re Mego Fin. Corp. Sec. Litig.*,
   213 F.3d 454 (9th Cir. 2000) ...........................................................................6

*Meyer v Portfolio Recovery Associates*,
   707 F.3d 943 (9th Cir. 2012) .........................................................................10

*Nat'l Rural Telecomm. Coop. v. DirecTV, Inc.*,
   221 F.R.D. 523 (C.D. Cal. 2004).....................................................................19

*Norton v. Maximus, Inc.*,
   2017 WL 1424636 (D. Idaho Apr. 17, 2017) ................................................19

*In re Online DVD-Rental Antitrust Litig.*,
   779 F.3d 934 (9th Cir. 2015) .........................................................................21

*Orantes-Hernandez v. Smith*,
   541 F. Supp. 351 (C.D. Cal. 1982) ..................................................................9

*Paredes Garcia v. Harborstone Credit Union*,
   No. 3:21-CV-05148-LK, 2023 WL 4315117 (W.D. Wash. July 3, 2023) ......................20

*Pauley v. CF Entmt't*,
   No. 2:13-CV-08011-RGK-CW, 2020 WL 5809953 (C.D. Cal. July 23, 2020) ................6

*Paz v. AG Adriano Goldschmeid, Inc.*,
   No. 14CV1372DMS(DHB), 2016 WL 4427439 (S.D. Cal. Feb. 29, 2016)....................16

*Phillips Petroleum Co. v. Shutts*,
   472 U.S. 797 (1985)......................................................................................21

*Rannis v. Recchia*,
   380 Fed. App'x 646 (9th Cir. 2010) ...............................................................9

*Roe v. Frito-Lay, Inc.*,
   No. 14-cv-00751, 2017 WL 1315626 (N.D. Cal. Apr. 7, 2017)........................21

*Smith v. Triad of Ala., LLC*,
   No. 1:14-CV-324-WKW, 2017 WL 1044692
   (M.D. Ala. Mar. 17, 2017)............................................................................17

*Spencer v. #1 A LifeSafer of Ariz., LLC*,
   No. CV-18-02225-PHX-BSB, 2019 WL 1034451 (D. Ariz. Mar. 4, 2019)....................23

*In re Target Corp. Customer Data Sec. Breach Litig.*,
   MDL No. 14-2522, 2017 WL 2178306 (D. Minn. May 17, 2017)....................18

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

*In re the Home Depot, Inc., Customer Data Sec. Breach Litig.*,
    No. 1:14-MD-02583-TWT, 2016 WL 6902351 (N.D. Ga. Aug. 23, 2016) ................9, 18

*Tuttle v. Audiophile Music Direct Inc.*,
    No.C22-1081JLR, 2023 WL 3318699 (W.D. Wash. May 9, 2023) ................................13

*Tyson Foods, Inc. v. Bouaphakeo*,
    577 U.S. 442 (2016)....................................................................................................12

*In re U.S. Office of Pers. Mgmt. Data Sec. Breach Litig.*,
    266 F. Supp. 3d 1 (D.D.C. 2017), *reversed in part*, 928 F.3d 42
    (D.C. Cir. June 21, 2019) .........................................................................................16

*Valentino v. Carter-Wallace, Inc.*,
    97 F.3d 1227 (9th Cir. 1996) ....................................................................................13

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011)......................................................................................................9

*Wallace v. Health Quest Sys., Inc.*,
    No. 20 CV 545 (VB), 2021 WL 1109727 (S.D.N.Y. Mar. 23, 2021) ..............................14

*Wolin v. Jaguar Land Rover N. Am., LLC*,
    617 F.3d 1168 (9th Cir. 2010) .............................................................................12, 13

*Yahoo Mail Litig.*,
    No. 13-CV-4980, 2016 WL 4474612, at *11 (N.D. Cal. Aug. 25, 2016) ........................6

**Other Authorities**

Fed. R. Civ. P. 23(a) ................................................................................9, 10, 11, 12

Fed. R. Civ. P. 23(b) ....................................................................................11, 12, 21

Fed. R. Civ. P. 23(c) ...................................................................................................21

Fed. R. Civ. P. 23(e) ...........................................................................7, 13, 14, 20, 21

Fed. R. Civ. P. 23(g) ............................................................................................23, 24

Manual for Complex Litigation (Fourth) (2004) § 21.63 ......................................7, 8

4 Newberg on Class Actions § 11.41 (4th ed. 2002) ................................................7

PLTFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT – vi
Case No.: 2:22-cv-01558-MJP

**Tousley Brain Stephens PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

## I.    INTRODUCTION

Plaintiffs Leo Guy, Ryan Tanner, Magaly Granados, Kerry Lamons, Tammy Rano, Vicki Will, and Jennifer White submit this Unopposed Motion for Preliminary Approval of Class Action Settlement. Defendant, Convergent Outsourcing, Inc. ("Convergent" or "Defendant") does not oppose certification of the Settlement Class solely for purposes of facilitating the settlement sought to be approved in this motion. Plaintiffs strongly believe the Settlement is fair, reasonable and adequate, and that the Court should grant preliminary approval and notice should be distributed to Class Members.

## II.    STATEMENT OF FACTS

This matter concerns a putative class action arising out of a data breach of Convergent's computer systems that Convergent discovered in June 2022 (the "Data Incident"). During the Data Incident, an unauthorized individual accessed Convergent's computer systems and deployed tools to encrypt Convergent's systems and access certain personally identifiable information ("PII" of Plaintiffs and the Settlement Class members.)

While Convergent was unable to conclusively determine that the unauthorized individual accessed the content of certain exfiltrated files containing names, contact information, financial account numbers and Social Security numbers, (collectively, "Private Information"), Convergent notified approximately 640,906 individuals that their Private Information may have been the subject of a ransomware attack. Plaintiffs brought this action on behalf of all persons whose PII may have been compromised, alleging claims based on Convergent's failure to: (i) adequately protect PII; (ii) warn of its inadequate information security practices; and (iii) effectively monitor its network for security vulnerabilities and incidents. Plaintiffs allege that Convergent's conduct amounted to negligence and violated federal and state statutes. Plaintiffs allege that they and Class Members have suffered injury as a result of Convergent's conduct. These injuries include: (i) lost or diminished value of PII; (ii) out-of-pocket expenses associated with the prevention, detection, and recovery from identity theft, tax fraud, and/or unauthorized use of their PII; (iii) lost opportunity costs associated with attempting to mitigate the actual consequences of the

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

Data Incident, including but not limited to lost time, (iv) deprivation of rights they possess under the Washington Consumer Protection Act (RCW 19.86.010 *et seq.*); and (v) the continued and certainly an increased risk to their PII, which remains in Convergent's possession and is subject to further unauthorized disclosures so long as Convergent fails to undertake appropriate and adequate measures to protect the PII.

Convergent denies each and all of the claims and contentions alleged against it in the Litigation. Convergent denies all wrongdoing or liability associated with the Data Incident alleged, or which could be alleged, in the Litigation. Nonetheless, Convergent has concluded that further conduct of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Settlement Agreement.

## III.   PROCEDURAL HISTORY

Beginning on November 2, 2022, Plaintiffs, individually and on behalf of a putative class, filed various actions against Defendant asserting claims concerning the Data Incident in this Court (the "Litigation"). The cases were consolidated into the instant matter and Gary E. Mason of Mason LLP, Jean S. Martin of Morgan & Morgan Complex Litigation Group, and Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC were appointed as Interim Co-Lead Counsel and Cecily C. Jordan of Tousley Brain Stephens, PLLC was appointed as Liaison Counsel. Thereafter the Settling Parties engaged in discovery and briefed a motion to dismiss.

Plaintiffs filed their Consolidated Amended Complaint on February 10, 2023. On March 13, 2023, Convergent moved to dismiss the Consolidated Amended Complaint in its entirety.

Over the course of several months, the Parties engaged in settlement negotiations. The parties then agreed to participate in early mediation and prior to doing so, informally exchanged discovery on a variety of topics related to the Litigation. The parties selected Bennett Picker, Esq. of Stradley Ronon, a well-regarded private mediator with considerable experience mediating data breach class actions, to preside over the mediation. The parties drafted and exchanged

PLTFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT – 2
Case No.: 2:22-cv-01558-MJP

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 ● FAX 206.682.2992

mediation briefs prior to mediation, and participated in pre-mediation sessions with Mediator Picker.

On May 11, 2023, while the Motion to Dismiss was fully briefed and pending, and after the exchange of informal discovery, the Settling Parties engaged in an all-day, arms-length virtual mediation before Mediator Picker in an attempt to resolve the Litigation. During the course of the settlement discussions, Convergent disclosed information regarding the limited remaining insurance funds available to cover the claims of class members. While the Settling Parties made some headway in the initial mediation session, the Settling Parties were unable to reach resolution.

In the three months following the mediation, the Settling Parties continued to engage in negotiations with the assistance of Mr. Picker. In addition, on July 20, 2023, the Court granted in part and denied in part Convergent's motion to dismiss, dismissing *with prejudice* Plaintiffs' negligence, breach of implied contract, breach of the duty of confidence, Washington Data Breach Law, and California constitutional privacy claims. The Court also dismissed *without prejudice* Plaintiffs' CCPA claim for statutory damages, but allowed Plaintiffs' CCPA claim for pecuniary damages, invasion of privacy, unjust enrichment, Washington CPA, UCL, and declaratory relief claims to proceed. Ultimately, after many sessions, Mr. Picker made a mediator's proposal of a common fund settlement of $2.45 million. Both parties accepted on August 11, 2023. Thereafter the Settling Parties continued negotiations to formalize the terms of the settlement set forth in the present Settlement Agreement. The parties executed the Settlement Agreement on or about October 30, 2023.

## IV.   THE SETTLEMENT TERMS

### A.   Proposed Settlement Class

The Proposed Settlement will provide substantial relief for the Settlement Class, which is defined as: "[All persons residing in the United States to whom Defendant Convergent Outsourcing, Inc. sent notification that their personal information may have been compromised by unauthorized third parties as a result of the data security incident discovered by Convergent

PLTFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT – 3
Case No.: 2:22-cv-01558-MJP

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

on or about June 17, 2022." Settlement Agreement[1] ("S.A.") ¶ 3.1. The Settlement Class contains approximately 640,906 individuals.

**B.      Settlement Benefits – Monetary Relief**

The Settlement negotiated on behalf of the Class consists of a $2,450,000 Settlement Fund from which class members may make a claim for: (1) reimbursement of ordinary expenses and lost time up to $1,500 per Class Member; (2) reimbursement of extraordinary expenses up to $10,000 per Class Member, or; (3) as an alternative to filing a claim for reimbursement of Ordinary Losses, Attested Time Spent, or Extraordinary losses, Settlement Class Members may submit a claim to receive an alternative cash payment, which will be a pro rata share of the net Settlement Fund. S.A. ¶ 4.2.

1.   Expense and Lost-Time Reimbursement.

The first category of payments is designed to provide reimbursement for ordinary out-of-pocket expenses related to the Data Incident and to compensate Class Members for time spent dealing with the effects of the Data Incident. S.A. ¶ 4.2.1 Ordinary expense reimbursements can be claimed at up to $1,500 per Class Member. *Id.*

Notably, this category of reimbursements specifically includes up to ten hours of lost time spent dealing with any effects of the Data Incident, compensated at $30 per hour. S.A. ¶ 4.2.2. Reimbursable ordinary expenses also include: (i) unreimbursed losses relating to fraud or identity theft; (ii) credit monitoring costs that were incurred on or after the Data Incident through the date of claim submission; and (iii) bank fees, long distance phone charges, postage, or gasoline for local travel. S.A. ¶ 4.2.1.

2.   Other Extraordinary Expense Reimbursement.

The second category provides for reimbursement of extraordinary expenses, up to $10,000 per Settlement Class Member, incurred between June 1, 2022 and the Claims Deadline for documented, unreimbursed out-of-pocket expenses resulting from the Data Incident. S.A. ¶ 4.2.3.

---

[1] A copy of the Settlement Agreement is attached as Exhibit B to the Klinger Dec.

PLTFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT – 4
Case No.: 2:22-cv-01558-MJP

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 ● FAX 206.682.2992

3.   Alternative Cash Payment

As an alternative to filing a claim for reimbursement of Ordinary Losses, Attested Time Spent, and/or Extraordinary Losses, Settlement Class Members may submit a claim to receive a *pro rata* payment from the net Settlement Fund after payment of costs of the settlement including the costs of carrying out the Notice Program and Claims Administration, any Attorneys' Fees and Expenses Award, any Service Award to Representative Plaintiff, and payments for claims for Ordinary Losses, Attested Time Spent, and Extraordinary Losses. S.A. ¶ 4.2.4.

**C.   Class Notice and Settlement Administration**

Notice will be paid for from the Settlement Fund and has been designed to reach the greatest practicable number of Settlement Class Members. Declaration of Cameron R. Azari, Esq. Regarding Notice Program ("Admin. Dec.") ¶ 19. Notice will be given to the Settlement Class via individual notice, which will be given by mailing the Short-Form notice (Exhibit C to the Settlement Agreement) to the postal addresses provided to the Claims Administrator by Convergent. S.A. ¶¶ 6.2, 6.3, *see slso* Admin. Dec. ¶ 22. A Long Notice, attached to the Settlement Agreement as Exhibit B, will also be posted on the settlement website, which will be established by the Claims Administrator within 30 days of the entry of the Preliminary Approval Order (the "Notice Deadline"), along with other important documents such as the Settlement Agreement and the motions for final approval and for attorneys' fees and expenses. S.A. ¶ 6.3.2. The notice documents are clear and concise and directly apprise Class Members of all the information they need to know to make a claim or to opt-out or object to the Settlement. Admin Dec. ¶ 28. Furthermore, a toll-free number with interactive voice response, FAQs, and an option to speak to a live operator will be made available to address Class Members' inquiries. *Id.*

Moreover, Defendant has retained Epiq, a nationally recognized and well-regarded class action settlement administrator, to serve as Claims Administrator, subject to the Court's approval. *See* Declaration of Gary M. Klinger ("Klinger Dec."), ¶ 34.

PLTFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT – 5
Case No.: 2:22-cv-01558-MJP

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 ● FAX 206.682.2992

1

**D.      Attorneys' Fees and Expenses**

2

If the Settlement is preliminarily approved, proposed Class Counsel plan to petition the

3

Court for an award of reasonable attorneys' fees and costs after the Settlement Class has received

4

notice of the Settlement. Plaintiffs will file a motion seeking an award of reasonable attorneys'

5

fees as well as reimbursement of their reasonable costs and litigation expenses incurred. S.A.

6

¶ 11.1.

7

Class Counsel's fee request will be well within the range of reasonableness for

8

Settlements of this nature and size. The Ninth Circuit has held that attorneys' fees awards of 1/3

9

of the fund to be reasonable. *See In re Mego Fin. Corp. Sec. Litig*., 213 F.3d 454, 463 (9th Cir.

10

2000) (affirming award of one-third of total recovery); *see also Kater v. Churchill Downs Inc.*,

11

15-CV-00612-RSL, 2021 WL 511203, at *1 (W.D. Wash. Feb. 11, 2021) (noting mean fee award

12

in this District is nearly 27%).

13

**E.      Service Awards to Named Plaintiffs**

14

Plaintiffs in this case have been vital in litigating this matter, including providing

15

important information about the impact of the Data Breach to proposed Settlement Class

16

Counsel. Plaintiffs have been personally involved in the case and support the Settlement. Klinger

17

Dec., ¶ 41. Plaintiffs will separately petition the Court for awards of $1,500 each in recognition

18

of the time, effort, and expense they incurred pursuing claims that benefited the Settlement Class.

19

S.A. ¶ 11.2.

20

The amount requested here is presumptively reasonable and commonly awarded in settled

21

class action cases. *See, e.g.*, *Pauley v. CF Entm't*, No. 2:13-CV-08011-RGK-CW, 2020 WL

22

5809953, at *4 (C.D. Cal. July 23, 2020) (Where the Court granted "class representative

23

enhancement fees in the amount of $5,000 each to Plaintiffs," finding that amount to be

24

"presumptively reasonable"); *Yahoo Mail Litig.*, No. 13-CV-4980, 2016 WL 4474612, at *11

25

(N.D. Cal. Aug. 25, 2016) ("The Ninth Circuit has established $5,000.00 as a reasonable

26

benchmark [for service awards].").

27

PLTFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT – 6
Case No.: 2:22-cv-01558-MJP

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 ● FAX 206.682.2992

**F.      Release**

Upon entry of the Final Approval Order, Plaintiffs and the Settlement Class will be deemed to have "fully, finally, and forever released, relinquished, and discharged all Released Claims." S.A., generally.  "Released Claims" are defined, *inter alia*, as:

> any and all claims, demands, actions or causes of action with respect to the Data Incident, whether known or unknown, that have been asserted in the Litigation, or that could have been asserted, that arise out of or relate to the causes of action, allegations, practices, or conduct at issue in the Litigation related to Convergent or the Data Incident.

S.A. ¶ 2.28.   Released Claims does not include claims relating to the enforcement of the settlement and shall not include any claims of Settlement Class Members who have timely excluded themselves from the Settlement Class.

**V.      LEGAL AUTHORITY**

Plaintiffs bring this motion pursuant to Federal Rule Civil Procedure 23(e), under which court approval is required to finalize a class action settlement. Courts, including those in this Circuit, endorse a three-step procedure for approval of class action settlements: (1) preliminary approval of the proposed settlement followed by (2) dissemination of court-approved notice to the class and (3) a final fairness hearing at which class members may be heard regarding the settlement and at which evidence may be heard regarding the fairness, adequacy, and reasonableness of the settlement. Manual for Complex Litigation (Fourth) (2004) § 21.63.

Here, Plaintiffs request the Court grant preliminary approval of the proposed Settlement.

**VI.      ARGUMENT**

Federal courts strongly favor and encourage settlements, particularly in class actions where the inherent costs, delays, and risks of continued litigation might otherwise overwhelm any potential benefit the class could hope to obtain. *See Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) (noting the "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned"); 4 Newberg on Class Actions

PLTFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT – 7
Case No.: 2:22-cv-01558-MJP

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

§ 11.41 (4th ed. 2002) (citing cases). Forcing claims like those at issue here to be handled through individual litigation would unduly tax the court system, require massive expenditures of resources, and would be impracticable given the relatively small value of the claims of the individual class members. Thus, the Settlement provides the best vehicle for Settlement Class Members to receive the relief to which they are entitled in a prompt and efficient manner.

The Manual for Complex Litigation (Fourth) advises that in cases presented for both preliminary approval and class certification, the "judge should make a preliminary determination that the proposed class satisfies the criteria." § 21.632. The court's evaluation of certification in the context of a settlement is somewhat different than in a case that has not yet settled. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). In some ways, the court's review of certification of a settlement-only class is lessened: as no trial is anticipated in a settlement-only class case, the case management issues inherent in the ascertainable class determination need not be confronted. *See id.* Other certification issues, however, such as "those designed to protect absentees by blocking unwarranted or overbroad class definitions," require heightened scrutiny in the settlement-only class context "for a court asked to certify a settlement class will lack the opportunity, present when a case is litigated, to adjust the class, informed by the proceedings as they unfold." *Id.*

Plaintiffs here seek certification of a Settlement Class consisting of: "All persons residing in the United States to whom Defendant Convergent Outsourcing, Inc. sent notification that their personal information may have been compromised by unauthorized third parties as a result of the data security incident discovered by Convergent on or about June 17, 2022." S.A. ¶ 3.1 The Settlement Class contains approximately 640,906 individuals.

For the reasons set forth below, the Court should certify the Class for settlement purposes and preliminarily approve the Settlement.

A.   **The Settlement Satisfies Rule 23(a).**

Before assessing the parties' settlement, the Court should first confirm the underlying settlement class meets the requirements of Rule 23(a). *See Amchem*, 521 U.S. at 620; Manual for

PLTFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT – 8
Case No.: 2:22-cv-01558-MJP

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

Complex Litigation (Fourth), § 21.632. These requirements are:  numerosity, commonality, typicality, and adequacy—each of which is met here. Fed. R. Civ. P. 23(a); *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 979–80 (9th Cir. 2011).

i. <u>The proposed Class is sufficiently numerous.</u>

While there is no fixed point at which the numerosity requirement is met, Courts find numerosity where there are so many class members as to make joinder impracticable. *See* Fed. R. Civ. P. 23(a)(1). "Where the exact size of the class is unknown but general knowledge and common sense indicate that it is large, the numerosity requirement is satisfied." *Orantes-Hernandez v. Smith*, 541 F. Supp. 351, 370 (C.D. Cal. 1982). Generally, Courts will find numerosity is satisfied where a class includes at least 40 members. *Rannis v. Recchia*, 380 Fed. App'x 646, 651 (9th Cir. 2010). Numbering approximately 640,000 individuals, the proposed settlement class easily satisfies Rule 23's numerosity requirement. Joinder of so many individuals is clearly impracticable—thus the numerosity prong is satisfied.

ii. <u>The Settlement Class Satisfies the Commonality Requirement</u>.

The Settlement Class also satisfies the commonality requirement, which requires that class members' claims "depend upon a common contention," of such a nature that "determination of its truth or falsity will resolve an issue that is central to the validity of each [claim] in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Here, as in most data breach cases, "[t]hese common issues all center on [Defendant's] conduct, satisfying the commonality requirement." *In re the Home Depot, Inc., Customer Data Sec. Breach Litig.*, No. 1:14-MD-02583-TWT, 2016 WL 6902351, at *2 (N.D. Ga. Aug. 23, 2016). For the same reason, Plaintiffs allege that predominance is readily met here "where the class is a 'cohesive group of individuals [who] suffered the same harm in the same way because of the [defendant's] conduct.'" *In re Hyundai & Kia Fuel Economy Litig.*, 926 F.3d 539, 559 (9th Cir. 2019). Thus, common questions include, *inter alia*, whether Convergent engaged in the wrongful conduct alleged; whether Class Members' PII was compromised in the Data Incident; whether Convergent owed a duty to Plaintiffs and Class members; whether Convergent breached its duties; and whether Convergent

PLTFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT – 9
Case No.: 2:22-cv-01558-MJP

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

unreasonably delayed in notifying Plaintiffs and class members of the material facts of the Data Incident.

Thus, Plaintiffs have met the commonality requirement of Rule 23(a).

iii.  <u>Plaintiffs' claims and defenses are typical to those of the Settlement Class.</u>

Plaintiffs satisfy the typicality requirement of Rule 23 because Plaintiffs' claims, which are based on Defendant's alleged failure to protect the PII of Plaintiffs and all members of the Class, are "reasonably coextensive with those of the absent class members." *See* Fed. R. Civ. P. 23(a)(3); *Meyer v Portfolio Recovery Associates*, 707 F.3d 943, 1041-42 (9th Cir. 2012) (upholding typicality finding). Plaintiffs allege their PII was compromised, and that they were therefore impacted by the same allegedly inadequate data security that they allege harmed the rest of the Settlement Class. *See Just Film, Inc. v. Buono*, 847 F.3d 1108, 1118 (9th Cir. 2017) ("[I]t is sufficient for typicality if the plaintiff endured a course of conduct directed against the class."). Thus, typicality has been met.

iv.  <u>Plaintiffs will adequately protect the interests of the Class.</u>

The adequacy requirement of Rule 23 is satisfied where (1) there are no antagonistic or conflicting interests between named plaintiffs and their counsel and the absent class members; and (2) the named plaintiffs and their counsel will vigorously prosecute the action on behalf of the class. Fed. R. Civ. P. 23(a)(4); *see also Ellis v. Costco Wholesale Corp.*, 657 F.3d at 985 (*citing Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998)).

Here, Plaintiffs have no conflicts of interest with other class members, are subject to no unique defenses, and they and their counsel have and continue to vigorously prosecute this case on behalf of the class. Plaintiffs are members of the Class who experienced the same injuries and seek, like other Class Members, compensation for Convergent's data security shortcomings. As such, their interests and the interests of their counsel are not inconsistent with those of other Class Members.

PLTFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT – 10
Case No.: 2:22-cv-01558-MJP

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 ● FAX 206.682.2992

Further, counsel for Plaintiffs have decades of combined experience as vigorous class action litigators and are well suited to advocate on behalf of the Class. *See* Klinger Dec., ¶¶ 2–25, and Exhibit A, resumes of Settlement Class Counsel. Thus, Plaintiffs satisfy the requirement of adequacy.

**B.      The Requirements of Rule 23(b)(3) Are Met for Purposes of Settlement.**

"In addition to meeting the conditions imposed by Rule 23(a), the parties seeking class certification must also show that the action is maintainable under Fed. R. Civ. P. 23(b)(1), (2) or (3)." *Hanlon*, 150 F.3d at 1022. Here, Plaintiffs allege that the Settlement Class is maintainable for purposes of settlement under Rule 23(b)(3), as common questions predominate over any questions affecting only individual members and class resolution is superior to other available methods for a fair and efficient resolution of the controversy. *Id.*

Rule 23(b)(3) requires that a district court determine that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." In determining whether the "superiority" requirement is satisfied, a court may consider: (1) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (2) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (3) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (4) the difficulties likely to be encountered in the management of a class action. Fed. R. Civ. P. 23(b)(3).

The predominance requirement "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem*, 521 U.S. at 623 (citing Wright, et al., Fed. Prac. and Proc. § 1777, p. 518–19 (2d ed. 1986)). "If common questions 'present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication,' then 'there is clear justification for handling the dispute on a representative rather than on an individual basis,' and the predominance test is satisfied." *See Hanlon*, 150 F.3d at 1022. To satisfy this requirement, "common issues need only predominate, not outnumber individual issues." *Butler v. Sears, Roebuck & Co.*, 727 F.3d 796, 801 (7th Cir. 2013) (quotations omitted).

PLTFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT – 11
Case No.: 2:22-cv-01558-MJP

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Plaintiffs' claims depend, first and foremost, on whether Convergent used reasonable data security measures to protect consumers' PII. That question can be resolved, for purposes of settlement, using the same evidence for all Class Members, and thus is precisely the type of predominant question that makes a class-wide settlement worthwhile. *See, e.g.*, *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453–54 (2016) ("When 'one or more of the central issues in the action are common to the class and can be said to predominate, the action may be considered proper under Rule 23(b)(3) . . . .'") (citation omitted).

Class certification here is also "superior to other available methods for . . . fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(a)(4). Classwide resolution is the only practical method of addressing the alleged violations at issue in this case. Adjudicating individual actions here is impracticable: the amount in dispute for individual class members is too small, the technical issues involved are too complex, and the required expert testimony and document review too costly. *See Just Film*, 847 F.3d at 1123; *Local Joint Exec. Bd. of Culinary/ Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1163 (9th Cir. 2001) (cases involving "multiple claims for relatively small individual sums" are particularly well suited to class treatment); *see also Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010) ("Where recovery on an individual basis would be dwarfed by the cost of litigating on an individual basis, this factor weighs in favor of class certification.").

Because Plaintiffs seek to certify a class in the context of a settlement, this Court need not consider any possible management-related problems as it otherwise would. *See Amchem Prods.*, 521 U.S. at 620 ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, see Fed. R. Civ. P. 23(b)(3)(D), for the proposal is that there be no trial.").

In any event, no one member of the class has an interest in controlling the prosecution of this action because Plaintiffs' claims and the claims of the members of the class are the same. Alternatives to a class action are either no recourse for thousands of individuals, or a multiplicity of suits resulting in an inefficient and possibly disparate administration of justice. Classwide

resolution is the only practical method of addressing the alleged violations at issue in this case. There are thousands of class members with modest individual claims, most of whom likely lack the resources necessary to seek individual legal redress. *See Las Vegas Sands, Inc.*, 244 F.3d at (9th Cir. 2001); *Wolin*, 617 F.3d at 1175 (9th Cir. 2010); *Valentino v. Carter-Wallace, Inc.,* 97 F.3d 1227, 1234 (9th Cir. 1996) (The class action method is considered to be superior if "classwide litigation of common issues will reduce litigation costs and promote greater efficiency".) A class action is therefore superior to other methods for the fair and efficient adjudication of the claims of Plaintiffs and the Class.

### C.       The Settlement Should Be Preliminarily Approved Pursuant to Rule 23(e).

In order for the court to preliminarily approve a class settlement and to direct that notice be sent to class members, the parties must show that the court "will likely be able to (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1)(B). *Tuttle v. Audiophile Music Direct Inc.,* No.C22-1081JLR, 2023 WL 3318699, at *3 (W.D. Wash. May 9, 2023). Rule 23(e) provides that a proposed class action may be "settled, voluntarily dismissed, or compromised only with the court's approval." Moreover, "[t]he parties must provide the court with information sufficient to enable it to determine whether to give notice of the proposal to the class."  If the parties make a sufficient showing that the Court will likely be able to "approve the proposal" and "certify the class for purposes of judgment on the proposal," "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e). Thus, notice should be given to the class, and hence preliminary approval should be granted, where the Court "will likely be able to" finally approve the settlement under Rule 23(e)(2) and certify the class for settlement purposes. *Id.*

As a general matter, preliminary approval is appropriate if the settlement falls within the range of possible approval *Hunichen v. Antonomi LLC*, No. C19-0615-RAJ-SKV, 2021 WL 5854964 at *4 (W.D. Wash. Nov. 12, 2021). In sum, "the purpose of the preliminary approval process is to determine whether there is any reason not to notify the class members of the

PLTFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT – 13
Case No.: 2:22-cv-01558-MJP

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

proposed settlement and to proceed with a fairness hearing." *Lucas v. Kmart Corp.*, 234 F.R.D. 688, 693 (D. Colo. 2006). In any event, while a complete fairness evaluation is unnecessary at this early juncture, Plaintiffs' and their counsel strongly believe that the resolution reached here is in the Settlement Class's best interests.

To that end, the Ninth Circuit has identified nine factors to consider in analyzing the fairness, reasonableness, and adequacy of a class settlement: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the views of counsel; (7) the presence of a governmental participant; (8) the reaction of the class members to the proposed settlement and; (9) whether the settlement is a product of collusion among the parties. *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011); *see also Hanlon,* 150 F.3d at 1026. Rule 23(e) requires a court to consider several additional factors, including that the class representative and class counsel have adequately represented the class, and that the settlement treats class members equitably relative to one another. Fed. R. Civ. P. 23(e).

In applying these factors, this Court should be guided foremost by the general principle that settlements of class actions are favored by federal courts. *See Franklin v. Kaypro Corp.*, 884 F.2d 1222, 1229 (9th Cir. 1989) ("It hardly seems necessary to point out that there is an overriding public interest in settling and quieting litigation. This is particularly true in class action suits . . . ."). Here, the relevant factors support the conclusion that the negotiated settlement is fundamentally fair, reasonable, and adequate, and should be preliminarily approved.

### 1.   The Strength of Plaintiffs' Case

Plaintiffs believe they have built a strong case for liability. Klinger Dec., ¶ 30. Plaintiffs contend that Convergent is liable for its negligent, unfair, and unlawful conduct under multiple causes of action that remain following the motion to dismiss. *See, e.g.*, *Huynh v. Quora, Inc.*, 508 F. Supp. 3d 633, 650 (N.D. Cal. 2020) ("[T]ime and money [plaintiff] spent on credit monitoring in response to the Data Breach is cognizable harm to support her negligence claim"); *Wallace v.*

PLTFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT – 14
Case No.: 2:22-cv-01558-MJP

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

*Health Quest Sys., Inc.*, No. 20 CV 545 (VB), 2021 WL 1109727, at *8–15 (S.D.N.Y. Mar. 23, 2021) (upholding data breach claims for negligence, breach of implied contract, breach of confidence and violations of New York General Business Law); *Burrows v. Purchasing Power, LLC*, No. 1:12-CV-22800-UU, 2012 WL 9391827, at *6 (S.D. Fla. Oct. 18, 2012) (upholding data sharing claims for violations of Florida Deceptive and Unfair Trade Practices Act).

While Plaintiffs believe they have strong claims, they also understand that their success is not guaranteed. The chances of prevailing on the merits are uncertain—especially where significant unsettled questions of law and fact exist, which is common in data breach litigation. "Data breach litigation is evolving; there is no guarantee of the ultimate result." *Fox v. Iowa Health Sys.*, No. 3:18-CV-00327-JDP, 2021 WL 826741, at *5 (W.D. Wis. Mar. 4, 2021) (citing *Gordon v. Chipotle Mexican Grill, Inc.*, No. 17-cv-01415-CMA-SKC, 2019 WL 6972701, at *1 (D. Colo. Dec. 16, 2019) ("Data breach cases . . . are particularly risky, expensive, and complex.")). Although nearly all class actions involve a high level of risk, expense, and complexity, this is a particularly complex class action litigation. Data breach litigation is lengthy, complex, and difficult, and the rapid evolution of case law in this area of the law makes outcomes uncertain and the expense of such litigation high. Given the heavy obstacles and inherent risks Plaintiffs face with respect to the novel claims in data breach class actions, including class certification, summary judgment, and trial, the substantial benefits the Settlement provides favors preliminary approval of the Settlement. Klinger Dec., ¶ 31.

## 2. The Risk, Expense, Complexity, and Likely Duration of Further Litigation

While Plaintiffs believe their case is a strong one, all cases, including this one, are subject to substantial risk. This case involves a proposed class of approximately 640,906 individuals (each of whom would need to establish cognizable harm and causation); a complicated and technical factual overlay; and a motivated Defendant that already has provided some relief to its potentially affected customers.

Although nearly all class actions involve a high level of risk, expense, and complexity—undergirding the strong judicial policy favoring amicable resolutions, *Linney v. Cellular Alaska*

PLTFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT – 15
Case No.: 2:22-cv-01558-MJP

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

*P'ship*, 151 F.3d 1234, 1238 (9th Cir. 1998)—this is an especially complex class in an especially risky arena. Historically, data breach cases face substantial hurdles in surviving even the pleading stage. *See, e.g.*, *Hammond v. The Bank of N.Y. Mellon Corp*., No. 08 Civ. 6060 (RMB) (RLE), 2010 WL 2643307, at *1–2 (S.D.N.Y. June 25, 2010) (collecting cases). Even cases of similar wide-spread notoriety and implicating data far more sensitive than at issue here have been found wanting at the district court level. *In re U.S. Office of Pers. Mgmt. Data Sec. Breach Litig*., 266 F. Supp. 3d 1, 19 (D.D.C. 2017) ("The Court is not persuaded that the factual allegations in the complaints are sufficient to establish . . . standing."), *reversed in part*, 928 F.3d 42 (D.C. Cir. June 21, 2019) (holding that plaintiff had standing to bring a data breach lawsuit).

To the extent the law has gradually accepted this relatively new type of litigation, the path to a class-wide monetary judgment remains unforged, particularly in the area of damages. For now, data breach cases are among the riskiest and uncertain of all class action litigation, making settlement the more prudent course when a reasonable one can be reached. The damages methodologies, while theoretically sound in Plaintiffs' view, remain untested in a disputed class certification setting and unproven in front of a jury. And as in any data breach case, establishing causation on a class-wide basis is rife with uncertainty.

Each risk, by itself, could impede the successful prosecution of these claims at trial and in an eventual appeal—which would result in zero recovery to the class. "Regardless of the risk, litigation is always expensive, and both sides would bear those costs if the litigation continued." *Paz v. AG Adriano Goldschmeid, Inc*., No. 14CV1372DMS(DHB), 2016 WL 4427439, at *5 (S.D. Cal. Feb. 29, 2016). Thus, this factor favors approval.

3. The Risk of Maintaining Class Action Status Through Trial

While Plaintiffs' case is still in the pleadings stage, the parties have not briefed and the Court has not yet certified any class treatment of this case. If they were to proceed to litigate their claims through trial, Plaintiffs would encounter risks in obtaining and maintaining certification of the class. The class has not yet been certified, and Defendant will certainly oppose certification if the case proceeds. Thus, Plaintiffs "necessarily risk losing class action status." *Grimm v.*

PLTFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT – 16
Case No.: 2:22-cv-01558-MJP

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

*American Eagle Airlines, Inc.*, No. LA CV 11-00406 JAK(MANx), 2014 WL 12746376, at *10 (C.D. Cal. Sept. 24, 2014). While Plaintiffs are confident that this case is well suited for class certification, numerous obstacles to certification remain. Few data breach cases have proceeded forward to obtain a ruling certifying a contested class. The first to obtain certification was *Smith v. Triad of Ala.*, LLC, No. 1:14-CV-324-WKW, 2017 WL 1044692, at *16 (M.D. Ala. Mar. 17, 2017), and a more recent certified contested class, *In re Marriott International Customer Data Securities Breach Litigation*, 341 F.R.D. 128 (D.Md. 2022), was recently decertified on appeal, *see In re Marriott Int'l, Inc.*, 78 F.4th 677, 680 (4th Cir. 2023). Thus, the dearth of direct precedent adds to the risks posed by continued litigation.

### 4. The Amount Offered in Settlement

In light of the risks and uncertainties presented by data breach litigation, the value of the Settlement favors approval. The Settlement makes significant relief available to Settlement Class Members. Each Class Member is eligible to make a claim for $1,500 in reimbursements for Ordinary Losses and Attested Time Spent, up to $10,000 in reimbursements for Extraordinary Losses related to the Data Incident, or an alternative cash payment, which will consist of a pro rata share of the net Settlement Fund after payment of costs of the settlement including the costs of carrying out the Notice Program and Claims Administration, any Attorneys' Fees and Expenses Award, any Service Award to Representative Plaintiff, and payments for claims for Ordinary Losses, Attested Time Spent, and Extraordinary Losses. This Settlement is a strong result for the Class, and as discussed below is in line with other settlements in cases involving data breaches of similar scope. Because the settlement amount here is similar to other settlements reached and approved in similar cases, this factor reflects that the Settlement is fair. *See Calderon v. Wolf Firm*, No. SACV 16-1622-JLS(KESx), 2018 WL 6843723, at *7–8 (C.D. Cal. Mar. 13, 2018) (comparing class settlement with other settlements in similar cases). In light of the difficulties and expenses Class Members would face pursuing individual claims, and the likelihood that they might be unaware of their claims, this Settlement Amount is appropriate. *See id.* Accordingly, this factor favors approval.

PLTFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT – 17
Case No.: 2:22-cv-01558-MJP

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1    The Settlement value per class member here is on par with or exceeds that in other

2    exemplary data breach settlements.[2] Plaintiffs have achieved an excellent resolution for the

3    Settlement Class.

4              5.   The Extent of Discovery Completed and the Stage of Proceedings

5         Before entering into settlement discussions on behalf of class members, counsel should

6    have "sufficient information to make an informed decision." *Linney*, 151 F.3d at 1239. Here,

7    Plaintiffs vigorously and aggressively gathered information that was available regarding

8    Convergent and the Data Incident—including publicly-available documents concerning

9    announcements of the Data Incident and notice of the Data Incident to Plaintiffs and the

10   Settlement Class. Klinger Dec., ¶ 28. The parties also informally exchanged non-public

11   information concerning the Data Incident and the size of the Class in preparation for a successful

12   mediation. *Id.*

13        Although the parties have not engaged in formal discovery, Class Counsel's collective

14   decades of experience in similar types of privacy and data protection practices provided

15   substantive knowledge on the subject to enable Class Counsel to represent Plaintiffs' and Class

16   Members' interests without expending hundreds of hours and enormous financial resources to

17   come up to speed on the subject area. *See id.* Ex. A. "[T]he efficiency with which the Parties

18
19   _____
     [2] *See, e.g.*, *Dickey's Barbeque Restaurants, Inc.*, Case No. 20-cv-3424 (N.D. Tex.), Dkt. 62 (data
20   breach class action involving more than 3 million people that settled for $2.3 million, or $0.76
     per person); *In re: Capital One Consumer Data Breach Litig.*, MDL No. 1:19md2915 (AJT/JFA)
21   Doc. 2251 (E.D. Va. Aug. 29, 2022) (Memo in Support of Final Approval), page 1 ($190 million
     common fund settlement for a class of approximately 98 million, or $1.93 per person); *Adlouni v.*
22   *UCLA Health Systems Auxiliary, et al.*, No. BC 589243 (Cal. Super. Ct. June 28, 2019) ($2
     million settlement in medical information data breach for approximately 4,500,000 Class
23   Members; 44 cents per Class Member); *In re Anthem, Inc. Data Breach Litig.*, No. 5:15-md-
     02617 (N.D. Cal. Aug. 15, 2018) ($115 million settlement in medical information data breach for
24   79,200,000 Class Members; $1.45 per Class Member); *In re The Home Depot, Inc. Customer*
     *Data Sec. Breach Litig.*, No. 1:14-MD02583, 2016 WL 6902351, at *7 (N.D. Ga. Aug. 23, 2016)
25   and ECF No. 181-2 ¶¶ 22, 38 ($13 million settlement for approximately 40 million class
     members; 32.5 cents per Class Member); *In re Target Corp. Customer Data Sec. Breach Litig.*,
26   MDL No. 14-2522, 2017 WL 2178306, at *1–2 (D. Minn. May 17, 2017) ($10 million
     settlement for nearly 100 million Class Members; 10 cents per Class Member); *In re LinkedIn*
27   *User Priv. Litig.*, 309 F.R.D. 573, 582 (N.D. Cal. 2015) ($1.25 million settlement for
     approximately 6.4 million Class Members; 20 cents per Class Member).

were able to reach an agreement need not prevent this Court from granting . . . approval." *Hillman v. Lexicon Consulting, Inc.*, No. EDCV 16-01186-VAP(SPx), 2017 WL 10433869, at *8 (C.D. Cal. April 27, 2017). Accordingly, Plaintiffs are well informed about the strengths and weaknesses of this case.

### 6. The Experience and Views of Counsel

Class Counsel have substantial experience litigating complex class cases of various types, including data breach cases such as this one. *See* Klinger Dec., ¶ 25 & Ex. A. Having worked on behalf of the putative class since the Data Incident was first announced, evaluated the legal and factual disputes, and dedicated significant time and monetary resources to this litigation, proposed Class Counsel endorse the Settlement without reservation. *Id.* ¶¶ 31–32 A great deal of weight is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation. *See, e.g.*, *Norton v. Maximus, Inc.*, NO. 1:14-0030 WBS, 2017 WL 1424636, at *6 (D. Idaho Apr. 17, 2017); *Nat'l Rural Telecomm. Coop. v. DirecTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004). Thus, this factor supports approval.

### 7. Governmental Participants.

There is no governmental participant in this matter. This factor is neutral.

### 8. The Reaction of the Class Members to the Proposed Settlement

Because notice has not yet been given, this factor is not yet implicated; however, Representative Plaintiffs support the Settlement. Klinger Dec., ¶ 42.

### 9. Lack of Collusion Among the Parties

The parties did not commence discussion of fees until agreement on all substantive portions of the class resolution had been reached, and both the class portion of the resolution and the fees were negotiated at arm's-length under the direction of the parties' mutually agreed-upon mediator Bennett Picker, Esq., who has extensive experience in handling class action cases and data breach class action cases. Therefore, the Court can be assured that the negotiations were not collusive. *See G. F. v. Contra Costa Cty.*, No. 13-cv-03667-MEJ, 2015 WL 4606078, at *13 (N.D. Cal. July 30, 2015) ("[T]he assistance of an experienced mediator in the settlement process

PLTFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT – 19
Case No.: 2:22-cv-01558-MJP

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1    confirms that the settlement is non-collusive.") (internal quotation marks and citation omitted);

2    *see also Cohorst v. BRE Props.*, No. 3:10-CV-2666-JM-BGS, 2011 WL 7061923, at *12 (S.D.

3    Cal. Nov. 9, 2011) ("[V]oluntary mediation before a retired judge in which the parties reached

4    an agreement-in-principle to settle the claims in the litigation are highly indicative of

5    fairness . . . . We put a good deal of stock in the product of arms-length, non-collusive, negotiated

6    resolution.")

7                  10.   The Settlement Treats Settlement Class Members Equitably

8        Finally, Rule 23(e)(2)(D) requires that this Court confirm that the settlement treats all

9    class members equitably. The Advisory Committee's Note to Rule 23(e)(2)(D) advises that

10   courts should consider "whether the apportionment of relief among class members takes

11   appropriate account of differences among their claims, and whether the scope of the release may

12   affect class members in different ways that bear on the apportionment of relief." Fed. R. Civ. P.

13   23(e), advisory comm.'s note (2018).

14        In determining whether this factor weighs in favor of approval, a Court must determine

15   whether the Settlement "improperly grant[s] preferential treatment to class representatives or

16   segments of the class." *Paredes Garcia v. Harborstone Credit Union*, No. 3:21-CV-05148-LK,

17   2023 WL 4315117, *5 (W.D. Wash. July 3, 2023) (quoting *In re Tableware Antitrust Litig.*, 484

18   F. Supp. 2d 1078, 1079 (N.D. Cal. 2007)).

19        Here, the Settlement does not improperly discriminate between any segments of the class,

20   as all class members are entitled to the same relief. Each and every Class Member has the

21   opportunity to make a claim for up to $1,500 in reimbursements for expenses and time spent, up

22   to $10,000 in reimbursements for extraordinary expenses, or the opportunity to claim an

23   alternative cash payment. While Plaintiffs have been permitted to seek approval of a service

24   award from this Court, as will be explained in detail in Plaintiffs' Fee Motion, the award of

25   $1,500 per class representative is in line with awards granted in similar cases, is presumptively

26   reasonable, and does not call into question Plaintiffs' adequacy or the validity of the Settlement.

27   *See, e.g.*, *Roe v. Frito-Lay, Inc.*, No. 14-cv-00751, 2017 WL 1315626, at *8 (N.D. Cal. Apr. 7,

2017) (noting a $5,000 Service Award is presumptively reasonable in the Ninth Circuit); *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 947–48 (9th Cir. 2015) (approving service awards of $5,000).

### D. The Court Should Approve the Proposed Notice Program

Rule 23 requires that prior to final approval, the "court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1)(B). For classes certified under Rule 23(b)(3), "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). "The notice may be by one or more of the following:  United States mail, electronic means, or other appropriate means." *Id.*

Such notice must be the "best notice practicable," *see* Fed. R. Civ. P. 23(c)(2)(B), which means "individual notice to all members who can be identified through reasonable effort." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974). To satisfy due process, notice to class members must be the best practicable, and reasonably calculated under all the circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. Fed. R. Civ. P. 23(c)(2); *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985). Class settlement notices must present information about a proposed settlement simply, neutrally, and understandably. *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 567 (9th Cir. 2019). Notice is adequate if it generally describes the terms of the class action settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard. *Id.*

Here, and after a competitive bid process, the parties have agreed to a robust notice program to be administered by a well-respected third-party class administrator—Epiq—which will use all reasonable efforts to provide direct and individual notice to each potential Settlement Class Member. Prior to sending the Postcard Notice, Epiq will check all mailing addresses against the National Change of Address ("NCOA") database maintained by the USPS to ensure all

PLTFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT – 21
Case No.: 2:22-cv-01558-MJP

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

address information is up-to-date and accurately formatted for mailing.[3] In addition, the addresses will be certified via the Coding Accuracy Support System ("CASS") to ensure the quality of the zip code and verified through Delivery Point Validation ("DPV") to verify the accuracy of the addresses. Admin Dec. ¶ 23. The costs of administering the Settlement will be paid from the Settlement Fund. S.A. ¶ 6.2. The Notice and Claim Forms negotiated by the Parties are clear and concise and inform Settlement Class Members of their rights and options under the Settlement, including detailed instructions on how to make a claim, object to the Settlement, or opt-out of the Settlement. S.A. Exs. A, B, and C.

In addition to the direct notice, the Administrator will also establish a dedicated Settlement Website. The Settlement Website will also provide the ability for Settlement Class Members to file an online Claim Form.  In addition, the Settlement Website will include relevant dates, answers to frequently asked questions ("FAQs"), instructions for how Settlement Class Members may opt-out (request exclusion) from or object to the Settlement, contact information for the Claims Administrator, and how to obtain other case-related information. Admin. Dec. ¶ 25. The Claims Administrator will also make a toll-free help line where callers will be able to hear an introductory message, have the option to learn more about the Settlement in the form of recorded answers to FAQs, and request that a Long Notice be mailed to them. *Id.* ¶ 26.

Plaintiffs have negotiated a notice program that is reasonably calculated under all the circumstances to apprise Class Members of the pendency of the action and afford them an opportunity to present their objections. The Claims Administrator estimates that direct notice will reach at least 90% of the Settlement Class. *Id.* ¶ 19. Because this notice plan ensures that Settlement Class Members' due process rights are amply protected, it should be approved. *See Hartranft v. TVI, Inc.*, No. 15-01081-CJC-DFM, 2019 WL 1746137, at *3 (C.D. Cal. Apr. 18,

---

[3] The NCOA database is maintained by the USPS and consists of approximately 160 million permanent change-of-address (COA) records consisting of names and addresses of individuals, families, and businesses who have filed a change-of-address with the Postal Service. The address information is maintained on the database for 48 months and reduces undeliverable mail by providing the most current address information, including standardized and delivery-point-coded addresses, for matches made to the NCOA file for individual, family, and business moves.

PLTFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT – 22
Case No.: 2:22-cv-01558-MJP

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

2019) ("The Court finds that the Class Notice and the manner of its dissemination . . . constitutes the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise Settlement Class Members of the pendency of this action, the terms of the Agreement, and their right to object to or exclude themselves from the Settlement Class."); *see also Spencer v. #1 A LifeSafer of Ariz., LLC*, No. CV-18-02225-PHX-BSB, 2019 WL 1034451, at *3 (D. Ariz. Mar. 4, 2019) (Bade, J.) (preliminarily approving class action settlement and finding "that the proposed notice program is clearly designed to advise the Class Members of their rights").

### E.   Appointment of the Settlement Administrator

In connection with implementation of the Notice Program and administration of the settlement benefits, the Parties request the Court appoint Epiq to serve as the Claims Administrator. Epiq is a well-respected third party administrator with a trusted and proven track record of supporting class action administrations. Admin Dec. ¶¶ 5–9, Epiq resume.

### F.   Appointment of Settlement Class Counsel

Under Rule 23, "a court that certifies a class must appoint class counsel [who must] fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). In making this determination, courts generally consider the following attributes: the proposed class counsel's (1) work in identifying or investigating potential claims, (2) experience in handling class actions or other complex litigation, and the types of claims asserted in the case, (3) knowledge of the applicable law, and (4) resources committed to representing the class. Fed. R. Civ. P. 23(g)(1)(A)(i–iv).

Here, proposed Class Counsel have extensive experience prosecuting class actions and other complex cases, and specifically data breach cases. *See* Klinger Dec., ¶¶ 1–25, Ex. A (firm resumes). Accordingly, the Court should appoint Jean S. Martin of Morgan & Morgan Complex Litigation Group, Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC, Gary E. Mason of Mason LLP, and Cecily C. Jordan of Tousley Brain Stephens PLLC as Class Counsel.

PLTFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT – 23
Case No.: 2:22-cv-01558-MJP

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

**VII.     CONCLUSION**

Plaintiffs have negotiated a fair, adequate, and reasonable Settlement that will provide Class Members with both significant monetary and equitable relief. The Settlement should be approved and Notice should be ordered to issue to the class. For all the above reasons, Plaintiffs respectfully request this Court to grant Plaintiffs' Motion.

I certify that this memorandum contains 8,314 words, in compliance with the Local Civil Rules.

Date: October 30, 2023                                Respectfully Submitted,

                                                      */s/ Gary E. Mason* ___
                                                      Gary E. Mason
                                                      **MASON LLP**
                                                      5101 Wisconsin Avenue NW, Suite 305
                                                      Washington, DC 20016
                                                      Telephone: 202.429.2290
                                                      gmason@masonllp.com

                                                      */s/ Jean S. Martin* ___
                                                      Jean S. Martin
                                                      **MORGAN & MORGAN**
                                                      **COMPLEX LITIGATION GROUP**
                                                      201 N. Franklin Street, 7th Floor
                                                      Tampa, Florida 33602
                                                      (813) 559-4908
                                                      jeanmartin@ForThePeople.com

                                                      */s/Gary M. Klinger* ___
                                                      Gary M. Klinger
                                                      **MILBERG COLEMAN BRYSON**
                                                      **PHILLIPS GROSSMAN, PLLC**
                                                      227 W. Monroe Street, Suite 2100
                                                      Chicago, IL 60606
                                                      Tel: 866-252-0878
                                                      gklinger@milberg.com

                                                      */s/Cecily C. Jordan* ___
                                                      Jason T. Dennett, WSBA #30686
                                                      Cecily C. Jordan, WSBA #50061
                                                      **TOUSLEY BRAIN STEPHENS PLLC**
                                                      1200 Fifth Avenue, Suite 1700
                                                      Seattle, WA 98101-3147
                                                      Telephone: (206) 682-5600
                                                      jdennett@tousley.com
                                                      cjordan@tousley.com

                                                      *Attorneys for Plaintiffs and the Proposed Class*

PLTFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT – 24
Case No.: 2:22-cv-01558-MJP

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992