The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LEO GUY, RYAN TANNER, MAGALY GRANADOS, KERRY LAMONS, TAMMY RANO, VICK WILL, JENNIFER WHITE, as individuals and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CONVERGENT OUTSOURCING, INC.<br><br>Defendant. | NO. 2:22-cv-01558-MJP<br><br>[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT |

This matter is before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Motion") for consideration of whether the Court should grant preliminary approval of the proposed Settlement Agreement reached by the Parties, preliminarily certify the proposed Settlement Class, and approve the proposed plan for notifying the Potential Settlement Class.[1]

---

[1] Unless otherwise indicated, all capitalized terms used herein have the same meaning as those used in Settlement Agreement (Exhibit B to the Declaration of Gary M. Klinger).

[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT - 1
No. 2:22-cv-00558-MJP

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

Having reviewed the proposed Settlement, together with its exhibits, and based upon the relevant papers and all prior proceedings in this matter, the Court determines that the proposed Settlement satisfies the criteria for preliminary approval, the proposed Settlement Class is preliminarily certified, and the proposed Notice Program is approved. Accordingly, good cause appearing in the record, Plaintiffs' Motion is **GRANTED**, and **IT IS HEREBY ORDERED THAT:**

1. <u>Stay of the Action.</u> Pending the Final Approval Hearing, all proceedings in the Action, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement and this Order, are hereby stayed.

2. <u>Jurisdiction.</u> The Court has jurisdiction over the Parties, the subject matter of the dispute, and all Settlement Class Members.

3. <u>Preliminary Class Findings.</u> The Court preliminarily finds, for the purposes of settlement only, that this action meets all prerequisites of Rule 23 of the Federal Rules of Civil Procedure. The Court determines that for settlement purposes, the proposed Settlement Class meets all the requirements of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, namely that the class is so numerous that joinder of all members is impractical; there are common issues of law and fact; the claims of the Plaintiffs are typical of absent class members; Plaintiffs will fairly and adequately protect the interests of the class, and have no interests antagonistic to or in conflict with the class, and have retained Class Counsel who are experienced and competent counsel to prosecute this matter; common issues predominate over any individual issues; and a class action is the superior means of adjudicating the controversy.

The Court finds the proposed Settlement is fair, reasonable, and adequate, in accordance with Rule 23(e) of the Federal Rules of Civil Procedure, pending a final hearing on the Settlement

[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 2
No. 2:22-cv-00558-MJP

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

as provided herein. The Court further finds that the Settlement was negotiated at arm's length by informed and experienced counsel, who were overseen by an experienced and impartial mediator. The relief provided to the Settlement Class under the Settlement is adequate. There would be substantial costs, risks and delay associated with proceeding to trial and potential appeal. The method proposed for distributing relief to the Settlement Classes and processing claims is adequate and effective. Finally, the Court finds that the proposed Settlement treats Settlement Class Members equitably relative to each other.

The Settlement meets the criteria for approval, and warrants issuance of notice to the Settlement Class. Accordingly, the Court preliminarily approves the terms of the Settlement Agreement.

4. <u>Preliminary Certification of Settlement Class.</u> The Court hereby certifies, for settlement purposes only, the following Settlement Class:

> All persons residing in the United States to whom Defendant Convergent Outsourcing, Inc. sent notification that their personal information may have been compromised by unauthorized third parties as a result of the data security incident discovered by Convergent on or about June 17, 2022.

Excluded from the Settlement Class are the Court and all members of the Court's staff, and persons who timely and validly request exclusion from the Settlement Class.

5. <u>Appointment of Class Representatives.</u> Plaintiffs ("Named Plaintiffs") are designated and appointed as the Settlement Class Representatives pursuant to Rule 23(a) of the Federal Rules of Civil Procedure. The Court preliminarily finds that Named Plaintiffs will fairly and adequately represent the interests of the Class in enforcing their rights in the Action; that Named Plaintiffs are similarly situated to absent Settlement Class Members; that Named

[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT - 3
No. 2:22-cv-00558-MJP

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

Plaintiffs have Article III standing to pursue their claims; and that Named Plaintiffs are therefore typical of the Class and will be adequate class representatives.

6. <u>Appointment of Class Counsel.</u> For purposes of the Settlement, the Court appoints Jean S. Martin of Morgan & Morgan; Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC; Gary E. Mason of Mason LLP; and Cecily C. Jordan of Tousley Brain Stephens PLLC as Class Counsel pursuant to Fed. R. Civ. P. 23(g) to act on behalf of the Settlement Class Representatives and the Settlement Classes with respect to the Settlement. The Court finds that these lawyers are experienced and will adequately protect the interests of the Settlement Class.

7. <u>Notice Provider and Settlement Administrator.</u> The Court appoints Epiq as Settlement Administrator to administer the notice procedure and the processing of claims, under the supervision of Class Counsel and oversight of this Court.

8. <u>Notice Plan.</u> The Notice Plan set forth in the Settlement Agreement, and the form and content of the notice to class members as set forth in Exhibits A–C thereto, satisfy the requirements of Federal Rule of Civil Procedure 23 and are thus approved. The Court finds that the form, content, and method of giving notice to the Settlement Class as described in the Notice Plan submitted with the Motion for Preliminary Approval: (a) constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the terms of the proposed Settlement, and their rights under the proposed Settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Federal Rule of Civil Procedure 23, the constitutional requirement of due process, and any other legal requirements. The Court further finds that the notices are written in plain language,

[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 4
No. 2:22-cv-00558-MJP

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

use simple terminology, and are designed to be readily understandable by Settlement Class Members.

Non-material modifications to the notices may be made without further order of the Court. The Settlement Administrator is directed to carry out the Notice Plan in conformance with the Settlement Agreement and to perform all other tasks that the Settlement Agreement requires. Prior to the Final Approval Hearing, Class Counsel shall cause to be filed with the Court an appropriate declaration with respect to complying with the provisions of the Notice Plan.

9. Notice Date. The Court directs that the Settlement Administrator cause a copy of the Notice to be mailed to all Potential Settlement Class Members in the manner outlined in the Settlement Agreement. The mailing is to be made by first class United States mail and via email for Potential Settlement Class Members where an existing email address is available, within thirty (30) calendar days following the entry of the Preliminary Approval Order (the "Notice Date"). The Settlement Website shall include, and make available for download, copies of the Settlement Agreement and Long Form Notice.

10. Funds Held by Settlement Administrator. All funds held by the Settlement Administrator shall be deemed and considered to be *in custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed pursuant to the Settlement or further order of the Court.

11. Deadline to Submit Claim Forms. Settlement Class Members will have until ninety (90) calendar days from the Notice Date to submit their claim forms ("Claims Deadline"), which is adequate and sufficient time.

12. Exclusion from the Settlement Class. Any Settlement Class Member that wishes to be excluded from the Settlement Class must mail an Exclusion Letter to the Settlement

[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT - 5
No. 2:22-cv-00558-MJP

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Administrator at the addresses provided in the Notice, postmarked no later than the Deadline to Opt-Out, as specified on the Notice, and sent via first class postage pre-paid U.S. mail. The Exclusion Letter must: a) state the Settlement Class Member's full name, address, and telephone number; (b) state the name and number of this case, *Guy et al. v. Convergent Outsourcing Inc*; Case No. 2:22-cv-01558-MJP; (c) contain the Settlement Class Member's personal and original signature or the original signature of a person authorized by law to act on the Settlement Class Member's behalf with respect to a claim or right such as those asserted in the Litigation, such as a trustee, guardian or person acting under a power of attorney; and (d) state unequivocally the Settlement Class Member's intent to be excluded from the settlement.  All Requests for Exclusion must be submitted individually in connection with a Settlement Class Member, *i.e.*, one request is required for every Settlement Class Member seeking exclusion.

Any Settlement Class Member who does not timely and validly exclude themselves from the Settlement shall be bound by the terms of the Settlement. If final judgment is entered, any Settlement Class Member who has not submitted a timely, valid written notice of exclusion from the Settlement Class shall be bound by all subsequent proceedings, orders, and judgments in this matter, including but not limited to the release set forth in the Settlement Agreement and incorporated in the Judgment.

13. <u>Objections and Appearances.</u> Any Settlement Class Member may enter an appearance in the Action, at his or her own expense, individually or through counsel of his or her own choice. If a Settlement Class Member does not enter an appearance, they will be represented by Class Counsel.

Any Settlement Class Member who wishes to object to the Settlement, the Settlement benefits, Service Awards, and/or the Attorneys' Fees and Expenses, or to appear at the Final

[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT - 6
No. 2:22-cv-00558-MJP

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

Approval Hearing and show cause, if any, why the Settlement should not be approved as fair, reasonable, and adequate to the Settlement Class, why a Final Approval Order and Judgment should not be entered thereon, why the Settlement benefits should not be approved, or why the Service Awards and/or the Attorneys' Fees and Expenses should not be granted, may do so, but must proceed as set forth in this paragraph. No Settlement Class Member will be heard on such matters unless they have filed in this Action the objection, together with any briefs, papers, statements, or other materials the Settlement Class Member wishes the Court to consider, within sixty (60) calendar days following the Notice Date. Any objection must include: i) the objector's full name, address, telephone number, and e-mail address (if any); (ii) The name and number of this case, *Guy et al. v. Convergent Outsourcing Inc*; Case No. 2:22-cv-01558-MJP; (iii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class; (iv) a statement as to whether the objection applies only to the Settlement Class Member, to a specific subset of the Settlement Class, or to the entire class; (v) a clear and detailed written statement of the specific legal and factual bases for each and every objection, accompanied by any legal support for the objection the objector believes applicable; (vi) the identity of any counsel representing the objector; (vii) a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel, and, if through counsel, identifying that counsel; (viii) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objections and any documents to be presented or considered; and (ix) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (if any). In addition to the foregoing requirements, if an objecting Settlement Class Member intends to speak at the Final Approval Hearing (whether pro se or through an attorney), the written objection must include a detailed

[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT - 7
No. 2:22-cv-00558-MJP

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

description of any evidence the objecting Settlement Class Member may offer at the Final Approval Hearing, as well as copies of any exhibits the objecting Settlement Class Member may introduce at the Final Approval Hearing. Any Settlement Class Member who fails to object to the Settlement in the manner described in the Settlement Agreement and in the notice provided pursuant to the Notice Plan shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be precluded from seeking any review of the Settlement or the terms of the Settlement Agreement by appeal or any other means.

With leave of Court for good cause shown, the Parties may take discovery of an objector or an objector's counsel. Any Settlement Class Member that fails to comply with the provisions in this Order will waive and forfeit any and all rights it may have to object, and shall be bound by all the terms of the Settlement, this Order, and by all proceedings, orders, and judgments, including, but not limited to, the releases in the Settlement, if finally approved. Any Potential Settlement Class Member who both objects to the Settlement and submits an Exclusion Letter will be deemed to have opted-out and the objection shall be deemed null and void.

14. <u>Final Approval Hearing</u>. A hearing will be held by this Court in the Courtroom of The Honorable Marsha J. Pechman, United States District Court for the Western District of Washington, United States Courthouse, 700 Stewart Street, Suite 14229, Seattle, WA 98101-9906 at _____ \_\_.m. on _____, 2024 ("Final Approval Hearing"), to determine: (a) whether the Settlement should be approved as fair, reasonable, and adequate to the Class; (b) whether the Final Approval Order should be entered in substance materially the same as Exhibit 4 to the Settlement Agreement; (c) whether the Settlement Agreement should be approved as fair, reasonable, and adequate to the Settlement Class; (d) whether to approve the

[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT - 8
No. 2:22-cv-00558-MJP

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

application for service awards for the Named Plaintiffs ("Service Awards") and an award of attorneys' fees and litigation expenses ("Fee Award and Costs"); and (e) any other matters that may properly be brought before the Court in connection with the Settlement. The Final Approval Hearing is subject to continuation or adjournment by the Court without further notice to the Class. The Court may approve the Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Class.

15. Final Approval Briefing. All opening briefs and supporting documents in support of a request for Final Approval of the Settlement and Settlement benefits must be filed and served at least fourteen (14) days prior to the Final Approval Hearing. All briefing and supporting documents in support of an application for Attorneys' Fees and Expenses and Service Awards must be filed fourteen (14) days prior to the Objection Deadline. The deadline to file responses, if any, to any objections, and any replies in support of final approval of the Settlement and/or Class Counsel's application for attorneys' fees, costs, and expenses and for a Service Awards must be filed and served at least four (4) days prior to the Final Approval Hearing.

16. CAFA Notice. Prior to the Final Approval Hearing, Class Counsel and Defendant shall cause to be filed with the Court an appropriate affidavit or declaration with respect to complying with the provision of notice as set forth in Section 2(b) of the Settlement.

17. Summary of Deadlines. In sum, the Court enters the following deadlines:

| Action | Date |
|---|---|
| Defendant Provides Class List | Within 10 business days following entry of this Order |
| Notice Deadline | 30 days following entry of this Order |
| Motion for Attorneys' Fees, Costs, and Service Awards Due | 14 days prior to the Objection Deadline |
| Exclusion/Opt-Out Deadline | 60 days after the Notice Deadline |
| Objection Deadline | 60 days after the Notice Deadline |
| Motion for Final Approval Due | 14 days prior to the Final Approval |

[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT - 9
No. 2:22-cv-00558-MJP

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

| | Hearing |
|---|---|
| Reply in Support of Motion for attorneys' fees, costs, and for a Service Award and Final Approval Motion | 4 days prior to the Final Approval Hearing |
| Final Approval Hearing | (To be scheduled no earlier than 120 days after entry of this order). |
| Deadline to Submit Claims | 90 days after the Notice Date |

18. <u>Extension of Deadlines.</u> Upon application of the Parties and good cause shown, the deadlines set forth in this Order may be extended by order of the Court, without further notice to the Settlement Classes. Settlement Class Members must check the Settlement website regularly for updates and further details regarding extensions of these deadlines. The Court reserves the right to adjourn or continue the Final Approval Hearing, and/or to extend the deadlines set forth in this Order, without further notice of any kind to the Settlement Classes.

19. <u>Conditional Nature of Certification and Use of this Order.</u> If the Settlement is not finally approved by the Court, this Order shall become null and void and shall be without prejudice to the rights of the Parties, all of which shall be restored to their respective positions existing immediately before this Court entered this Order. In such event, the Settlement shall become null and void and be of no further force and effect, and neither the Settlement (including any Settlement-related filings) nor the Court's orders, including this Order, relating to the Settlement shall be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability; shall not be construed or used as an admission, concession, or declaration by or against any Settlement Class Representative or any other Settlement Class Member that its claims lack merit or that the relief requested is inappropriate, improper, and unavailable; and shall not constitute a waiver by any party of any defense (including, without limitation, any defense to class certification) or claims it may have in this Litigation or in any other lawsuit.

[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT - 10
No. 2:22-cv-00558-MJP

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

IT IS SO ORDERED this _____ day of _____, 2023.

_____
Hon. Marsha J. Pechman
U.S. District Court Judge

Presented by:

**TOUSLEY BRAIN STEPHENS PLLC**

By: /s/ *Cecily C. Jordan*
Jason T. Dennett, WSBA #30686
Cecily C. Jordan, WSBA #50061
1200 Fifth Avenue, Suite 1700
Seattle, WA 98101-3147
Tel: (206) 682-5600
Fax: (206) 682-2992
jdennett@tousley.com
cjordan@tousley.com

**MASON LLP**

By: /s/ *Gary E. Mason*
Gary E. Mason (*admitted pro hac vice*)
Danielle L. Perry (*admitted pro hac vice*)
Lisa A. White (*admitted pro hac vice*)
5101 Wisconsin Avenue NW, Suite 305
Washington, DC 20016
Telephone: 202.429.2290
Facsimile: 202.429.2294
gmason@masonllp.com
dperry@masonllp.com
lwhite@masonllp.com

**MORGAN & MORGAN COMPLEX LITIGATION GROUP**

By: /s/ *Jean S. Martin*
Jean S. Martin (*admitted pro hac vice*)
Francesca Kester**
Email: jeanmartin@ForThePeople.com

[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT - 11
No. 2:22-cv-00558-MJP

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

Email: fkester@ForThePeople.com
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 559-4908

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**

By: /s/ *Gary M. Klinger*
Gary M. Klinger (*admitted pro hac vice*)
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Telephone: (202) 429-2290
gklinger@milberg.com

*Attorneys for Plaintiffs and the Proposed Class*

[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT - 12
No. 2:22-cv-00558-MJP

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992