Hon. Marsha J. Pechman

1

2

3

4

5

6

7

8

9

10

**THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

11

12

13

14

15

16

17

18

19

LEO GUY, RYAN TANNER, MAGALY GRANADOS, KERRY LAMONS, TAMMY RANO, VICK WILL, JENNIFER WHITE, as individuals and on behalf of all others similarly situated,

Plaintiffs,

vs.

CONVERGENT OUTSOURCING, INC.

Defendant.

Case No.: 2:22-cv-01558-MJP

**PLAINTIFFS' RENEWED UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

NOTING DATE: February 9, 2024

20

21

22

23

24

25

26

27

PLTFS' RENEWED UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
Case No.: 2:22-cv-01558-MJP

Tousley Brain Stephens PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................................. i

TABLE OF AUTHORITIES ......................................................................................... iii

I.      INTRODUCTION ................................................................................................1

II.     STATEMENT OF FACTS ..................................................................................1

III.    PROCEDURAL HISTORY..................................................................................2

IV.     THE SETTLEMENT TERMS..............................................................................4

        A.      Proposed Settlement Class ......................................................................4

        B.      Settlement Benefits – Monetary Relief...................................................4

                1.      Expense and Lost-Time Reimbursement. .......................................5

                2.      Other Extraordinary Expense Reimbursement. ..............................5

                3.      Alternative Cash Payment..............................................................5

        C.      Class Notice and Settlement Administration ..........................................6

        D.      Attorneys' Fees and Expenses ................................................................6

        E.      Service Awards to Named Plaintiffs.......................................................7

        F.      Release ....................................................................................................8

V.      LEGAL AUTHORITY ........................................................................................8

VI.     ARGUMENT .......................................................................................................9

        A.      The Settlement Class Continues to Merit Certification. .........................9

        B.      The Settlement Should Be Preliminarily Approved Pursuant to Rule 23(e). ........9

                1.      The Strength of Plaintiffs' Case...................................................11

                2.      The Risk, Expense, Complexity, and Likely Duration of Further Litigation12

                3.      The Risk of Maintaining Class Action Status Through Trial .......13

                4.      The Amount Offered in Settlement...............................................14

                5.      The Extent of Discovery Completed and the Stage of Proceedings ............15

PLTFS' RENEWED UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT – i
Case No.: 2:22-cv-01558-MJP

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 ● FAX 206.682.2992

6.   The Experience and Views of Counsel ........................................................16

7.   Governmental Participants. ......................................................................16

8.   The Reaction of the Class Members to the Proposed Settlement .................16

9.   Lack of Collusion Among the Parties ........................................................16

10.  The Settlement Treats Settlement Class Members Equitably ......................17

C.   The Court Should Approve the Proposed Notice Program ....................................18

D.   Appointment of the Settlement Administrator ......................................................20

VII.   CONCLUSION ..................................................................................................................20

PLTFS' RENEWED UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT – ii
Case No.: 2:22-cv-01558-MJP

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adlouni v. UCLA Health Systems Auxiliary, et al.*,
 No. BC 589243 (Cal. Super. Ct. June 28, 2019) ................................................... 15

*Amchem Products, Inc. v. Windsor*,
 521 U.S. 591 (1997) ............................................................................................. 9

*In re Anthem, Inc. Data Breach Litig.*,
 No. 5:15-md-02617 (N.D. Cal. Aug. 15, 2018) .................................................. 15

*In re Bluetooth Headset Prods. Liab. Litig.*,
 654 F.3d 935 (9th Cir. 2011) ............................................................................... 10

*Burrows v. Purchasing Power, LLC*,
 No. 1:12-CV-22800-UU, 2012 WL 9391827 (S.D. Fla. Oct. 18, 2012) .............................. 11

*Calderon v. Wolf Firm*,
 No. SACV 16-1622-JLS(KESx), 2018 WL 6843723 (C.D. Cal. Mar. 13,
 2018) ..................................................................................................................... 14

*In re: Capital One Consumer Data Breach Litig.*,
 MDL No. 1:19md2915 (AJT/JFA) Doc. 2251 (E.D. Va. Aug. 29, 2022) ........................... 15

*Class Plaintiffs v. City of Seattle*,
 955 F.2d 1268 (9th Cir. 1992) .............................................................................. 9

*Cohorst v. BRE Props.*,
 No. 3:10-CV-2666-JM-BGS, 2011 WL 7061923 (S.D. Cal. Nov. 9, 2011) ........................ 17

*Eisen v. Carlisle & Jacquelin*,
 417 U.S. 156 (1974) ............................................................................................. 18

*Fox v. Iowa Health Sys.*,
 No. 3:18-CV-00327-JDP, 2021 WL 826741 (W.D. Wis. Mar. 4, 2021) ............................ 11

*Franklin v. Kaypro Corp.*,
 884 F.2d 1222 (9th Cir. 1989) ............................................................................. 11

*G. F. v. Contra Costa Cty.*,
 No. 13-cv-03667-MEJ, 2015 WL 4606078 (N.D. Cal. July 30, 2015) .............................. 17

*Gordon v. Chipotle Mexican Grill, Inc.*,
 No. 17-cv-01415-CMA-SKC, 2019 WL 6972701 (D. Colo. Dec. 16, 2019) ....................... 11

PLTFS' RENEWED UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT – iii
Case No.: 2:22-cv-01558-MJP

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

*Grimm v. American Eagle Airlines, Inc.*,
  No. LA CV 11-00406 JAK(MANx), 2014 WL 12746376 (C.D. Cal. Sept. 24,
  2014). ................................................................................................................ 13

*Hammond v. The Bank of N.Y. Mellon Corp.*,
  No. 08 Civ. 6060 (RMB) (RLE), 2010 WL 2643307 (S.D.N.Y. June 25,
  2010) ................................................................................................................. 12

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ......................................................................... 12

*Hartranft v. TVI, Inc.*,
  No. 15-01081-CJC-DFM, 2019 WL 1746137 (C.D. Cal. Apr. 18, 2019) ............ 20

*Hillman v. Lexicon Consulting, Inc.*,
  No. EDCV 16-01186-VAP(SPx), 2017 WL 10433869 (C.D. Cal. April 27,
  2017) ................................................................................................................. 16

*Hunichen v. Antonomi LLC*,
  No. C19-0615-RAJ-SKV, 2021 WL 5854964 (W.D. Wash. Nov. 12, 2021) ....... 10

*Huynh v. Quora, Inc.*,
  508 F. Supp. 3d 633 (N.D. Cal. 2020) ............................................................. 11

*In re Hyundai & Kia Fuel Econ. Litig.*,
  926 F.3d 539 (9th Cir. 2019) ...................................................................... 18, 19

*Kater v. Churchill Downs Inc.*,
  15-CV-00612-RSL, 2021 WL 511203 (W.D. Wash. Feb. 11, 2021) ........... 7, 14, 15

*In re LinkedIn User Priv. Litig.*,
  309 F.R.D. 573 (N.D. Cal. 2015) ...................................................................... 15

*Linney v. Cellular Alaska P'ship*,
  151 F.3d 1234 (9th Cir. 1998) .................................................................... 12, 15

*Lucas v. Kmart Corp.*,
  234 F.R.D. 688 (D. Colo. 2006) ....................................................................... 10

*In re Marriott Int'l, Inc.*,
  78 F.4th 677 (4th Cir. 2023) ............................................................................ 13

*In re Marriott International Customer Data Securities Breach Litigation*,
  341 F.R.D. 128 (D.Md. 2022) .......................................................................... 13

*McClintic v. Lithia Motors, Inc.*,
  No. 11-cv-859 RAJ, 2011 WL 13127844 (W.D. Wash. Oct. 19, 2011) ............... 8

PLTFS' RENEWED UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT – iv
Case No.: 2:22-cv-01558-MJP

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

*In re Mego Fin. Corp. Sec. Litig.*,
    213 F.3d 454 (9th Cir. 2000) ............................................................................ 7

*Nat'l Rural Telecomm. Coop. v. DirecTV, Inc.*,
    221 F.R.D. 523 (C.D. Cal. 2004) ..................................................................... 16

*Norton v. Maximus, Inc.*,
    NO. 1:14-0030 WBS, 2017 WL 1424636 (D. Idaho Apr. 17, 2017) ................... 16

*In re Online DVD-Rental Antitrust Litig.*,
    779 F.3d 934 (9th Cir. 2015) .......................................................................... 18

*Paredes Garcia v. Harborstone Credit Union*,
    No. 3:21-CV-05148-LK, 2023 WL 4315117 (W.D. Wash. July 3, 2023) ............ 17

*Pauley v. CF Entm't*,
    No. 2:13-CV-08011-RGK-CW, 2020 WL 5809953 (C.D. Cal. July 23, 2020) .............. 7

*Paz v. AG Adriano Goldschmeid, Inc.*,
    No. 14CV1372DMS(DHB), 2016 WL 4427439 (S.D. Cal. Feb. 29, 2016) ............ 13

*Phillips Petroleum Co. v. Shutts*,
    472 U.S. 797 (1985) ...................................................................................... 18

*Roe v. Frito-Lay, Inc.*,
    No. 14-cv-00751, 2017 WL 1315626 (N.D. Cal. Apr. 7, 2017) ......................... 18

*Smith v. Triad of Ala.*,
    LLC, No. 1:14-CV-324-WKW, 2017 WL 1044692 (M.D. Ala. Mar. 17,
    2017) ............................................................................................................ 13

*Spencer v. #1 A LifeSafer of Ariz., LLC*,
    No. CV-18-02225-PHX-BSB, 2019 WL 1034451 (D. Ariz. Mar. 4, 2019) ........... 20

*In re Target Corp. Customer Data Sec. Breach Litig.*,
    MDL No. 14-2522, 2017 WL 2178306 (D. Minn. May 17, 2017) ...................... 15

*In re The Home Depot, Inc. Customer Data Sec. Breach Litig.*,
    No. 1:14-MD02583, 2016 WL 6902351 (N.D. Ga. Aug. 23, 2016) ................... 15

*Tuttle v. Audiophile Music Direct Inc.*,
    No.C22-1081JLR, 2023 WL 3318699 (W.D. Wash. May 9, 2023) ................... 10

*In re U.S. Office of Pers. Mgmt. Data Sec. Breach Litig.*,
    266 F. Supp. 3d 1 (D.D.C. 2017), *reversed in part*, 928 F.3d 42 (D.C. Cir.
    June 21, 2019) ............................................................................................... 12

PLTFS' RENEWED UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT – v
Case No.: 2:22-cv-01558-MJP

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

*Wallace v. Health Quest Sys., Inc.*,
    No. 20 CV 545 (VB), 2021 WL 1109727 (S.D.N.Y. Mar. 23, 2021) ................................. 11

*Yahoo Mail Litig.*,
    No. 13-CV-4980, 2016 WL 4474612 (N.D. Cal. Aug. 25, 2016) ......................................... 7

**Other Authorities**

Fed. R. Civ. P. 23(a) ........................................................................................................... 9

Fed. R. Civ. P. 23(b) ..................................................................................................... 9, 18

Fed. R. Civ. P. 23(c) ......................................................................................................... 18

Fed. R. Civ. P. 23(e) ..................................................................................................... *passim*

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

## I.    INTRODUCTION

Plaintiffs Leo Guy, Ryan Tanner, Magaly Granados, Kerry Lamons, Tammy Rano, Vicki Will, and Jennifer White submit their Renewed Unopposed Motion for Preliminary Approval of Class Action Settlement following the Court's December 19, 2023 Order on Motion for Preliminary Approval of Class Action Settlement (Dkt. No. 58). In the Order, the Court granted the Motion as to Plaintiffs' request to certify the Settlement Class and denied the motion without prejudice as to Plaintiff's request for preliminary approval, expressing concern over an ambiguity in the scope of the Release and requesting further clarification and disclosure to the Class of the Plaintiffs' forthcoming request for an award of attorneys' fees and costs.

The Parties have now amended the Settlement Agreement to clarify the scope of the Release and have revised the proposed Notices to the Settlement Class Members to disclose that Plaintiffs request for attorneys' fees and costs together will not exceed 27% of the Settlement Fund. These modifications further strengthen the credentials of this settlement, reached through arm's-length negotiations by experienced and well-informed counsel with the assistance of a well-respected mediator, which will provide meaningful relief to the class. Plaintiffs strongly believe the Settlement is fair, reasonable, and adequate, and that the Court should grant preliminary approval and approve the distribution of notice to Class Members.

## II.    STATEMENT OF FACTS

This matter concerns a putative class action arising out of a data breach of Defendant, Convergent Outsourcing, Inc.'s ("Convergent" or "Defendant") computer systems that Convergent discovered in June 2022 (the "Data Incident"). During the Data Incident, an unauthorized individual accessed Convergent's computer systems and deployed tools to encrypt Convergent's systems and access certain personally identifiable information ("PII" of Plaintiffs and the Settlement Class members).

While Convergent was unable to conclusively determine that the unauthorized individual accessed the content of certain exfiltrated files containing names, contact information, financial account numbers and Social Security numbers, (collectively, "Private Information"), Convergent

PLTFS' RENEWED UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT – 1
Case No.: 2:22-cv-01558-MJP

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

notified approximately 640,906 individuals that their Private Information may have been the subject of a ransomware attack. Plaintiffs brought this action on behalf of all persons whose PII may have been compromised, alleging claims based on Convergent's failure to: (i) adequately protect PII; (ii) warn of its inadequate information security practices; and (iii) effectively monitor its network for security vulnerabilities and incidents. Plaintiffs allege that Convergent's conduct amounted to negligence and violated federal and state statutes. Plaintiffs allege that they and Class Members have suffered injury as a result of Convergent's conduct. These injuries include: (i) lost or diminished value of PII; (ii) out-of-pocket expenses associated with the prevention, detection, and recovery from identity theft, tax fraud, and/or unauthorized use of their PII; (iii) lost opportunity costs associated with attempting to mitigate the actual consequences of the Data Incident, including but not limited to lost time, (iv) deprivation of rights they possess under the Washington Consumer Protection Act (RCW 19.86.010 *et seq*.); and (v) the continued and certainly an increased risk to their PII, which remains in Convergent's possession and is subject to further unauthorized disclosures so long as Convergent fails to undertake appropriate and adequate measures to protect the PII.

Convergent denies each and all of the claims and contentions alleged against it in the Litigation. Convergent denies all wrongdoing or liability associated with the Data Incident alleged, or which could be alleged, in the Litigation. Nonetheless, Convergent has concluded that further conduct of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Settlement Agreement.

## III.    PROCEDURAL HISTORY

Beginning on November 2, 2022, Plaintiffs, individually and on behalf of a putative class, filed various actions against Defendant asserting claims concerning the Data Incident in this Court (the "Litigation"). The cases were consolidated into the instant matter and Gary E. Mason of Mason LLP, Jean S. Martin of Morgan & Morgan Complex Litigation Group, and Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC were appointed as Interim Co-

PLTFS' RENEWED UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT – 2
Case No.: 2:22-cv-01558-MJP

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Lead Counsel and Cecily C. Jordan of Tousley Brain Stephens, PLLC was appointed as Liaison Counsel.

Plaintiffs filed their Consolidated Amended Complaint on February 10, 2023. On March 13, 2023, Convergent moved to dismiss the Consolidated Amended Complaint in its entirety.

Over the course of several months, the Parties engaged in settlement negotiations. The parties then agreed to participate in early mediation and prior to doing so, informally exchanged discovery on a variety of topics related to the Litigation. The parties selected Bennett Picker, Esq. of Stradley Ronon, a well-regarded private mediator with considerable experience mediating data breach class actions, to preside over the mediation. The parties drafted and exchanged mediation briefs prior to mediation, and participated in pre-mediation sessions with Mediator Picker.

On May 11, 2023, while the Motion to Dismiss was fully briefed and pending, and after the exchange of informal discovery, the Settling Parties engaged in an all-day, arms-length virtual mediation before Mediator Picker in an attempt to resolve the Litigation. During the course of the settlement discussions, Convergent disclosed information regarding the limited remaining insurance funds available to cover the claims of class members. While the Settling Parties made some headway in the initial mediation session, the Settling Parties were unable to reach resolution.

On July 20, 2023, the Court granted in part and denied in part Convergent's motion to dismiss, dismissing *with prejudice* Plaintiffs' negligence, breach of implied contract, breach of the duty of confidence, Washington Data Breach Law, and California constitutional privacy claims. The Court also dismissed *without prejudice* Plaintiffs' CCPA claim for statutory damages, but allowed Plaintiffs' CCPA claim for pecuniary damages and Plaintiffs' claims for invasion of privacy, unjust enrichment, violations of the Washington CPA, violations of the UCL, and declaratory relief to proceed.

In the three months following the mediation, the parties continued to engage in negotiations with the assistance of Mr. Picker. Ultimately, after many sessions of additional

PLTFS' RENEWED UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT – 3
Case No.: 2:22-cv-01558-MJP

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

negotiations, Mr. Picker made a mediator's proposal of a common fund settlement of $2.45 million. Both parties accepted on August 11, 2023. Thereafter the parties continued negotiations to formalize the terms of the settlement set forth in the present Settlement Agreement. The parties executed the Settlement Agreement and Plaintiffs filed their Unopposed Motion for Preliminary Approval on October 30, 2023.

On December 19, 2023, the Court entered an Order Granting in part and denying in part Plaintiffs' motion for preliminary approval. Dkt. No. 59. In its Order, the Court granted Plaintiff's motion as to certification of the Settlement Class but denied the Plaintiffs' request for preliminary approval of the Settlement. To address the Court's concerns as to preliminary approval, the parties engaged in further discussions with counsel for Convergent, and ultimately reached agreement on amendments to the Settlement Agreement that clarify the scope of the Release, and improved the Notice forms by adding a disclosure that Class Counsel's request for reasonable attorneys' fees and costs will not exceed 27% of the settlement fund. The parties executed the Amended Settlement Agreement on February 2, 8, and 9, 2024.

## IV.    THE SETTLEMENT TERMS

### A.    Proposed Settlement Class

The Proposed Settlement will provide substantial relief for the Settlement Class, which is defined as: "[All persons residing in the United States to whom Defendant Convergent Outsourcing, Inc. sent notification that their personal information may have been compromised by unauthorized third parties as a result of the data security incident discovered by Convergent on or about June 17, 2022." Amended Settlement Agreement[1] ("S.A.") ¶ 3.1. The Settlement Class contains approximately 640,906 individuals.

### B.    Settlement Benefits – Monetary Relief

The Settlement negotiated on behalf of the Class consists of a $2,450,000 Settlement Fund from which class members may make a claim for: (1) reimbursement of ordinary expenses

[1] A copy of the Amended Settlement Agreement is attached as Exhibit A to the Supplemental Declaration of Gary M. Klinger ("Suppl. Klinger Dec.").

PLTFS' RENEWED UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT – 4
Case No.: 2:22-cv-01558-MJP

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

and lost time up to $1,500 per Class Member; (2) reimbursement of extraordinary expenses up to $10,000 per Class Member, or; (3) as an alternative to filing a claim for reimbursement of Ordinary Losses, Attested Time Spent, or Extraordinary losses, Settlement Class Members may submit a claim to receive an alternative cash payment, which will be a pro rata share of the net Settlement Fund. S.A. ¶ 4.2. If the total dollar value of approved claims for Ordinary Losses, Attested Time Spent, and Extraordinary Losses exceeds the amount remaining in the Settlement Fund necessary to cover valid claims the payment amounts for those claims shall be reduced *pro rata*. S.A. ¶ 4.4.

### 1.  Expense and Lost-Time Reimbursement.

The first category of payments is designed to provide reimbursement for ordinary out-of-pocket expenses related to the Data Incident and to compensate Class Members for time spent dealing with the effects of the Data Incident. S.A. ¶ 4.2.1. Ordinary expense reimbursements can be claimed at up to $1,500 per Class Member. *Id.*

Notably, this category of reimbursements specifically includes up to ten hours of lost time spent dealing with any effects of the Data Incident, compensated at $30 per hour. S.A. ¶ 4.2.2. Reimbursable ordinary expenses also include: (i) unreimbursed losses relating to fraud or identity theft; (ii) credit monitoring costs that were incurred on or after the Data Incident through the date of claim submission; and (iii) bank fees, long distance phone charges, postage, or gasoline for local travel. S.A. ¶ 4.2.1.

### 2.  Other Extraordinary Expense Reimbursement.

The second category provides for reimbursement of extraordinary expenses, up to $10,000 per Settlement Class Member, incurred between June 1, 2022 and the Claims Deadline for documented, unreimbursed out-of-pocket expenses resulting from the Data Incident. S.A. ¶ 4.2.3.

### 3.  Alternative Cash Payment

As an alternative to filing a claim for reimbursement of Ordinary Losses, Attested Time Spent, and/or Extraordinary Losses, Settlement Class Members may submit a claim to receive a

PLTFS' RENEWED UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT – 5
Case No.: 2:22-cv-01558-MJP

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 ● FAX 206.682.2992

*pro rata* payment from the net Settlement Fund after payment of costs of the settlement including the costs of carrying out the Notice Program and Claims Administration, any Attorneys' Fees and Expenses Award, any Service Award to Representative Plaintiff, and payments for claims for Ordinary Losses, Attested Time Spent, and Extraordinary Losses. S.A. ¶ 4.2.4.

**C.      Class Notice and Settlement Administration**

Notice will be paid for from the Settlement Fund and has been designed to reach the greatest practicable number of Settlement Class Members. Dkt. No. 57 ¶ 19. Notice will be given to the Settlement Class via individual notice, which will be given by mailing the updated Short-Form notice (Exhibit C to the Amended Settlement Agreement) to the postal addresses provided to the Claims Administrator by Convergent. S.A. ¶¶ 6.2, 6.3, *see also* Dkt. No. 57 ¶ 22. An updated Long Notice, attached to the Amended Settlement Agreement as Exhibit B, will also be posted on the settlement website, which will be established by the Claims Administrator within 30 days of the entry of the Preliminary Approval Order (the "Notice Deadline"), along with other important documents such as the Amended Settlement Agreement and the motions for final approval and for attorneys' fees and expenses. S.A. ¶ 6.3.2. The notice documents are clear and concise and directly apprise Class Members of all the information they need to know to make a claim or to opt-out or object to the Settlement, including the maximum amount that may be requested in reasonable attorneys' fees and costs. *See* Suppl. Klinger Dec. ¶ 5; *see also* Dkt. No. 57 ¶ 28. Furthermore, a toll-free number with interactive voice response, FAQs, and an option to speak to a live operator will be made available to address Class Members' inquiries. Dkt. No. 57 ¶ 28.

Moreover, Class Counsel has retained Epiq, a nationally recognized and well-regarded class action settlement administrator, to serve as Claims Administrator, subject to the Court's approval. Dkt. No. 56 ¶ 34.

**D.      Attorneys' Fees and Expenses**

If the Settlement is preliminarily approved, Class Counsel plan to petition the Court for an award of reasonable attorneys' fees and costs after the Settlement Class has received notice

PLTFS' RENEWED UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT – 6
Case No.: 2:22-cv-01558-MJP

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

of the Settlement. Class Counsel will file a motion seeking an award of reasonable attorneys' fees and reasonable costs that together will not exceed 27% (or $661,500) from the Settlement Fund. S.A. ¶ 11.1. At present, Class Counsel have incurred $26,180.93 in costs. Suppl. Klinger Decl. ¶ 6. The fee motion will be filed and posted to the settlement website prior to the objection and opt-out deadlines. Any fee award requested by Class Counsel will be subject to the Court's approval.

Class Counsel's fee request will be well within the range of reasonableness for Settlements of this nature and size. While 25% is the benchmark, the Ninth Circuit has held that attorneys' fees awards of 1/3 of the fund to be reasonable. *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000) (affirming award of one-third of total recovery). Here, as the 27% cap on Counsel's expected fee request is inclusive of both reasonable costs and attorneys' fees, Counsel's fee request will fall in line with Ninth Circuit standards and precedent in this District. *See Kater v. Churchill Downs Inc.*, 15-CV-00612-RSL, 2021 WL 511203, at *1 (W.D. Wash. Feb. 11, 2021) (noting mean fee award in the Western District of Washington is nearly 27%).

### E.    Service Awards to Named Plaintiffs

Plaintiffs in this case have been vital in litigating this matter, including providing important information about the impact of the Data Breach to proposed Settlement Class Counsel. Plaintiffs have been personally involved in the case and support the Settlement. Dkt. No. 56 ¶ 41. Plaintiffs will separately petition the Court for awards of $1,500 each in recognition of the time, effort, and expense they incurred pursuing claims that benefited the Settlement Class. S.A. ¶ 11.2.

The amount requested here is presumptively reasonable and commonly awarded in settled class action cases. *See, e.g.*, *Pauley v. CF Entm't*, No. 2:13-CV-08011-RGK-CW, 2020 WL 5809953, at *4 (C.D. Cal. July 23, 2020) (Where the Court granted "class representative enhancement fees in the amount of $5,000 each to Plaintiffs," finding that amount to be "presumptively reasonable"); *Yahoo Mail Litig.*, No. 13-CV-4980, 2016 WL 4474612, at *11

(N.D. Cal. Aug. 25, 2016) ("The Ninth Circuit has established $5,000.00 as a reasonable benchmark [for service awards]."); *McClintic v. Lithia Motors, Inc.*, No. 11-cv-859 RAJ, 2011 WL 13127844, at *6 (W.D. Wash. Oct. 19, 2011) ($10,000 incentive award reasonable in $1.74 million settlement).

### F.    Release

Upon entry of the Final Approval Order, Plaintiffs and the Settlement Class will be deemed to have "fully, finally, and forever released, relinquished, and discharged all Released Claims." S.A., generally. In the Amended Settlement Agreement "Released Claims" are limited to:

> any and all claims, demands, actions or causes of action with respect to the Data Incident, whether known or unknown, that have been asserted in the Litigation, or that could have been asserted, that arise out of or relate to the causes of action, allegations, practices, or conduct at issue in the Litigation.[2]

S.A. ¶ 2.29. Released Claims does not include claims relating to the enforcement of the settlement and shall not include any claims of Settlement Class Members who have timely excluded themselves from the Settlement Class.

### V.    LEGAL AUTHORITY

Plaintiffs bring this motion pursuant to Federal Rule Civil Procedure 23(e), under which court approval is required to finalize a class action settlement. Courts, including those in this Circuit, endorse a three-step procedure for approval of class action settlements: (1) preliminary approval of the proposed settlement followed by (2) dissemination of court-approved notice to the class and (3) a final fairness hearing at which class members may be heard regarding the settlement and at which evidence may be heard regarding the fairness, adequacy, and reasonableness of the settlement. Manual for Complex Litigation (Fourth) (2004) § 21.63.

---

[2] The phrase "related to Convergent or the Data Incident" at the end of the quoted sentence was removed from the language of the Release to clarify its scope following the Court's comments in the December 2023 Order on Motion for Preliminary Approval.

PLTFS' RENEWED UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT – 8
Case No.: 2:22-cv-01558-MJP

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

With the Court having preciously certified the Class for settlement purposes, and Plaintiffs having addressed the concerns raised by Court's Order on Motion for Preliminary Approval of Class Action Settlement (Dkt. No. 58), Plaintiffs now request that the Court grant preliminary approval of the proposed Settlement.

## VI.    ARGUMENT

Federal courts strongly favor and encourage settlements, particularly in class actions where the inherent costs, delays, and risks of continued litigation might otherwise overwhelm any potential benefit the class could hope to obtain. *See Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) (noting the "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned"); 4 Newberg on Class Actions § 11.41 (4th ed. 2002) (citing cases). Forcing claims like those at issue here to be handled through individual litigation would unduly tax the court system, require massive expenditures of resources, and would be impracticable given the relatively small value of the claims of the individual class members. Thus, the Settlement provides the best vehicle for Settlement Class Members to receive the relief to which they are entitled in a prompt and efficient manner.

### A.    The Settlement Class Continues to Merit Certification.

As part of assessing the parties' settlement, the Court is required to confirm the underlying settlement class meets the requirements of Rule 23(a) and (b)(3). *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 614 (1997); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir. 1998). Here, the Court already evaluated these requirements, and found that "certification of the proposed Settlement Class is appropriate because Plaintiffs have shown that it meets all of the requirements of Rules 23(a) and 23(b)(3)." Dkt. No. 58 at 3. Because no relevant facts have changed since the Court certified the Settlement Class, the Court should confirm its prior certification of the Settlement Class for the purpose of granting preliminary approval of the Settlement.

### B.    The Settlement Should Be Preliminarily Approved Pursuant to Rule 23(e).

In order for the Court to preliminarily approve a class settlement and to direct that notice

PLTFS' RENEWED UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT – 9
Case No.: 2:22-cv-01558-MJP

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

be sent to class members, the parties must show that the court "will likely be able to (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1)(B); *Tuttle v. Audiophile Music Direct Inc.*, No.C22-1081JLR, 2023 WL 3318699, at *3 (W.D. Wash. May 9, 2023). Rule 23(e) provides that a proposed class action may be "settled, voluntarily dismissed, or compromised only with the court's approval." Moreover, "[t]he parties must provide the court with information sufficient to enable it to determine whether to give notice of the proposal to the class." If the parties make a sufficient showing that the Court will likely be able to "approve the proposal" and "certify the class for purposes of judgment on the proposal," "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e). Thus, notice should be given to the class, and hence preliminary approval should be granted, where the Court "will likely be able to" finally approve the settlement under Rule 23(e)(2) and certify the class for settlement purposes. *Id*.

As a general matter, preliminary approval is appropriate if the settlement falls within the range of possible approval. *Hunichen v. Antonomi LLC*, No. C19-0615-RAJ-SKV, 2021 WL 5854964 at *4 (W.D. Wash. Nov. 12, 2021). In sum, "the purpose of the preliminary approval process is to determine whether there is any reason not to notify the class members of the proposed settlement and to proceed with a fairness hearing." *Lucas v. Kmart Corp.*, 234 F.R.D. 688, 693 (D. Colo. 2006). In any event, while a complete fairness evaluation is unnecessary at this early juncture, Plaintiffs' and their counsel strongly believe that the resolution reached here is in the Settlement Class's best interests.

To that end, the Ninth Circuit has identified nine factors to consider in analyzing the fairness, reasonableness, and adequacy of a class settlement: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the views of counsel; (7) the presence of a governmental participant; (8) the reaction of the class members to the proposed

PLTFS' RENEWED UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT – 10
Case No.: 2:22-cv-01558-MJP

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 ● FAX 206.682.2992

settlement and; (9) whether the settlement is a product of collusion among the parties. *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011); *see also Hanlon*, 150 F.3d at 1026. Rule 23(e) requires a court to consider several additional factors, including that the class representative and class counsel have adequately represented the class, and that the settlement treats class members equitably relative to one another. Fed. R. Civ. P. 23(e).

In applying these factors, this Court should be guided foremost by the general principle that settlements of class actions are favored by federal courts. *See Franklin v. Kaypro Corp.*, 884 F.2d 1222, 1229 (9th Cir. 1989) ("It hardly seems necessary to point out that there is an overriding public interest in settling and quieting litigation. This is particularly true in class action suits . . . ."). Here, the relevant factors support the conclusion that the negotiated settlement is fundamentally fair, reasonable, and adequate, and should be preliminarily approved.

### 1.    The Strength of Plaintiffs' Case

Plaintiffs believe they have built a strong case for liability. Dkt. No. 56 ¶ 30. Plaintiffs contend that Convergent is liable for its negligent, unfair, and unlawful conduct under multiple causes of action that remain following the motion to dismiss. *See, e.g.*, *Huynh v. Quora, Inc.*, 508 F. Supp. 3d 633, 650 (N.D. Cal. 2020) ("[T]ime and money [plaintiff] spent on credit monitoring in response to the Data Breach is cognizable harm to support her negligence claim"); *Wallace v. Health Quest Sys., Inc.*, No. 20 CV 545 (VB), 2021 WL 1109727, at *8–15 (S.D.N.Y. Mar. 23, 2021) (upholding data breach claims for negligence, breach of implied contract, breach of confidence and violations of New York General Business Law); *Burrows v. Purchasing Power, LLC*, No. 1:12-CV-22800-UU, 2012 WL 9391827, at *6 (S.D. Fla. Oct. 18, 2012) (upholding data sharing claims for violations of Florida Deceptive and Unfair Trade Practices Act).

While Plaintiffs believe they have strong claims, they also understand that their success is not guaranteed. The chances of prevailing on the merits are uncertain—especially where significant unsettled questions of law and fact exist, as is common in data breach litigation. *Fox v. Iowa Health Sys.*, No. 3:18-CV-00327-JDP, 2021 WL 826741, at *5 (W.D. Wis. Mar. 4, 2021) ("Data breach litigation is evolving; there is no guarantee of the ultimate result."); *Gordon v.*

PLTFS' RENEWED UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT – 11
Case No.: 2:22-cv-01558-MJP

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

*Chipotle Mexican Grill, Inc.*, No. 17-cv-01415-CMA-SKC, 2019 WL 6972701, at *1 (D. Colo. Dec. 16, 2019) ("Data breach cases . . . are particularly risky, expensive, and complex."). Although nearly all class actions involve a high level of risk, expense, and complexity, data breach litigation poses a particularly complex form of class action litigation. Data breach litigation is lengthy, complex, and difficult, and the rapid evolution of case law in this area of the law makes outcomes uncertain and the expense of such litigation high. Given the heavy obstacles and inherent risks Plaintiffs face with respect to the novel claims in data breach class actions, including class certification, summary judgment, and trial, the substantial benefits the Settlement provides favors preliminary approval of the Settlement. Dkt. No. 56 ¶ 31.

2.    The Risk, Expense, Complexity, and Likely Duration of Further Litigation

While Plaintiffs believe their case is a strong one, all cases, including this one, are subject to substantial risk. This case involves a proposed class of approximately 640,906 individuals (each of whom would need to establish cognizable harm and causation); a complicated and technical factual overlay; and a motivated Defendant that already has provided some relief to its potentially affected customers.

Although nearly all class actions involve a high level of risk, expense, and complexity—undergirding the strong judicial policy favoring amicable resolutions, *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1238 (9th Cir. 1998)—this is an especially complex class in an especially risky arena. Historically, data breach cases face substantial hurdles in surviving even the pleading stage. *See, e.g.*, *Hammond v. The Bank of N.Y. Mellon Corp.*, No. 08 Civ. 6060 (RMB) (RLE), 2010 WL 2643307, at *1–2 (S.D.N.Y. June 25, 2010) (collecting cases). Even cases of similar wide-spread notoriety and implicating data far more sensitive than at issue here have been found wanting at the district court level. *In re U.S. Office of Pers. Mgmt. Data Sec. Breach Litig*., 266 F. Supp. 3d 1, 19 (D.D.C. 2017) ("The Court is not persuaded that the factual allegations in the complaints are sufficient to establish . . . standing."), *reversed in part*, 928 F.3d 42 (D.C. Cir. June 21, 2019) (holding that plaintiff had standing to bring a data breach lawsuit).

PLTFS' RENEWED UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT – 12
Case No.: 2:22-cv-01558-MJP

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 ● FAX 206.682.2992

To the extent the law has gradually accepted this relatively new type of litigation, the path to a class-wide monetary judgment remains unforged, particularly in the area of damages. For now, data breach cases are among the riskiest and uncertain of all class action litigation, making settlement the more prudent course when a reasonable one can be reached. The damages methodologies, while theoretically sound in Plaintiffs' view, remain untested in a disputed class certification setting and unproven in front of a jury. And as in any data breach case, establishing causation on a class-wide basis is rife with uncertainty.

Each risk, by itself, could impede the successful prosecution of these claims at trial and in an eventual appeal—which would result in zero recovery to the class. "Regardless of the risk, litigation is always expensive, and both sides would bear those costs if the litigation continued." *Paz v. AG Adriano Goldschmeid, Inc.*, No. 14CV1372DMS(DHB), 2016 WL 4427439, at *5 (S.D. Cal. Feb. 29, 2016). Thus, this factor favors approval.

### 3.  The Risk of Maintaining Class Action Status Through Trial

While Plaintiffs' case is still in the pleadings stage, the parties have not briefed and the Court has not yet certified adversarial class treatment of this case. If they were to proceed to litigate their claims through trial, Plaintiffs could encounter risks in obtaining and maintaining certification of the class. If this case were to proceed forward in adversarial litigation, Defendant will certainly oppose certification. Thus, Plaintiffs "necessarily risk losing class action status." *Grimm v. American Eagle Airlines, Inc.*, No. LA CV 11-00406 JAK(MANx), 2014 WL 12746376, at *10 (C.D. Cal. Sept. 24, 2014). While Plaintiffs are confident that this case is well suited for class certification, numerous obstacles to certification remain. Few data breach cases have proceeded forward to obtain a ruling certifying a contested class. The first to obtain certification was *Smith v. Triad of Ala.*, LLC, No. 1:14-CV-324-WKW, 2017 WL 1044692, at *16 (M.D. Ala. Mar. 17, 2017), and a more recent certified contested class, *In re Marriott International Customer Data Securities Breach Litigation*, 341 F.R.D. 128 (D.Md. 2022), was recently decertified on appeal*, see In re Marriott Int'l, Inc.*, 78 F.4th 677, 680 (4th Cir. 2023). Thus, the dearth of direct precedent adds to the risks posed by continued litigation.

PLTFS' RENEWED UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT – 13
Case No.: 2:22-cv-01558-MJP

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 ● FAX 206.682.2992

4.  <u>The Amount Offered in Settlement</u>

In light of the risks and uncertainties presented by data breach litigation, the value of the Settlement favors approval. The Settlement makes significant relief available to Settlement Class Members. Each Class Member is eligible to make a claim for $1,500 in reimbursements for Ordinary Losses and Attested Time Spent, up to $10,000 in reimbursements for Extraordinary Losses related to the Data Incident, or an alternative cash payment, which will consist of a *pro rata* share of the net Settlement Fund after payment of costs of the settlement including the costs of carrying out the Notice Program and Claims Administration, any Attorneys' Fees and Expenses Award, any Service Awards to the Representative Plaintiffs, and payments for claims for Ordinary Losses, Attested Time Spent, and Extraordinary Losses.

This Settlement is a strong result for the Class, and as discussed below is in line with other settlements in cases involving data breaches of similar scope. Because the settlement amount here is similar to other settlements reached and approved in similar cases, this factor reflects that the Settlement is fair. *See Calderon v. Wolf Firm*, No. SACV 16-1622-JLS(KESx), 2018 WL 6843723, at *7–8 (C.D. Cal. Mar. 13, 2018) (comparing class settlement with other settlements in similar cases). In light of the difficulties and expenses Class Members would face pursuing individual claims, and the likelihood that they might be unaware of their claims, this Settlement Amount is appropriate. *See id.* Accordingly, this factor favors approval.

The relief offered by the Settlement is also reasonable in light of "the terms of any proposed award of attorney's fees, including timing of payment." Fed. R. Civ. P. 23(e)(2)(C)(iii). If the Settlement is preliminarily approved, Class Counsel plan to petition the Court for an award of reasonable attorneys' fees and costs after the Settlement Class has received notice of the Settlement. The Settlement's contemplated method of calculating attorneys' fees (*i.e.*, the percentage-of-the-fund method) and Class Counsel's agreement to unilaterally limit its request for attorneys' fees and costs (*i.e.*, to no more than 27% of the non-reversionary Settlement Fund) are reasonable and predicated on the meaningful relief provided to the Settlement Class. *See, e.g.*, *Churchill Downs*, 2021 WL 511203, at *1 (noting that "[c]ontingency arrangements in high-

PLTFS' RENEWED UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT – 14
Case No.: 2:22-cv-01558-MJP

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1    stakes, high-value mass litigation typically fall in the range of 30-40%" and approving a 25%

2    fee award). As the 27% cap on Counsel's expected fee and cost request incorporates both

3    reasonable costs and reasonable attorneys' fees, Counsel's expected fee request will fall squarely

4    in line with Ninth Circuit standards and precedent in this District. *See id.* (noting mean fee award

5    in the Western District of Washington is nearly 27%).

6        The Settlement value per class member here is on par with or exceeds that in other

7    exemplary data breach settlements.[3] In short, Plaintiffs have achieved an excellent resolution for

8    the Settlement Class.

9                    5.    The Extent of Discovery Completed and the Stage of Proceedings

10        Before entering into settlement discussions on behalf of class members, counsel should

11    have "sufficient information to make an informed decision." *Linney*, 151 F.3d at 1239. Here,

12    Plaintiffs vigorously and aggressively gathered information that was available regarding

13    Convergent and the Data Incident—including publicly-available documents concerning

14    announcements of the Data Incident and notice of the Data Incident to Plaintiffs and the

15    Settlement Class. Dkt. No. 56 ¶ 28. The parties also informally exchanged non-public

16    information concerning the Data Incident and the size of the Class in preparation for a successful

17    mediation. *Id.*

---

18    [3] *See, e.g.*, *Dickey's Barbeque Restaurants, Inc.*, Case No. 20-cv-3424 (N.D. Tex.), Dkt. 62 (data

19    breach class action involving more than 3 million people that settled for $2.3 million, or $0.76
      per person); *In re: Capital One Consumer Data Breach Litig.*, MDL No. 1:19md2915 (AJT/JFA)

20    Doc. 2251 (E.D. Va. Aug. 29, 2022) (Memo in Support of Final Approval), page 1 ($190 million
      common fund settlement for a class of approximately 98 million, or $1.93 per person); *Adlouni v.*

21    *UCLA Health Systems Auxiliary, et al.*, No. BC 589243 (Cal. Super. Ct. June 28, 2019) ($2
      million settlement in medical information data breach for approximately 4,500,000 Class

22    Members; 44 cents per Class Member); *In re Anthem, Inc. Data Breach Litig.*, No. 5:15-md-

23    02617 (N.D. Cal. Aug. 15, 2018) ($115 million settlement in medical information data breach for
      79,200,000 Class Members; $1.45 per Class Member); *In re The Home Depot, Inc. Customer*

24    *Data Sec. Breach Litig.*, No. 1:14-MD02583, 2016 WL 6902351, at *7 (N.D. Ga. Aug. 23, 2016)
      and ECF No. 181-2 ¶¶ 22, 38 ($13 million settlement for approximately 40 million class

25    members; 32.5 cents per Class Member); *In re Target Corp. Customer Data Sec. Breach Litig.*,
      MDL No. 14-2522, 2017 WL 2178306, at *1–2 (D. Minn. May 17, 2017) ($10 million

26    settlement for nearly 100 million Class Members; 10 cents per Class Member); *In re LinkedIn*

27    *User Priv. Litig.*, 309 F.R.D. 573, 582 (N.D. Cal. 2015) ($1.25 million settlement for
      approximately 6.4 million Class Members; 20 cents per Class Member).

PLTFS' RENEWED UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT – 15
Case No.: 2:22-cv-01558-MJP

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Although the parties have not engaged in formal discovery, Class Counsel's collective decades of experience in similar types of privacy and data protection practices provided substantive knowledge on the subject to enable Class Counsel to represent Plaintiffs' and Class Members' interests without expending hundreds of hours and enormous financial resources to come up to speed on the subject area. *See id.* Ex. A. "[T]he efficiency with which the Parties were able to reach an agreement need not prevent this Court from granting . . . approval." *Hillman v. Lexicon Consulting, Inc*., No. EDCV 16-01186-VAP(SPx), 2017 WL 10433869, at *8 (C.D. Cal. April 27, 2017). Accordingly, Plaintiffs are well informed about the strengths and weaknesses of this case.

### 6. The Experience and Views of Counsel

Class Counsel have substantial experience litigating complex class cases of various types, including data breach cases such as this one. *See* Dkt. No. 56 ¶ 25 & Ex. A. Having worked on behalf of the putative class since the Data Incident was first announced, evaluated the legal and factual disputes, and dedicated significant time and monetary resources to this litigation, proposed Class Counsel endorse the Settlement without reservation. *Id.* ¶¶ 31–32 A great deal of weight is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation. *See, e.g.*, *Norton v. Maximus, Inc.*, NO. 1:14-0030 WBS, 2017 WL 1424636, at *6 (D. Idaho Apr. 17, 2017); *Nat'l Rural Telecomm. Coop. v. DirecTV, Inc*., 221 F.R.D. 523, 528 (C.D. Cal. 2004). Thus, this factor supports approval.

### 7. Governmental Participants.

There is no governmental participant in this matter. This factor is neutral.

### 8. The Reaction of the Class Members to the Proposed Settlement

Because notice has not yet been given, this factor is not yet implicated; however, Representative Plaintiffs support the Settlement. Dkt. No. 56 ¶ 42.

### 9. Lack of Collusion Among the Parties

The parties did not commence discussion of fees until agreement on all substantive portions of the class resolution had been reached, and both the class portion of the resolution and

PLTFS' RENEWED UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT – 16
Case No.: 2:22-cv-01558-MJP

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 ● FAX 206.682.2992

1    the fees were negotiated at arm's-length under the direction of the parties' mutually agreed-upon

2    mediator Bennett Picker, Esq., who has extensive experience in handling class action cases and

3    data breach class action cases. Therefore, the Court can be assured that the negotiations were not

4    collusive. *See G. F. v. Contra Costa Cty.*, No. 13-cv-03667-MEJ, 2015 WL 4606078, at *13

5    (N.D. Cal. July 30, 2015) ("[T]he assistance of an experienced mediator in the settlement process

6    confirms that the settlement is non-collusive.") (internal quotation marks and citation omitted);

7    *see also Cohorst v. BRE Props.*, No. 3:10-CV-2666-JM-BGS, 2011 WL 7061923, at *12 (S.D.

8    Cal. Nov. 9, 2011) ("[V]oluntary mediation before a retired judge in which the parties reached

9    an agreement-in-principle to settle the claims in the litigation are highly indicative of

10   fairness . . . . We put a good deal of stock in the product of arms-length, non-collusive, negotiated

11   resolution.").

12                    10.  The Settlement Treats Settlement Class Members Equitably

13            Finally, Rule 23(e)(2)(D) requires that this Court confirm that the settlement treats all

14   class members equitably. The Advisory Committee's Note to Rule 23(e)(2)(D) advises that

15   courts should consider "whether the apportionment of relief among class members takes

16   appropriate account of differences among their claims, and whether the scope of the release may

17   affect class members in different ways that bear on the apportionment of relief." Fed. R. Civ. P.

18   23(e), advisory comm.'s note (2018). In determining whether this factor weighs in favor of

19   approval, a Court must determine whether the Settlement "improperly grant[s] preferential

20   treatment to class representatives or segments of the class." *Paredes Garcia v. Harborstone*

21   *Credit Union*, No. 3:21-CV-05148-LK, 2023 WL 4315117, *5 (W.D. Wash. July 3, 2023)

22   (quoting *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007)).

23            Here, the Settlement does not improperly discriminate between any segments of the class,

24   as all class members are entitled to the same relief. Each and every Class Member has the

25   opportunity to make a claim for up to $1,500 in reimbursements for expenses and time spent, up

26   to $10,000 in reimbursements for extraordinary expenses, or the opportunity to claim an

27   alternative cash payment. While Plaintiffs have been permitted to seek approval of a service

PLTFS' RENEWED UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT – 17
Case No.: 2:22-cv-01558-MJP

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

award from this Court, as will be explained in detail in Plaintiffs' forthcoming fee motion, the requested award of $1,500 per class representative is in line with awards granted in similar cases, is presumptively reasonable, and does not call into question Plaintiffs' adequacy or the validity of the Settlement. *See, e.g.*, *Roe v. Frito-Lay, Inc.*, No. 14-cv-00751, 2017 WL 1315626, at *8 (N.D. Cal. Apr. 7, 2017) (noting a $5,000 Service Award is presumptively reasonable in the Ninth Circuit); *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 947–48 (9th Cir. 2015) (approving service awards of $5,000).

### C.    The Court Should Approve the Proposed Notice Program

Rule 23 requires that prior to final approval, the "court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1)(B). For classes certified under Rule 23(b)(3), "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). "The notice may be by one or more of the following: United States mail, electronic means, or other appropriate means." *Id.*

Such notice must be the "best notice practicable," *see* Fed. R. Civ. P. 23(c)(2)(B), which means "individual notice to all members who can be identified through reasonable effort." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974). To satisfy due process, notice to class members must be the best practicable, and reasonably calculated under all the circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. Fed. R. Civ. P. 23(c)(2); *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985). Class settlement notices must present information about a proposed settlement simply, neutrally, and understandably. *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 567 (9th Cir. 2019). Notice is adequate if it generally describes the terms of the class action settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard. *Id.*

Here, and after a competitive bid process, the parties have agreed to a robust notice program to be administered by a well-respected third-party class administrator—Epiq—who will

PLTFS' RENEWED UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT – 18
Case No.: 2:22-cv-01558-MJP

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

use all reasonable efforts to provide direct and individual notice to each potential Settlement Class Member. Prior to sending the Postcard Notice, Epiq will check all mailing addresses against the National Change of Address ("NCOA") database maintained by the USPS to ensure all address information is up-to-date and accurately formatted for mailing.[4] In addition, the addresses will be certified via the Coding Accuracy Support System ("CASS") to ensure the quality of the zip code and verified through Delivery Point Validation ("DPV") to verify the accuracy of the addresses. Dkt. 57 ¶ 23. The costs of administering the Settlement will be paid from the Settlement Fund. S.A. ¶ 6.2.

The Notice and Claim Forms negotiated by the Parties are clear and concise and inform Settlement Class Members of their rights and options under the Settlement, including detailed instructions on how to make a claim, object to the Settlement, or opt-out of the Settlement. S.A. Exs. A, B, and C. In particular, the updated Notice forms agreed to as part of the Amended Settlement Agreement have been clarified to inform Settlement Class Members that Plaintiffs' Counsel will move the Court for an award of up to 27% (or $661,500) in reasonable attorneys' fees and costs combined. *Id*. Exs. B, C. By including such information about the maximum amount of fees and costs in the initial notice, Class Members will have sufficient time to understand and act on their right to opt out or challenge the Settlement.

In addition to the direct notice, the Administrator will also establish a dedicated Settlement Website. The Settlement Website will also provide the ability for Settlement Class Members to file an online Claim Form. In addition, the Settlement Website will include relevant dates, answers to frequently asked questions ("FAQs"), instructions for how Settlement Class Members may opt-out (request exclusion) from or object to the Settlement, contact information for the Claims Administrator, and how to obtain other case-related information. Dkt. No. 57 ¶ 25.

---

[4] The NCOA database is maintained by the USPS and consists of approximately 160 million permanent change-of-address (COA) records consisting of names and addresses of individuals, families, and businesses who have filed a change-of-address with the Postal Service. The address information is maintained on the database for 48 months and reduces undeliverable mail by providing the most current address information, including standardized and delivery-point-coded addresses, for matches made to the NCOA file for individual, family, and business moves.

PLTFS' RENEWED UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT – 19
Case No.: 2:22-cv-01558-MJP

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

The Claims Administrator will also make a toll-free help line where callers will be able to hear an introductory message, have the option to learn more about the Settlement in the form of recorded answers to FAQs, and request that a Long Notice be mailed to them. *Id.* ¶ 26.

Plaintiffs have negotiated a notice program that is reasonably calculated under all the circumstances to apprise Class Members of the pendency of the action and afford them an opportunity to present their objections to the Settlement and to reasonable attorneys' fees and costs. The Claims Administrator estimates that direct notice will reach at least 90% of the Settlement Class. *Id.* ¶ 19. Because this notice plan ensures that Settlement Class Members' due process rights are amply protected, it should be approved. *See Hartranft v. TVI, Inc.*, No. 15-01081-CJC-DFM, 2019 WL 1746137, at *3 (C.D. Cal. Apr. 18, 2019) ("The Court finds that the Class Notice and the manner of its dissemination . . . constitutes the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise Settlement Class Members of the pendency of this action, the terms of the Agreement, and their right to object to or exclude themselves from the Settlement Class."); *see also Spencer v. #1 A LifeSafer of Ariz., LLC*, No. CV-18-02225-PHX-BSB, 2019 WL 1034451, at *3 (D. Ariz. Mar. 4, 2019) (Bade, J.) (preliminarily approving class action settlement and finding "that the proposed notice program is clearly designed to advise the Class Members of their rights").

### D.  Appointment of the Settlement Administrator

In connection with implementation of the Notice Program and administration of the settlement benefits, the Parties request the Court appoint Epiq to serve as the Claims Administrator. Epiq is a well-respected third party administrator with a trusted and proven track record of supporting class action administrations. Dkt. No. 57 ¶¶ 5–9.

## VII.  CONCLUSION

Plaintiffs have negotiated a fair, adequate, and reasonable Settlement that will provide Class Members with both significant monetary and equitable relief. The Settlement should be approved and Notice should be ordered to issue to the class. For all the above reasons, Plaintiffs respectfully request this Court grant Plaintiffs' Motion.

PLTFS' RENEWED UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT – 20
Case No.: 2:22-cv-01558-MJP

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1    I certify that this memorandum contains 7,249 words, in compliance with the Local Civil

2  Rules.

3  Date: February 9, 2024                    Respectfully Submitted,

4                                             */s/ Gary E. Mason*
                                            Gary E. Mason
5                                           **MASON LLP**
                                            5101 Wisconsin Avenue NW, Suite 305
6                                           Washington, DC 20016
                                            Telephone: 202.429.2290
7                                           gmason@masonllp.com

8                                            */s/ Jean S. Martin*
                                            Jean S. Martin
9                                           **MORGAN & MORGAN**
                                            **COMPLEX LITIGATION GROUP**
10                                          201 N. Franklin Street, 7th Floor
                                            Tampa, Florida 33602
11                                          (813) 559-4908
                                            jeanmartin@ForThePeople.com
12

13                                           */s/Gary M. Klinger*
                                            Gary M. Klinger
14                                          **MILBERG COLEMAN BRYSON**
                                            **PHILLIPS GROSSMAN, PLLC**
15                                          227 W. Monroe Street, Suite 2100
                                            Chicago, IL 60606
16                                          Tel: 866-252-0878
                                            gklinger@milberg.com

17                                           */s/Cecily C. Jordan*
                                            Jason T. Dennett, WSBA #30686
18                                          Cecily C. Jordan, WSBA #50061
                                            **TOUSLEY BRAIN STEPHENS PLLC**
19                                          1200 Fifth Avenue, Suite 1700
                                            Seattle, WA 98101-3147
20                                          Telephone: (206) 682-5600
                                            jdennett@tousley.com
21                                          cjordan@tousley.com

22                                           *Attorneys for Plaintiffs and the Settlement Class*

23

24

25

26

27

PLTFS' RENEWED UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT – 21
Case No.: 2:22-cv-01558-MJP