1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
9                                    AT SEATTLE

10    LEO GUY, et al.,                          CASE NO. C22-1558 MJP

11                    Plaintiffs,               ORDER GRANTING RENEWED
                                                MOTION FOR PRELIMINARY
12           v.                                 APPROVAL OF CLASS ACTION
                                                SETTLEMENT
13    CONVERGENT OUTSOURCING,
      INC.,
14
                      Defendant.
15

16

17          This matter comes before the Court on Plaintiffs' Renewed Unopposed Motion for

18   Preliminary Approval of Class Action Settlement. (Dkt. No. 61.) Having reviewed the Motion

19   and all supporting materials, the Court GRANTS the Motion.

20                                      **BACKGROUND**

21          In considering Plaintiffs' initial motion for preliminary approval, the Court granted

22   Plaintiffs' request for certification of a settlement class. (Order on Motion for Preliminary

23   Approval of Class Action Settlement at 3-8 (Dkt. No. 58).) The Court found the named plaintiffs

24

adequate class representatives, appointed Plaintiffs' counsel as class counsel, and certified the

following settlement class:

> All persons residing in the United States to whom Defendant Convergent Outsourcing, Inc. sent notification that their personal information may have been compromised by unauthorized third parties as a result of the data security incident discovered by Convergent on or about June 17, 2022.

(Id. at 8.) But the Court denied Plaintiffs' request for preliminary approval without prejudice for

two reasons: (1) the scope of the release was overbroad; and (2) the proposed notice lacked any

information about the attorneys' fees and costs that counsel might seek from the settlement fund.

(Id. at 10-12.)

The Parties have now revised the settlement agreement, which narrows the scope of the

release. Initially, the release applied to:

> any and all claims, demands, actions or causes of action with respect to the Data Incident, whether known or unknown, that have been asserted in the Litigation, or that could have been asserted, that arise out of or relate to the causes of action, allegations, practices, or conduct at issue in the Litigation related to Convergent or the Data Incident.

(Dkt. No. 56-2 at 10.) The Court found particularly problematic the following portion of the

release: ". . . that arise out of or relate to the causes of action, allegations, practices, or conduct at

issue in the Litigation related to Convergent or the Data Incident." (Order at 11.) The release has

now been modified to apply to:

> any and all claims, demands, actions or causes of action with respect to the Data Incident, whether known or unknown, that have been asserted in the Litigation, or that could have been asserted, that arise out of or relate to the causes of action, allegations, practices, or conduct at issue in the Litigation.

(Dkt. No. 62-1 at 10.)

The Court also notes that Plaintiffs' counsel has now revealed that its request for

attorneys' fees and costs will not exceed 27% of the $2.45 million settlement fund—that is,

$661,500. (Renewed Mot. at 7 (Dkt. No. 61).) Counsel has also provided notice Plaintiffs wish to apply for $1,500 service fee awards to the named plaintiffs. (Id.)

The Court notes that the revised settlement agreement still provides for the same relief that the initial settlement agreement provided to the approximately 640,906 individuals in the settlement class. The revised settlement allows for settlement class members to file one of three different types claims for payment out of the settlement fund. (Revised Settlement Agreement ¶¶ 4.2.) A class member may seek up to $1,500 for "ordinary" out-of-pocket expenses related to the data breach or up to $10,000 for "extraordinary" out-of-pocket expenses. (Revised Settlement Agreement ¶¶ 4.21, 4.2.3.) As a third option, class members may elect to file a claim for an alternative pro rata share of the settlement fund. (Revised Settlement Agreement ¶ 4.2.4.) If the total dollar value of the claims exceeds the amount remaining in the settlement fund necessary to cover the attorneys' fees and costs, class representative's service award, and administrative costs, then the payment amount for claims "shall be reduced pro rata" among those who submit claims for ordinary or extraordinary losses, and those who seek the alternative pro rata share will receive nothing. (Revised Settlement Agreement ¶ 4.4.)

Lastly, the Court notes that Plaintiffs have provided draft long, short, and summary notice forms that are intended to provide notice to members of the settlement class. (See Exs. B and C to the Declaration of Gary Klinger (Dkt. No. 62-1 at 36-54).)

## ANALYSIS

### A.   Legal Standard

A proposed class action may not be settled on a classwide basis without court approval. Fed. R. Civ. P. 23(e). Before approving a settlement, the Court must determine whether to order notice of the proposed settlement to the class. Fed. R. Civ. P. 23(e)(1). This requires the parties to "provide the Court with information sufficient to enable it to determine whether to give notice

1    of the proposal to the class." Fed. R. Civ. P. 23(e)(1)(A). Notice must be given if the parties

2    show that "the court will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii)

3    certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1)(B).

4         Under Rule 23(e)(2), the Court must determine whether the proposed settlement taken as

5    a whole is "fair, adequate, and reasonable." Fed. R. Civ. P. 23(e)(2); Hanlon v. Chrysler Corp.,

6    150 F.3d 1011, 1026 (9th Cir. 1988), overruled on other grounds by Wal-Mart Stores, Inc. v.

7    Dukes, 564 U.S. 338 (2011). "[S]ettlements that occur before class certification are subject to a

8    high procedural standard." Kim v. Allison, 8 F.4th 1170, 1178 (9th Cir. 2021) (quotation

9    omitted). "The district court must act as a fiduciary, protecting the interests of absent class

10   members by scrutinizing the settlement's fairness in light of well-established factors." Id. To

11   assess whether a proposed settlement comports with Rule 23(e)(2), the Court considers: "(1) the

12   strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further

13   litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount

14   offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6)

15   the experience and views of counsel; (7) the presence of a governmental participant; and (8) the

16   reaction of the class members of the proposed settlement." Kim, 8 F.4th at 1178 (quotation and

17   citation omitted). And when settlement happens before class certification, approval is contingent

18   not only on a thorough assessment of these eight factors, but also a finding that the settlement "is

19   not[ ] the product of collusion among the negotiating parties." In re Bluetooth Headset Prod.

20   Liab. Litig., 654 F.3d 935, 946-47 (9th Cir. 2011) (quotation and citation omitted).

21   **B.    Preliminary Approval of Settlement and Notice**

22        The Court finds that notice of the revised settlement should be given to the settlement

23   class, given that the proposed settlement appears likely to be found fair, reasonable, and

24

ORDER GRANTING RENEWED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 4

1    adequate. See Fed. R. Civ. P. 23(e)(1)(B). Based on the record presented to the Court, it appears

2    the settlement was negotiated at arm's length by informed and experienced counsel through the

3    assistance of experienced and impartial mediator. Though subject to final approval, it appears

4    that the relief provided to the class under the settlement is adequate, particularly when

5    considering the costs, risks, and delay associated with proceeding to trial and potential appeal.

6    The method proposed for distributing relief to the settlement classes and processing claims also

7    appears adequate and effective, though the Court will entertain any objections to the

8    methodology used and the results achieved. Finally, the Court finds that the proposed settlement

9    appears to treat settlement class members equitably relative to each other. The revised settlement

10   therefore meets the criteria for preliminary approval, and notice should be given to the settlement

11   class. Accordingly, the Court preliminarily approves the terms of the revised settlement

12   agreement and ORDERS Plaintiffs to provide notice to the settlement class using the notice

13   forms proposed by Plaintiffs. The Court notes that the settlement class is the same class the

14   Court previously approved in its Order on the initial Motion for Preliminary Approval. (Dkt. No.

15   58.)

16        The Court finds that the form, content, and method of giving notice to the settlement

17   class as described in the notice plan submitted with the renewed motion for preliminary

18   approval: (a) constitute the best practicable notice to the settlement class; (b) are reasonably

19   calculated, under the circumstances, to apprise settlement class members of the pendency of the

20   action, the terms of the proposed revised settlement, and class members' rights under the

21   proposed revised settlement; (c) are reasonable and constitute due, adequate, and sufficient

22   notice to those persons entitled to receive notice; and (d) satisfy the requirements of Federal Rule

23   of Civil Procedure 23 and due process. The Court further finds that the notices are written in

24

ORDER GRANTING RENEWED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 5

1  plain language, use simple terminology, and are designed to be readily understandable by

2  settlement class members.

3       Non-material modifications to the notices may be made without further order of the Court.

4  As requested, the Court appoints Epiq as the Settlement Administrator, who shall be supervised

5  by Plaintiffs' counsel and the Court. The Settlement Administrator is directed to carry out the

6  notice plan in conformance with the revised settlement agreement and to perform all other tasks

7  that the revised settlement agreement requires. Prior to the Final Approval Hearing, class counsel

8  shall cause to be filed with the Court an appropriate declaration with respect to complying with

9  the provisions of the notice plan.

10  **C.      Notice Date**

11       The Court directs the Settlement Administrator to cause a copy of the notice to be mailed

12  to all potential settlement class members in the manner outlined in the revised settlement

13  agreement. The mailing is to be made by first class United States mail and via email to potential

14  settlement class members where an existing email address is available, within thirty (30)

15  calendar days following the entry of this Order (the "Notice Date"). The settlement website shall

16  include, and make available for download, copies of the revised settlement agreement and long

17  form notice.

18  **D.      Funds Held by Settlement Administrator**

19       All funds held by the Settlement Administrator shall be deemed and considered to be in

20  custodia legis of the Court and shall remain subject to the jurisdiction of the Court until such

21  time as the funds are distributed pursuant to the revised settlement or further order of the Court.

22

23

24

ORDER GRANTING RENEWED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 6

**E.     Deadline to Submit Claim Forms**

Plaintiffs propose to allow settlement class members ninety (90) calendar days from the Notice Date to submit their claim forms. The Court finds this request is reasonable and allows for sufficient time to file claims. The Court therefore allows settlement class members 90 days from the Notice Date to submit claim forms. This is the "Claims Deadline."

**F.     Exclusions**

The Court agrees with Plaintiffs' proposed exclusion methodology. Any settlement class member that wishes to be excluded from the settlement class must mail an exclusion letter to the settlement administrator at the addresses provided in the Notice, postmarked no later than the deadline to opt-out, as specified on the Notice, and sent via first class postage pre-paid U.S. mail. The exclusion letter must: (a) state the settlement class member's full name, address, and telephone number; (b) state the name and number of this case, Guy et al. v. Convergent Outsourcing Inc., Case No. 2:22-cv-01558-MJP; (c) contain the settlement class member's personal and original signature or the original signature of a person authorized by law to act on the settlement class member's behalf with respect to a claim or right such as those asserted in the litigation, such as a trustee, guardian or person acting under a power of attorney; and (d) state unequivocally the settlement class member's intent to be excluded from the settlement. To be valid, each individual class member who seeks exclusion must file an individual request for exclusion—in other words, a class member may not request exclusion for anyone other than for that the class member.

Any settlement class member who does not timely and validly exclude themselves from the settlement shall be bound by the terms of the revised settlement agreement. If final judgment is entered, any settlement class member who has not submitted a timely, valid written notice of

1    exclusion from the settlement class shall be bound by all subsequent proceedings, orders, and

2    judgments in this matter, including but not limited to the release set forth in the revised settlement

3    agreement.

4    **G.    Objections**

5          Any settlement class member may enter an appearance in the action, at his or her own

6    expense, individually or through counsel of his or her own choice. If a settlement class member

7    does not enter an appearance, they will be represented by class counsel.

8          Any settlement class member who wishes to may file objections to the revised settlement,

9    the settlement benefits, service awards, and/or the attorneys' fees and costs. Any settlement class

10   member may also appear at the Final Approval Hearing and show cause as to why the revised

11   settlement should not be approved as fair, reasonable, and adequate to the settlement class, why a

12   final approval order and judgment should not be entered thereon, why the settlement benefits

13   should not be approved, or why the service awards and/or the attorneys' fees and costs should not

14   be granted. Unless the Court orders otherwise, no settlement class member will be heard on such

15   matters unless they have filed in this action the objection, together with any briefs, papers,

16   statements, or other materials the settlement class member wishes the Court to consider, within

17   sixty (60) calendar days following the Notice Date. Any objection must include: (i) the objector's

18   full name, address, telephone number, and e-mail address (if any); (ii) the name and number of

19   this case, Guy et al. v. Convergent Outsourcing Inc., Case No. 2:22-cv-01558-MJP; (iii)

20   information identifying the objector as a settlement class member, including proof that the objector

21   is a member of the settlement class; (iv) a statement as to whether the objection applies only to the

22   settlement class member, to a specific subset of the settlement class, or to the entire settlement

23   class; (v) a written statement of the specific legal and factual bases for each and every objection,

24

accompanied by any legal support for the objection the objector believes applicable; (vi) the identity of any counsel representing the objector; (vii) a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel, and, if through counsel, identifying that counsel; (viii) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objections and any documents to be presented or considered; and (ix) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (if any). In addition to the foregoing requirements, if an objecting settlement class member intends to speak at the final approval hearing (whether pro se or through an attorney), the written objection must include a detailed description of any evidence the objecting settlement class member may offer at the Final Approval Hearing, as well as copies of any exhibits the objecting settlement class member may introduce at the Final Approval Hearing. Unless the Court orders otherwise, any settlement class member who fails to object to the revised settlement in the manner described in the revised settlement Agreement and in the notice provided pursuant to the Notice Plan shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the revised settlement at the Final Approval Hearing, and shall be precluded from seeking any review of the revised settlement or the terms of the revised settlement agreement by appeal or any other means.

    With leave of Court for good cause shown, the Parties may take discovery of an objector or an objector's counsel. Any settlement class member that fails to comply with the provisions in this Order will waive and forfeit any and all rights it may have to object, and shall be bound by all the terms of the revised settlement, this Order, and by all proceedings, orders, and judgments, including, but not limited to, the releases in the revised settlement, if finally approved. Any

1   potential settlement class member who both objects to the revised settlement and submits an

2   exclusion letter will be deemed to have opted-out and the objection shall be deemed null and void.

3   **H.      Final Approval Hearing**

4          A hearing will be held by this Court in the Courtroom of The Honorable Marsha J.

5   Pechman, United States District Court for the Western District of Washington, United States

6   Courthouse, 700 Stewart Street, Courtroom 14B (14th Floor), Seattle, WA 98101 at 10:00 a.m.

7   on July 19, 2024 ("Final Approval Hearing"), to determine: (a) whether the revised settlement

8   should be approved as fair, reasonable, and adequate to the class; (b) whether the Final Approval

9   Order should be entered in substance materially the same as Exhibit 4 to the revised settlement

10   agreement; (c) whether the revised settlement agreement should be approved as fair, reasonable,

11   and adequate to the settlement class; (d) whether to approve the application for service awards

12   for the named plaintiffs and an award of attorneys' fees and litigation expenses; and (e) any other

13   matters that may properly be brought before the Court in connection with the settlement. The

14   Final Approval Hearing is subject to continuation or adjournment by the Court. The Court may

15   approve the revised settlement with such modifications as the Parties may agree to, if

16   appropriate, without further notice to the class.

17          With regard to briefing in support of final approval, all opening briefs and supporting

18   documents in support of a request for final approval of the revised settlement and settlement

19   benefits must be filed and served at least thirty (30) days prior to the Final Approval Hearing. All

20   briefing and supporting documents in support of an application for attorneys' fees and costs and

21   named plaintiff service awards must be filed thirty (30) days prior to the Objection Deadline. The

22   deadline to file responses, if any, to any objections, and any replies in support of final approval

23   of the revised settlement and/or class counsel's application for attorneys' fees, costs, and the

24

ORDER GRANTING RENEWED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 10

1    named plaintiff service awards must be filed and served at least fourteen (14) days prior to the

2    Final Approval Hearing.

3          Prior to the Final Approval Hearing, class counsel and Defendant shall cause to be filed

4    with the Court an appropriate affidavit or declaration with respect to complying with the

5    provision of notice as set forth in Section 2(b) of the Settlement.

6    **I.      Summary of Deadlines and Stay of Existing Case Schedule**

7          Pending the Final Approval Hearing, all existing case deadlines are hereby stayed, except

8    the settlement-related deadlines set forth in this Order. For summary purposes, those deadlines

9    are as follows:

| Action | Date |
| --- | --- |
| Defendant Provides Class List | Within 10 business days following entry of this Order |
| Notice Deadline | 30 days following entry of this Order |
| Motion for Attorneys' Fees, Costs, and Service Awards Due | 30 days prior to the Objection Deadline |
| Exclusion/Opt-Out Deadline | 60 days after the Notice Deadline |
| Objection Deadline | 60 days after the Notice Deadline |
| Motion for Final Approval Due | 30 days prior to the Final Approval Hearing |
| Reply in Support of Motion for attorneys' fees, costs, and for a Service Award and Final Approval Motion | 14 days prior to the Final Approval Hearing |
| Final Approval Hearing | July 19, 2024 at 10:00 am |
| Deadline to Submit Claims | 90 days after the Notice Date |

19          Upon application of the Parties and good cause shown, the deadlines set forth in this

20   Order—except the final approval hearing—may be extended by order of the Court, without

21   further notice to the settlement class. Any extension of the final approval hearing will require

22   notice to the settlement class.

ORDER GRANTING RENEWED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 11

**J.      Termination of the Settlement and Use of this Order**

If the Court does not provide final approval of the settlement, this Order shall become null and void and shall be without prejudice to the rights of the Parties, all of which shall be restored to their respective positions existing immediately before this Court entered this Order. In such event, the revised settlement shall become null and void and be of no further force and effect.

The clerk is ordered to provide copies of this order to all counsel.

Dated February 20, 2024.

Marsha J. Pechman
United States Senior District Judge