Hon. Marsha J. Pechman

1

2

3

4

5

6

7

8

9

10

**THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

11

12

13

14

15

16

17

18

19

LEO GUY, RYAN TANNER, MAGALY
GRANADOS, KERRY LAMONS, TAMMY
RANO, VICK WILL, JENNIFER WHITE, as
individuals and on behalf of all others
similarly situated,

              Plaintiffs,

vs.

CONVERGENT OUTSOURCING, INC.

              Defendant.

Case No.: 2:22-cv-01558-MJP

**PLAINTIFFS' UNOPPOSED MOTION**
**FOR FINAL APPROVAL OF CLASS**
**ACTION SETTLEMENT**

NOTING DATE: JULY 19, 2024

20

21

22

23

24

25

26

27

PLTFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT
Case No.: 2:22-cv-01558-MJP

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................. i

TABLE OF AUTHORITIES ....................................................................................... iii

INTRODUCTION ........................................................................................................1

STATEMENT OF FACTS ...........................................................................................1

    A.    Factual Background ....................................................................................1

    B.    Procedural History, Discovery, and Settlement Negotiations .................2

    C.    Preliminary Approval.................................................................................3

THE SETTLEMENT TERMS .....................................................................................3

NOTICE TO THE CLASS ..........................................................................................5

    A.    Direct Mail ..................................................................................................5

    B.    Settlement Website .....................................................................................6

    C.    Toll-Free Telephone Number ...................................................................6

CLAIMS, OPT OUTS, AND OBJECTIONS .............................................................7

    A.    Claims .........................................................................................................7

    B.    Opt Outs .....................................................................................................8

    C.    Objections ...................................................................................................8

LEGAL ARGUMENT .................................................................................................8

I.    The Settlement Class Continues to Merit Certification .................................8

II.    Notice Satisfied Due Process .........................................................................9

III.    The Settlement Should Be Finally Approved Pursuant to Rule 23(e) ...........10

    A.    Class Counsel and the Class Representatives have adequately represented the Class and support the Settlement. ..................................................................11

    B.    The Settlement has no indicia of collusion and is the result of hard-fought negotiations before an experienced mediator. ....................................................11

    C.    The relief provided in the Settlement is fair and adequate in light of the risk and complexity of the case...................................................................................12

PLTFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT – i
Case No.: 2:22-cv-01558-MJP

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 ● FAX 206.682.2992

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

1.    The Risk, Expense, Complexity, and Likely Duration of Further Litigation.................................................................................................13

2.    The Risk of Maintaining Class Action Status Through Trial ......................14

3.    The Amount Offered in Settlement.............................................................14

4.    The Extent of Discovery Completed and the Stage of Proceedings ............15

5.    The Experience and Views of Counsel........................................................15

6.    Governmental Participants..........................................................................16

7.    The Reaction of the Class Members to the Proposed Settlement ................16

D.    The Settlement Treats Settlement Class Members Equitably................................17

CONCLUSION .............................................................................................................18

PLTFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT – ii
Case No.: 2:22-cv-01558-MJP

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3

**Cases**

4

*Aikens v. Panatte, LLC*,
   No. 2:17-cv-01519, Dkt. No. 54 (W.D. Wash. Feb. 5, 2019)...................................9

5

*In re Anthem, Inc. Data Breach Litig.*,
   327 F.R.D. 299 (N.D. Cal. 2018).........................................................................12

6

*Askar v. Health Providers Choice, Inc.*,
   No. 19-CV-06125-BLF, 2021 WL 4846955 (N.D. Cal. Oct. 18, 2021)...............10

7

8

*In re Bluetooth Headset Prod. Liab. Litig.*,
   654 F.3d 935 (9th Cir. 2011) .........................................................................11, 12

9

10

*Briseno v. ConAgra Foods, Inc.*,
   844 F.3d 1121 (9th Cir. 2017) ..............................................................................9

11

*Churchill Vill., LLC v. Gen. Elec.*,
   361 F.3d 566 (9th Cir. 2004) ..........................................................................10, 11

12

13

*Clemans v. New Werner Co.*,
   No. 3:12-cv-5186, 2013 WL 12108739 (W.D. Wash. Nov. 22, 2013)................16

14

*Demmings v. LLW Trucking, Inc.*,
   2018 WL 4495461 (D. Or. Sept. 19, 2018) .........................................................16

15

16

*Eisen v. Carlisle & Jacquelin*,
   417 U.S. 156 (1974).............................................................................................9

17

18

*Ewing v. Admin. Sys., Inc.*,
   C08-0797 RAJ, 2009 WL 10725426 (W.D. Wash. Sept. 30, 2009)......................9

19

20

*Fox v. Iowa Health Sys.*,
   No. 3:18-CV-00327-JDP, 2021 WL 826741 (W.D. Wis. Mar. 4, 2021)..............13

21

*Garner v. State Farm Mut. Auto. Ins. Co.*,
   2010 WL 1687832 (N.D. Cal. Apr. 22, 2010) .....................................................12

22

23

*Gordon v. Chipotle Mexican Grill, Inc.*,
   No. 17-cv-01415-CMA-SKC, 2019 WL 6972701 (D. Colo. Dec. 16, 2019)........13

24

25

*Hammond v. The Bank of N.Y. Mellon Corp.*,
   No. 08 Civ. 6060 (RMB) (RLE), 2010 WL 2643307 (S.D.N.Y. June 25,
   2010) .................................................................................................................13

26

27

PLTFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT – iii
Case No.: 2:22-cv-01558-MJP

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998) .................................................................................. 8, 11

*Hanson v. MGM Resorts Int'l*,
    No. 16-cv-1661-RAJ, 2018 WL 3630284 (W.D. Wash. July 31, 2018) ............................ 10

*Hillman v. Lexicon Consulting, Inc.*,
    No. EDCV 16-01186-VAP(SPx), 2017 WL 10433869 (C.D. Cal. Apr. 27,
    2017) .................................................................................................................... 15

*Hughes v. Microsoft Corp.*,
    2001 WL 34089697 (W.D. Wash. Mar. 26, 2001) ........................................................ 16

*Jamil v. Workforce Res., LLC*,
    2020 WL 6544660 (S.D. Cal. Nov. 5, 2020) .................................................................. 9

*Kim v. Allison*,
    8 F.4th 1170 (9th Cir. 2021) ..................................................................................... 11

*Lane v. Brown*,
    166 F. Supp. 3d 1180 (D. Or. Jan. 27, 2016) ............................................................. 16

*Linney v. Cellular Alaska P'ship*,
    151 F.3d 1234 (9th Cir. 1998) ................................................................................... 15

*In re Marriott Int'l Customer Data Sec. Breach Litig.*,
    341 F.R.D. 128 (D. Md. 2022) ................................................................................... 13

*In re Marriott Int'l, Inc.*,
    78 F.4th 677 (4th Cir. 2023) ............................................................................... 13, 14

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,
    221 F.R.D. 523 (C.D. Cal. 2004) .......................................................................... 15, 16

*In re Netflix Privacy Litig.*,
    2013 WL 1120801 (N.D. Cal. Mar. 18, 2013) ............................................................. 12

*Norton v. Maximus, Inc.*,
    No. 1:14-0030 WBS, 2017 WL 1424636 (D. Idaho Apr. 17, 2017) .................................. 15

*In re Omnivision Techs. Inc.*,
    559 F. Supp. 2d 1036 (N.D. Cal. 2008) ...................................................................... 14

*In re Online DVD-Rental Antitrust Litig.*,
    779 F.3d 934 (9th Cir. 2015) ..................................................................................... 17

*Paredes Garcia v. Harborstone Credit Union*,
    No. 3:21-CV-05148-LK, 2023 WL 4315117 (W.D. Wash. July 3, 2023) ........................... 17

PLTFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT – iv
Case No.: 2:22-cv-01558-MJP

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

*Reed v. Light & Wonder*,
No. 2:18-cv-525, Dkt. No. 197 (W.D. Wash. Aug. 12, 2022) ...................................................9

*Rinky Dink Inc. v. World Bus. Lenders, LLC*,
No. C14-0268-JCC, 2016 WL 4052588 (W.D. Wash. Feb. 3, 2016)...................................15

*Rodriguez v. W. Publ'g Corp.*,
563 F.3d 948 (9th Cir. 2009) ........................................................................................14, 16

*Roe v. Frito-Lay, Inc.*,
No. 14-cv-00751, 2017 WL 1315626 (N.D. Cal. Apr. 7, 2017)............................................17

*Smith v. Triad of Ala.*,
LLC, No. 1:14-CV-324-WKW, 2017 WL 1044692 (M.D. Ala. Mar. 17,
2017) ..........................................................................................................................................13

*Spann v. J.C. Penney Corp.*,
314 F.R.D. 312 (C.D. Cal. 2016) ..............................................................................12, 17

**Other Authorities**

Federal Judicial Center, *Judges' Class Action Notice & Claims Process Checklist
& Plain Language Guide* 3 (2010), *available at* https://www.fjc.gov/sites/
default/files/2012/NotCheck.pdf...................................................................................9

Fed. R. Civ. P. 23 ...................................................................................... 1, 8, 9, 10, 14, 17

4 Newberg on Class Actions, § 11:48 (4th ed. 2002) ...........................................................16

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

**INTRODUCTION**

Since this Court granted Plaintiffs' Motion for Preliminary Approval, the reaction of the Settlement Class has been overwhelmingly positive. Of the approximately 650,000 settlement class members, only fifty-five have opted out of the settlement (less than 0.0085%), and no class member has objected. The proposed Settlement, which provides for a $2,450,000 Settlement Fund, will provide the class with meaningful monetary relief, commensurate with the types of damages sustained. Reached through arm's-length negotiations after contested litigation by experienced and well-informed counsel, the Settlement will deliver tangible, immediate benefits to Settlement Class Members, addressing the potential harms of the Data Incident without protracted and inherently risky litigation.

Plaintiffs, by and through their undersigned counsel, respectfully request this Court grant Plaintiffs' Unopposed Motion for Final Approval of this Class Action Settlement so that Plaintiffs may begin the process of distributing benefits to those members of the Settlement Class who have submitted valid claims. Because the proposed Settlement is fair, reasonable, and adequate, and because it satisfies all the requirements of Rule 23, the Court should finally certify the Settlement Class and grant final approval.

**STATEMENT OF FACTS**

**A.  Factual Background**

This matter arises out of a breach of Defendant Convergent Outsourcing, Inc.'s ("Convergent" or "Defendant") computer systems that Convergent discovered in June of 2022 (the "Data Incident"). During the Data Incident, an unauthorized individual accessed Convergent's computer systems and deployed tools to encrypt Convergent's systems and exfiltrate files containing personally identifiable information ("PII"), including names, contact information, financial account numbers, and Social Security numbers, of Plaintiffs and Settlement Class members.

Convergent notified approximately 650,000 individuals that their PII may have been the subject of the Data Incident. After Convergent notified the individuals, Plaintiffs brought this

PLTFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT – 1
Case No.: 2:22-cv-01558-MJP

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

action on behalf of all persons whose PII may have been compromised, alleging claims and injuries as a result of Convergent's conduct.

Convergent denies each and all of the claims and contentions alleged, or which could be alleged, against it in this consolidated litigation. Convergent also denies all wrongdoing or liability associated with the Data Incident.

### B. Procedural History, Discovery, and Settlement Negotiations

Beginning on November 2, 2022, Plaintiffs, individually and on behalf of a putative class, filed various actions against Defendant asserting claims concerning the Data Incident. The Court consolidated the various cases and appointed Gary E. Mason of Mason LLP, Jean S. Martin of Morgan & Morgan Complex Litigation Group, and Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC as Interim Co-Lead Counsel, and Cecily C. Jordan of Tousley Brain Stephens, PLLC as Liaison Counsel.

Plaintiffs filed their Consolidated Amended Complaint on February 10, 2023. On March 13, 2023, Convergent moved to dismiss the Consolidated Amended Complaint in its entirety.

While the Motion to Dismiss was pending, the parties agreed to participate in mediation and informally exchanged discovery on a variety of topics related to the Data Incident so the parties would be well informed for settlement negotiations. During the settlement discussions, Convergent disclosed information regarding the limited remaining insurance funds available to cover the claims of class members.

On May 11, 2023, the parties engaged in an all-day, arm's-length virtual mediation before Bennett Picker, Esq. of Stradley Ronon. While the parties made some progress in the mediation, the parties were unable to reach a resolution.

On July 20, 2023, the Court granted in part and denied in part Convergent's Motion to Dismiss, allowing Plaintiffs' CCPA claim for pecuniary damages and Plaintiffs' claims for invasion of privacy, unjust enrichment, violations of the Washington CPA, violations of the UCL, and declaratory relief to proceed.

PLTFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT – 2
Case No.: 2:22-cv-01558-MJP

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 ● FAX 206.682.2992

In the three months following the mediation, the parties continued to engage in negotiations with the assistance of Mr. Picker who ultimately made a mediator's proposal of a common fund settlement of $2.45 million, which both parties accepted on August 11, 2023. Thereafter, the parties continued negotiations to formalize the terms of the settlement set forth in the Settlement Agreement.

### C. Preliminary Approval

On October 20, 2023, Plaintiffs moved for Preliminary Approval of the Settlement. On December 19, 2023, the Court entered an Order Granting in part and denying in part Plaintiffs' motion. Dkt. No. 59. In its Order, the Court certified the Settlement Class but denied Plaintiffs' request for preliminary approval, raising concerns over an ambiguity in the scope of the Release and requesting further clarification and disclosure to the Settlement Class of the Plaintiffs' forthcoming request for an award of attorneys' fees and costs. To address the Court's concerns, the parties negotiated amendments to the Settlement Agreement that clarified the scope of the Release and modified the Notices by adding a disclosure that Class Counsel's request for reasonable attorneys' fees and costs will not exceed 27% of the settlement fund.

On February 9, 2024, Plaintiffs submitted a Renewed Motion for Preliminary Approval. (Dkt. No. 61). On February 20, 2024, the Court granted preliminary approval of the Amended Settlement Agreement and instructed the Settlement Administrator to implement the Notice Program. (Dkt. No. 63). In that Order, the Court made preliminary findings that the Settlement Agreement was fair, reasonable, and adequate, and the result of informed, non-collusive arm's-length negotiations overseen by an experienced and impartial mediator. *Id.* at 4–5.

### THE SETTLEMENT TERMS

The following section briefly summarizes the core terms of the Settlement, which Plaintiffs previously filed with the Court, Dkt. No. 62-1, Ex. A ("Settlement Agreement" or "S.A.").

PLTFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT – 3
Case No.: 2:22-cv-01558-MJP

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 ● FAX 206.682.2992

The Settlement Class is defined as:

All persons residing in the United States to whom Defendant Convergent Outsourcing, Inc. sent notification that their personal information may have been compromised by unauthorized third parties as a result of the data security incident discovered by Convergent on or about June 17, 2022.

S.A. ¶ 3.1.

Under the terms of the Settlement Agreement, Convergent will provide a $2,450,000 non-reversionary settlement fund in exchange for a release of claims by the Settlement Class Members. S.A. ¶ 4.1. The Amended Settlement Agreement limits "Released Claims" to:

any and all claims, demands, actions or causes of action with respect to the Data Incident, whether known or unknown, that have been asserted in the Litigation, or that could have been asserted, that arise out of or relate to the causes of action, allegations, practices, or conduct at issue in the Litigation.

*Id.* ¶ 2.29.

From the $2,450,000 settlement fund, all Settlement Class Members were eligible to submit a claim for the following monetary benefits:

**Ordinary Losses and Attested Time Spent:**

Class members were eligible to submit a claim for reimbursement for ordinary out-of-pocket expenses fairly traceable to the Data Incident, up to $1,500 per Class Member. *Id.* ¶ 4.2.1. As part of this category of benefits, Class Members who timely submitted valid claims could also claim up to ten hours of lost time spent dealing with any effects of the Data Incident, compensated at $30 per hour (totaling to $300 per claimant). *Id.* ¶ 4.2.2.

**Extraordinary Losses:**

Class members were eligible to submit a claim for reimbursement for extraordinary losses resulting from the Data Incident, up to a maximum of $10,000.00 per Settlement Class Member. *Id.* ¶ 4.2.3. Extraordinary Losses may include, without limitation, the unreimbursed costs, expenses, losses or charges incurred a result of identity theft or identity fraud, falsified tax returns, or other possible misuse of Private Information. *Id.*

PLTFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT – 4
Case No.: 2:22-cv-01558-MJP

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1    **Alternative Cash Payment:**

2        As an alternative to filing a claim for reimbursement of Ordinary Losses, Attested Time

3    Spent, and/or Extraordinary Losses, Settlement Class Members who timely submitted valid

4    claims could elect to receive a pro rata payment from the net Settlement Fund, meaning the

5    remainder of funds after payment of the costs of carrying out the Notice Program and Claims

6    Administration, any Attorneys' Fees and Expenses Award, any Service Award to Representative

7    Plaintiff, and payments for valid claims for Ordinary Losses, Attested Time Spent, and

8    Extraordinary Losses. *Id*. ¶ 4.2.4. The Notices and Claim Form advised Settlement Class

9    Members of the possibility that Class members who elect this option may receive no payment if

10   the amounts of the total approved reimbursement claims plus the costs of the Notice Program and

11   Claims Administration, any Attorneys' Fees and Expenses Award and Service Award exceed the

12   total amount of the Settlement Fund." *Id*. ¶ 4.2.4; *see also* Dkt. No. 62-1, Exhibits A–C.

13                          **NOTICE TO THE CLASS**

14       As directed by this Court's Preliminary Approval Order, the parties worked diligently to

15   implement the Notice Plan in coordination with the approved Claims Administrator, Epiq. Using

16   records provided by Defendant, Epiq fully implemented the comprehensive Notice Program

17   consisting of direct-mail Postcard Notices, a website, and a toll-free number. As detailed below

18   and in the Declaration of Cameron R. Azari, Esq. ("Azari Decl."), submitted herewith, that Notice

19   Program is now complete, and the results have been overwhelmingly successful.

20   **A.  Direct Mail**

21       On March 6, 2024, Epiq received from Defendant a data file with 652,971 records of

22   identified Settlement Class Members. *Id*. ¶ 11. The data included the names and physical address

23   information of the identified Settlement Class Members. *Id.* Epiq de-duplicated, rolled-up the

24   records, and loaded the unique, identified Settlement Class Member records into its database.

25   These efforts resulted in 652,942 unique, identified Settlement Class Member records with an

26   associated physical address. *Id.* As a result, 652,942 unique, identified Settlement Class Members

27   were sent a Postcard Notice via United States Postal Service ("USPS") first-class mail. *Id.*

PLTFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT – 5
Case No.: 2:22-cv-01558-MJP

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Prior to sending the Postcard Notice, all mailing addresses were checked against the National Change of Address ("NCOA") database maintained by the USPS to ensure all address information was up-to-date and accurately formatted for mailing. *Id.* ¶ 13. Postcard Notices returned as undeliverable were re-mailed to any new address available through USPS information, or to better addresses that were found using a third-party address lookup service. *Id.* ¶ 14. As of June 16, 2024, Epiq has remailed 23,868 Postcard Notices. *Id.*

Additionally, a Long Form Notice and Claim Form ("Claim Package") were mailed to all persons who requested one via the toll-free telephone number or other means. *Id.* ¶ 15. As of June 16, 2024, Epiq mailed 2,121 Claim Packages as a result of such requests. *Id.*

In Summary, a Postcard Notice was delivered to 629,524 of the 652,942 unique, identified Settlement Class Members. *Id.* ¶ 16. This means the direct mailing individual notice efforts reached approximately 96.3% of the identified Settlement Class Members. *Id.*

### B. Settlement Website

On March 20, 2024, Epiq established a dedicated website for the case with an easy to remember domain name (www.ConvergentDataBreachSettlement.com). *Id.* ¶ 17. Relevant documents, including the Settlement Agreement, Long Form Notice, Claim Form, and other case-related documents are posted on the Settlement Website. *Id.* In addition, the Settlement Website includes relevant dates, answers to frequently asked questions ("FAQs"), instructions for how Settlement Class Members may opt-out (request exclusion) from or object to the Settlement, contact information for the Claims Administrator, and how to obtain other case-related information. *Id.* The Settlement Website also provided the ability for Settlement Class Members to file an online Claim Form. *Id.* The Settlement Website address was prominently displayed in all notice documents. *Id.* As of June 16, 2024, there have been 51,646 unique visitor sessions to the case website, and 137,510 web pages have been presented. *Id.*

### C. Toll-Free Telephone Number

On March 20, 2024, a toll-free telephone number (1-877-564-1209) was established for the case. *Id.* ¶ 18. Callers who dialed in were provided the option to learn more about the

PLTFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT – 6
Case No.: 2:22-cv-01558-MJP

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Settlement in the form of recorded answers to FAQs, and request that a Long Form Notice be mailed to them. *Id.* The automated phone system is available twenty-four hours per day, seven days per week. *Id.* The toll-free telephone number was prominently displayed in all notice documents. *Id.* As of June 16, 2024, there have been 9,158 calls to the toll-free telephone number, representing 22,746 minutes of use. *Id.*

The Notice Program as designed and implemented reached approximately 96.4% of the identified Settlement Class. *Id.* ¶ 7. The reach of the Notice Program is consistent with other court-approved and best notice practicable programs and was designed to satisfy the requirements of due process. *Id.*

### CLAIMS, OPT OUTS, AND OBJECTIONS

The reaction of the Settlement Class has been overwhelmingly positive. Although the claims deadline does not expire until June 19, 2024, to date the claims administrator has received 16,110 claims. Only fifty-five (55) Settlement Class members submitted valid exclusion requests, and no class member objected. *Id.* ¶ 22.

### A. Claims

Though the claims deadline continues through June 19, 2024, Epiq has just begun its initial review of the claims submitted. As of June 16, 2024, Epiq has received 16,110 Claim Forms (15,605 online and 505 paper). *Id.* Epiq will review each claim to ensure it was validly submitted by a verified class member, contains adequate documentation, and complies with all requirements under the Settlement. *See id.* ¶ 23. Based on their extensive experience with these matters and their conversations with Epiq about the claims data reviewed to date, Class Counsel anticipates that there will be sufficient funds after paying out valid and approved Extraordinary Loss and Ordinary Loss claims to issue some amount of alternative cash payments. Epiq's review of the claims is ongoing and Plaintiffs will provide an updated claims report to the Court prior to the Final Approval Hearing.

PLTFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT – 7
Case No.: 2:22-cv-01558-MJP

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

**B. Opt Outs**

The deadline to request exclusion from the case was May 20, 2024. As of June 16, 2024, Epiq has received fifty-five valid requests for exclusion. *Id.* ¶ 20.

**C. Objections**

The deadline to object to the Settlement was May 20, 2024. No objections were received or filed. *See generally* Case No. 2:22-cv-01558-MJP.

LEGAL ARGUMENT

Plaintiffs respectfully request that the Court grant final certification of the Settlement Class because: (1) the Settlement Class satisfies the requirements of Rule 23(a) and (b)(3); (2) the Court-approved notice program satisfies both Rule 23 and due process requirements and has been fully implemented pursuant to the Court's requirements; and (3) the Settlement is fair, reasonable, and adequate.

**I.    The Settlement Class Continues to Merit Certification**

A threshold inquiry at final approval is whether the Class satisfies the requirements of Rule 23(a) and (b). *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019–22 (9th Cir. 1998). The Court completed this first step in the settlement approval process when it granted preliminary approval and provisionally certified the Settlement Class. *See* Dkt. No. 58. Here, the Court already found that "certification of the proposed Settlement Class is appropriate because Plaintiffs have shown that it meets all of the requirements of Rules 23(a) and 23(b)(3)." Dkt. No. 58 at 3. The Court's Preliminary Approval Order made specific findings that the Class met each of the four Rule 23(a) requirements of numerosity, commonality, typicality, and adequacy. *Id.* at 4–7. Likewise, the Court found that the Settlement Class met each of the Rule 23(b)(3) requirements: that questions of law and fact common to the members of the class predominate over any "questions affecting any individual Class Member," and that a class action is superior to other available methods of fairly and efficiently adjudicating this controversy. *Id.* at 5, 7–8. Plaintiffs respectfully submit that nothing has changed since these findings were made, and they remain accurate. Because no relevant facts have changed since the Court certified the Settlement Class,

PLTFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT – 8
Case No.: 2:22-cv-01558-MJP

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Dkt. No. 63, the Court need not revisit class certification here. *See, e.g.*, *Reed v. Light & Wonder*, No. 2:18-cv-525, Dkt. No. 197 (W.D. Wash. Aug. 12, 2022); *Aikens v. Panatte, LLC*, No. 2:17-cv-01519, Dkt. No. 54 (W.D. Wash. Feb. 5, 2019); *Ewing v. Admin. Sys., Inc.*, C08-0797 RAJ, 2009 WL 10725426, at *1 (W.D. Wash. Sept. 30, 2009); *see also Jamil v. Workforce Res., LLC*, 2020 WL 6544660, at *3 (S.D. Cal. Nov. 5, 2020).

## II.    Notice Satisfied Due Process

Prior to granting final approval, this Court must consider whether the members of the class received adequate notice of the settlement. Fed. R. Civ. P. 23(c)(2)(B); *accord Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974). Specifically, the court must find that the notice to the class was "the best notice that is practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(B). "[T]he rule does not insist on actual notice to all class members in all cases." *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1129 (9th Cir. 2017) (quoting *Mullins v. Direct Digital LLC*, 795 F.3d 654, 665 (7th Cir. 2015)). Although what constitutes the "best notice practicable" is case-specific, the Federal Judicial Center has noted that a notice campaign that reaches 70% of a class is often reasonable. Federal Judicial Center, *Judges' Class Action Notice & Claims Process Checklist & Plain Language Guide* 3 (2010), *available at* https://www.fjc.gov/sites/default/files/2012/NotCheck.pdf.

The Court already provisionally approved the Notice Plan proposed by Plaintiffs and Class Counsel, including the forms of Plaintiffs' Email Notice and Long Form Notice, finding they complied with the requirements of Rule 23 and due process. Dkt. No. 63 at 4–6. The Court also approved Plaintiffs' proposed manner of distribution of notice forms as compliant with the requirements of Rule 23 and due process. *Id.* at 5.

Plaintiffs' implementation of that Notice Plan was successful in all aspects. Consistent with the Court's instructions, Notice consisted of 652,942 Postcard Notices, a website, and a toll-free number. There have been no issues notifying the Settlement Class or complying with the court-ordered Notice Plan. *See* Azari Decl. ¶¶ 7-19. The Notice Program as designed and implemented reached approximately 96.4% of the identified Settlement Class. *Id.* ¶ 7. That figure

far exceeds the constitutional due process requirement in this Circuit. *See, e.g.*, *Askar v. Health Providers Choice, Inc.*, No. 19-CV-06125-BLF, 2021 WL 4846955, at \*3 (N.D. Cal. Oct. 18, 2021) ("[N]otice plans estimated to reach a minimum of 70 percent are constitutional and comply with Rule 23.") (citation omitted).

Finally, all forms of notice accurately described the Settlement and directed the recipient to the Settlement Website where further information is available. The Court should therefore find that the Notice Plan, as executed, satisfied Rule 23(c)(2)(B) and fully complied with due process requirements.

## III. The Settlement Should Be Finally Approved Pursuant to Rule 23(e)

To approve the settlement of a class action as fair, reasonable, and adequate, Rule 23(e)(2) requires Court to consider "whether (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's-length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other." At the final approval stage, the court considers the settlement in light of a non-exhaustive list of factors—the so-called *Churchill* factors—including:

> (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement.

*Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004); *see also Hanson v. MGM Resorts Int'l*, No. 16-cv-1661-RAJ, 2018 WL 3630284, at \*4 (W.D. Wash. July 31, 2018). Not surprisingly, there is overlap between the 23(e) fairness, reasonableness, and adequacy considerations and the factors set out in the Ninth Circuit test in *Churchill*, 361 F.3d at 575. The

PLTFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT – 10
Case No.: 2:22-cv-01558-MJP

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Ninth Circuit has instructed that the Court's 23(e)(2) analysis should be guided by the *Churchill* factors. *See Kim v. Allison*, 8 F.4th 1170, 1178 (9th Cir. 2021); *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011).

**A. Class Counsel and the Class Representatives have adequately represented the Class and support the Settlement.**

Plaintiffs and Class Counsel have represented the Class adequately in connection with both the litigation and the Settlement. Plaintiffs have claims that are typical of, and coextensive with, those of the Class, and they have no interests that are antagonistic to other members of the Class. *See Hanlon*, 150 F.3d at 1020. Indeed, the Plaintiffs share the primary goal with the Class of obtaining the largest possible recovery from Defendants. Class Counsel diligently represented the Class throughout the course of this complex and hard-fought litigation. Class Counsel, who are experienced in representing plaintiffs in class action and data privacy cases, have spent nearly two years litigating this case and advocating for the Class. As a result of their efforts, the negotiated Settlement provides considerable monetary relief to participating Settlement Class members. By any measure, Class Counsel's efforts constitute adequate representation of the Class.

**B. The Settlement has no indicia of collusion and is the result of hard-fought negotiations before an experienced mediator.**

The Ninth Circuit instructs courts to ensure that "the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Hanlon*, 150 F.3d at 1027 (quoting *Officers for Justice v. Civil Serv. Comm'n of City & Cnty. of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982)). When approving a settlement prior to formal class certification, the Court is required to engage in "an even higher level of scrutiny for evidence of collusion or other conflicts of interest than is ordinarily required under Rule 23(e) before securing the court's approval as fair." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011).

PLTFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT – 11
Case No.: 2:22-cv-01558-MJP

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

The Settlement here was negotiated at arm's-length and was the product of non-collusive negotiations—as the Court initially found at preliminary approval. *See* Dkt. No. 63 at 4. The settlement was reached after weeks of arm's-length negotiations with an experienced neutral. The fact that the parties reached the Settlement with the assistance of a neutral mediator is a "factor weighing in favor of a finding of non-collusiveness." *In re Bluetooth*, 654 F.3d at 948. Courts within the Ninth Circuit "have afforded a presumption of fairness and reasonableness of a settlement agreement where that agreement was the product of non-collusive, arm's-length negotiations conducted by capable and experienced counsel." *In re Netflix Privacy Litig.*, 2013 WL 1120801, at *4 (N.D. Cal. Mar. 18, 2013); *see also Garner v. State Farm Mut. Auto. Ins. Co.*, 2010 WL 1687832, at *13 (N.D. Cal. Apr. 22, 2010); *see also In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. 299, 327 (N.D. Cal. 2018) ("[T]he assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive.") (internal quotation omitted).

Finally, the Settlement here has none of the indicia of possible collusion identified by the Ninth Circuit, such as a disproportionate requested attorneys' fee, a "clear sailing" fee agreement separate and apart from class funds, or the reversion of unpaid fees to the defendant. *See In re Bluetooth*, 654 F.3d at 947. Class Counsel's fee will be determined separately, but as explained in Class Counsel's fee petition, they seek a percentage recovery that is consistent with Washington law and Ninth Circuit precedent, reflects their work performed, and is proportionate. *See generally* Dkt. No. 64. Accordingly, all evidence indicates that this Settlement was not "the product of fraud or overreaching by, or collusion between, the negotiating parties." *Spann v. J.C. Penney Corp.*, 314 F.R.D. 312, 324–25 (C.D. Cal. 2016).

## C. The relief provided in the Settlement is fair and adequate in light of the risk and complexity of the case.

In Plaintiffs' Motion for Preliminary Approval of Class Action Settlement Plaintiffs provided an in-depth discussion regarding the fairness and adequacy of the Settlement. Dkt. No. 55. In granting preliminary approval to the Settlement, this Court agreed, holding that "it appears that the relief provided to the class under the settlement is adequate, particularly when considering

PLTFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT – 12
Case No.: 2:22-cv-01558-MJP

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

the costs, risks, and delay associated with proceeding to trial and potential appeal." Dkt. No. 63 at 4. Here evaluating the risks of continued litigation against the scope of relief this Settlement provides to the Class, the Settlement unquestionably merits final approval.

### 1. The Risk, Expense, Complexity, and Likely Duration of Further Litigation

This Settlement is excellent not only because of the valuable benefits obtained for the Settlement Class, but also because Plaintiffs would have faced significant risks in litigating this case through trial. While Plaintiffs believe they have built a strong case for liability against Convergent for its negligent, unfair, and unlawful conduct under multiple causes of action, they also understand that their success in this case is not guaranteed. Plaintiffs would need to establish to establish cognizable harm and causation classwide across the approximately 650,000-member class against a complicated and technical factual overlay. Moreover, data breach litigation is lengthy, complex, difficult, expensive, and uncertain. *See, e.g.*, *Fox v. Iowa Health Sys*., No. 3:18-CV-00327-JDP, 2021 WL 826741, at *5 (W.D. Wis. Mar. 4, 2021) ("Data breach litigation is evolving; there is no guarantee of the ultimate result."); *Gordon v. Chipotle Mexican Grill, Inc*., No. 17-cv-01415-CMA-SKC, 2019 WL 6972701, at *1 (D. Colo. Dec. 16, 2019) ("Data breach cases . . . are particularly risky, expensive, and complex."). *Hammond v. The Bank of N.Y. Mellon Corp*., No. 08 Civ. 6060 (RMB) (RLE), 2010 WL 2643307, at *1–2 (S.D.N.Y. June 25, 2010) (collecting cases). Data breach litigation is a rapidly emerging area of the law and few data breach cases have made it past contested class certification. The first to obtain certification was *Smith v. Triad of Ala.*, LLC, No. 1:14-CV-324-WKW, 2017 WL 1044692, at *16 (M.D. Ala. Mar. 17, 2017), and a more recent certified contested class, *In re Marriott Int'l Customer Data Sec. Breach Litig.*, 341 F.R.D. 128 (D. Md. 2022), was recently decertified on appeal, *see In re Marriott Int'l, Inc.*, 78 F.4th 677, 680 (4th Cir. 2023). Thus, Plaintiffs' claims remain, in many ways, novel and Plaintiffs would face numerous challenges at class certification, summary judgment, and trial. For example, while Plaintiffs have advanced numerous theoretically sound damages models, those

PLTFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT – 13
Case No.: 2:22-cv-01558-MJP

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

models remain relatively untested in a disputed class certification setting and unproven in front of a jury.

Each of these risks poses a significant threat that Settlement Class Members could have ended up losing the case at or before trial and recovering nothing at all. Generally, "unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." *Id.* (quoting *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004)). Thus, this factor favors approval.

### 2. The Risk of Maintaining Class Action Status Through Trial

If this case were to proceed forward in adversarial litigation, Plaintiffs would face the additional risk maintaining class certification through trial because Defendant would fiercely oppose class certification. As discussed above, few data breach cases have proceeded forward to obtain a ruling certifying a contested class. Even assuming Plaintiffs obtained contested certification of the Class, they would still face significant risks and delays in maintaining and litigating their class claims. The Ninth Circuit recognizes the inherent risk that a district court "may decertify a class at any time." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 966 (9th Cir. 2009); *see also In re Omnivision Techs. Inc.*, 559 F. Supp. 2d 1036, 1041 (N.D. Cal. 2008) ("Even if the Court were to certify the class, there is no guarantee the certification would survive through trial, as Defendants might have sought decertification or modification of the class."). Moreover, even if Plaintiffs were successful in obtaining class certification and winning trial in the district court, the risk of one or more lengthy appeals would be high, including a potential interlocutory appeal under Fed. R. Civ. P. 23(f). Accordingly, the risk and uncertainty surrounding certification of the Class also support approval of the Settlement.

### 3. The Amount Offered in Settlement

In light of the risks and uncertainties presented by data breach litigation, the value of the Settlement favors approval. The Settlement makes significant relief available to Settlement Class Members in the form of direct cash payments. As discussed above, Class members were given the option to submit a claim for up to $1,500 in reimbursements for Ordinary Losses and Attested

Time Spent, up to $10,000 in reimbursements for Extraordinary Losses, or an Alternative Cash Payment. This Settlement is a strong result for the Class, and as discussed extensively at Preliminary Approval, the amount offered is in line with other settlements in cases involving data breaches of similar scope. *See* Dkt. No. 61 at 15 n.3.

### 4.   The Extent of Discovery Completed and the Stage of Proceedings

Plaintiffs were well informed about the strengths and weaknesses of this case before entering into settlement discussions on behalf of class members. Plaintiffs obtained all available public records regarding the Data Breach and sought informal discovery from Defendant related to the scope of the Data Incident, the merits of Plaintiffs' claims, potential defenses thereto, the size of the Class, and other issues relating to class certification. Dkt. No. 56, ¶ 28. Although the parties have not engaged in formal discovery, Class Counsel was able to draw on their extensive experience in privacy and data protection litigation to efficiently uncover the relevant information bearing on the critical issues in this case. *See id.*, Ex. A. "[T]he efficiency with which the Parties were able to reach an agreement need not prevent this Court from granting . . . approval." *Hillman v. Lexicon Consulting, Inc*., No. EDCV 16-01186-VAP(SPx), 2017 WL 10433869, at *8 (C.D. Cal. Apr. 27, 2017). Accordingly, Plaintiffs "had enough information to make an informed decision about the strength of their cases and the wisdom of settlement." *Rinky Dink Inc. v. World Bus. Lenders, LLC*, No. C14-0268-JCC, 2016 WL 4052588, at *5 (W.D. Wash. Feb. 3, 2016); *see also Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1239 (9th Cir. 1998). This factor, too, supports final approval.

### 5.   The Experience and Views of Counsel

Class Counsel are experienced class action litigators in the field of data breach and data privacy litigation and recommend the Settlement as being fair, reasonable and adequate and in the best interests of the Class Members. *See* Dkt. No. 56, ¶ 25 & Ex. A. A great deal of weight is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation. *See, e.g.*, *Norton v. Maximus, Inc.*, No. 1:14-0030 WBS, 2017 WL 1424636, at *6 (D. Idaho Apr. 17, 2017); *Nat'l Rural Telecomm. Coop.*, 221 F.R.D. at 528. In

PLTFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT – 15
Case No.: 2:22-cv-01558-MJP

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

light of the complexities of the case and the risks of continuing through further discovery, class certification, summary judgment, trial, and inevitable appeals, Class Counsel firmly believe that the Settlement represents a favorable resolution of this litigation. "Absent fraud or collusion, courts can, and should, rely upon the judgment of experienced counsel for the parties, when assessing a settlement's fairness and reasonableness." *Demmings v. LLW Trucking, Inc.*, 2018 WL 4495461, at *9 (D. Or. Sept. 19, 2018) (internal quotations omitted). Thus, Class Counsel's recommendation that the Settlement is fair, reasonable, and adequate "strongly favor" approval. *Lane v. Brown*, 166 F. Supp. 3d 1180, 1191 (D. Or. Jan. 27, 2016).

### 6. Governmental Participants.

There is no governmental participant in this matter. This factor is neutral.

### 7. The Reaction of the Class Members to the Proposed Settlement

No class member has objected. "[T]he absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members." *Nat'l Rural Telecomms. Coop.*, 221 F.R.D. at 529; 4 Newberg on Class Actions, § 11:48 (4th ed. 2002) ("Courts have taken the position that one indication of the fairness of a settlement is the lack of or small number of objections [citations omitted]").

Moreover, as of June 16, 2024, Epiq has received only fifty-five valid requests for exclusion. *Id.* ¶ 20. This near total lack of opposition is a strong indication that the class supports the settlement. *See Clemans v. New Werner Co.*, No. 3:12-cv-5186, 2013 WL 12108739, at *5 (W.D. Wash. Nov. 22, 2013) (noting in regards to a settlement where one objection and four exclusions were filed, that "the overwhelming non-opposition to and participation in the Settlement [are] strong indications of Class Members' support for the Settlement as fair, adequate, and reasonable"); *see also Rodriguez*, 563 F.3d at 967 (concluding that the district court "had discretion to find a favorable reaction" when fifty-four of 376,301 class members objected to the settlement); *Hughes v. Microsoft Corp.*, 2001 WL 34089697, at *8–9 (W.D. Wash. Mar. 26, 2001)

PLTFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT – 16
Case No.: 2:22-cv-01558-MJP

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 ● FAX 206.682.2992

1    (granting final approval where "less than 1% of the class opted out and only nine objections were

2    submitted").

3         Finally, as of June 5, 2024, Epiq has received 16,110 Claim Forms (15,605 online and 505

4    paper). *See* Azari Decl. ¶ 22. This claims rate is comparable to other data breach settlements.

5    Accordingly, the Class's supportive reaction to the Settlement favors final approval.

6         **D.  The Settlement Treats Settlement Class Members Equitably**

7         Finally, Rule 23(e)(2)(D) requires that this Court confirm that the Settlement treats all

8    class members equitably. In determining whether this factor weighs in favor of approval, a Court

9    must determine whether the Settlement "improperly grant[s] preferential treatment to class

10   representatives or segments of the class." *Paredes Garcia v. Harborstone Credit Union*, No. 3:21-

11   CV-05148-LK, 2023 WL 4315117, *5 (W.D. Wash. July 3, 2023) (quoting *In re Tableware*

12   *Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007)). Here, the Settlement does not

13   improperly discriminate between any segments of the class, as all class members are entitled to

14   the same relief. Each and every Class Member has the opportunity to make a claim for the same

15   three categories of monetary benefits.

16        Likewise, the provision of service awards for the Named Plaintiffs is consistent with the

17   equitable treatment of class members. The requested service awards of $1,500 per class

18   representative is reasonable and in line with awards granted in similar cases. *See, e.g.*, *Roe v.*

19   *Frito-Lay, Inc.*, No. 14-cv-00751, 2017 WL 1315626, at *8 (N.D. Cal. Apr. 7, 2017) (noting a

20   $5,000 Service Award is presumptively reasonable in the Ninth Circuit); *In re Online DVD-Rental*

21   *Antitrust Litig.*, 779 F.3d 934, 947–48 (9th Cir. 2015) (approving service awards of $5,000).

22   Moreover, as the service awards fall in line with the caps on claims for monetary relief in the

23   settlement, there is not a "'significant disparity between the incentive awards and the payments

24   to the rest of the class members' such that it creates a conflict of interest." *Spann*, 314 F.R.D. at

25   328 (citing *Radcliffe v. Experian Info. Solutions Inc.*, 715 F.3d 1157, 1165 (9th Cir. 2013)).

26        In sum, the Settlement treats all Class Members equitably relative to each other, and final

27   approval is appropriate.

PLTFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT – 17
Case No.: 2:22-cv-01558-MJP

**CONCLUSION**

For the reasons contained in this memorandum, Plaintiffs respectfully request that the Court grant this motion for final approval of class action settlement as fair, reasonable, and adequate.

I certify that this memorandum contains 5,863 words, in compliance with the Local Civil Rules.

Date: June 18, 2024                              Respectfully Submitted,

                                                 */s/ Gary E. Mason* _____
                                                 Gary E. Mason
                                                 **MASON LLP**
                                                 5101 Wisconsin Avenue NW, Suite 305
                                                 Washington, DC 20016
                                                 Telephone: 202.429.2290
                                                 gmason@masonllp.com

                                                 */s/ Jean S. Martin* _____
                                                 Jean S. Martin
                                                 **MORGAN & MORGAN**
                                                 **COMPLEX LITIGATION GROUP**
                                                 201 N. Franklin Street, 7th Floor
                                                 Tampa, Florida 33602
                                                  (813) 559-4908
                                                  jeanmartin@ForThePeople.com

                                                 */s/Gary M. Klinger* _____
                                                 Gary M. Klinger
                                                 **MILBERG COLEMAN BRYSON**
                                                 **PHILLIPS GROSSMAN, PLLC**
                                                 227 W. Monroe Street, Suite 2100
                                                 Chicago, IL 60606
                                                 Tel: 866-252-0878
                                                 gklinger@milberg.com

                                                 */s/Cecily C. Jordan* _____
                                                 Jason T. Dennett, WSBA #30686
                                                 Cecily C. Jordan, WSBA #50061
                                                 **TOUSLEY BRAIN STEPHENS PLLC**
                                                 1200 Fifth Avenue, Suite 1700
                                                 Seattle, WA 98101-3147
                                                 Telephone: (206) 682-5600
                                                 jdennett@tousley.com
                                                 cjordan@tousley.com

                                                 *Attorneys for Plaintiffs and the Settlement Class*

PLTFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT – 18
Case No.: 2:22-cv-01558-MJP

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992