**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| Leo Guy, Ryan Tanner, Magaly Granados, Kerry Lamons, Tammy Rano, Vicki Will, and Jennifer White, individually and on behalf all others similarly situated,<br><br>   Plaintiffs,<br><br>   v.<br><br>CONVERGENT OUTSOURCING, INC.,<br><br>   Defendant. | Case No. 2:22-cv-01558-MJP |

**DECLARATION OF CAMERON R. AZARI, ESQ. REGARDING IMPLEMENTATION AND
ADEQUACY OF NOTICE PROGRAM**

I, Cameron R. Azari, Esq., hereby declare and state as follows:

1.      My name is Cameron R. Azari, Esq.  I have personal knowledge of the matters set forth herein, and I believe them to be true and correct.

2.      I am a nationally recognized expert in the field of legal notice and have served as an expert in hundreds of federal and state cases involving class action notice plans.

3.      I am a Senior Vice President of Epiq Class Action and Claims Solutions, Inc. ("Epiq") and the Director of Legal Notice for Hilsoft Notifications, a firm that specializes in designing, developing, analyzing, and implementing large-scale, un-biased, legal notification plans.  Hilsoft Notifications is a business unit of Epiq.  References to Epiq in this declaration include Hilsoft Notifications.

4.      The facts in this declaration are based on my personal knowledge, as well as information provided to me by my colleagues in the ordinary course of my business at Epiq.

## <u>OVERVIEW</u>

5.      This declaration describes implementation of the Settlement Notice Program

---

("Notice Program") and notices (the "Class Notice" or "Class Notices") for *Guy et al. v. Convergent Outsourcing Inc.*, Case No. 2:22-cv-01558-MJP, currently pending in the United States District Court for the Western District of Washington.  I previously executed my *Declaration of Cameron R. Azari, Esq. Regarding Notice Program* on October 30, 2023, which described the Notice Program, detailed Hilsoft's class action notice experience, and attached Hilsoft's *curriculum vitae*. I also provided my educational and professional experience relating to class actions and my ability to render opinions on overall adequacy of notice programs.

## NOTICE PROGRAM SUMMARY

6.     Federal Rule of Civil Procedure, Rule 23 directs that notice must be the best notice practicable under the circumstances and must include "individual notice to all members who can be identified through reasonable effort.  The notice may be by one or more of the following: United States mail, electronic means, or other appropriate means."[1]  The Notice Program as implemented satisfied these requirements.

7.     The Notice Program as designed and implemented reached the greatest practicable number of Settlement Class Members.  The Notice Program individual notice efforts reached approximately 96.3% of the identified Settlement Class.  The reach was further enhanced by a Settlement Website.  In my experience, the reach of the Notice Program is consistent with other court-approved notice programs, is the best notice practicable under the circumstances of this case, and has been designed to satisfy the requirements of due process, including its "desire to actually inform" requirement.[2]

## NOTICE PROGRAM DETAIL

8.     I have reviewed the Court's *Order on Motion for Preliminary Approval of Class*

---

[1] FRCP 23(c)(2)(B).
[2] *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950) ("But when notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it. The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected . . .").

*Action Settlement* ("Class Certification Order") issued on December 19, 2023, which certified the following Settlement Class:

> All persons residing in the United States to whom Defendant Convergent Outsourcing, Inc. sent notification that their personal information may have been compromised by unauthorized third parties as a result of the data security incident discovered by Convergent on or about June 17, 2022.

9.      Subsequently, on February 20, 2024, the Court approved the Notice Program, and appointed Epiq as Claims Administrator in the *Order Granting Renewed Motion for Preliminary Approval of Class Action Settlement* ("Notice Program Approval Order").

10.     After the Court's Notice Program Approval Order was entered, Epiq implemented the Notice Program. This declaration details the notice activities undertaken to date and explains how and why the Notice Program was comprehensive and well-suited to reach the class. This declaration also discusses the administration activity to date.

## NOTICE PROGRAM

### *Individual Notice*

11.     On March 6, 2024, Epiq received one data file with 652,971 records for identified Settlement Class Members. The data included the names and physical address information of the identified Settlement Class Members. Epiq deduplicated and rolled-up the records and loaded the unique, identified Settlement Class Member records into its database. These efforts resulted in 652,942 unique, identified Settlement Class Member records. As a result, 652,942 unique, identified Settlement Class Members were sent a Postcard Notice via United States Postal Service ("USPS") first-class mail.

### *Individual Notice – Direct Mail*

12.     Commencing on March 15, 2024, Epiq sent 652,942 Postcard Notices to identified Settlement Class Members with an associated physical address. The Postcard Notices were sent via USPS first class mail. The Postcard Notices clearly and concisely summarized the case, the Settlement, and the legal rights of the Settlement Class Members. The Postcard Notices also directed the recipients to the dedicated Settlement Website to access additional information. The

Postcard Notice is included as **Attachment 1**.

13.    Prior to sending the Postcard Notice, all mailing addresses were checked against the National Change of Address ("NCOA") database maintained by the USPS to ensure all address information is up-to-date and accurately formatted for mailing.[3]  In addition, the addresses were certified via the Coding Accuracy Support System ("CASS") to ensure the quality of the zip code and verified through Delivery Point Validation ("DPV") to verify the accuracy of the addresses. This address updating process is standard for the industry and for the majority of promotional mailings that occur today.

14.    The return address on the Postcard Notices is a post office box that Epiq maintains for this case.  The USPS automatically forwarded Postcard Notices with an available forwarding address order that had not expired ("Postal Forwards").  Postcard Notices returned as undeliverable were re-mailed to any new address available through USPS information (for example, to the address provided by the USPS on returned mail pieces for which the automatic forwarding order had expired, but is still within the time period in which the USPS returns the piece with the address indicated), or to better addresses that were found using a third-party address lookup service.  Upon successfully locating better addresses, Postcard Notices were promptly remailed.  As of June 16, 2024, Epiq has remailed 23,868 Postcard Notices.

15.    Additionally, a Long Form Notice and Claim Form ("Claim Package") was mailed to all persons who requested one via the toll-free telephone number or other means.  As of June 16, 2024, Epiq mailed 2,121 Claim Packages as a result of such requests. The Long Form Notice is included as **Attachment 2**.  The Claim Form is included as **Attachment 3**.

---

[3] The NCOA database is maintained by the USPS and consists of approximately 160 million permanent change-of-address (COA) records consisting of names and addresses of individuals, families, and businesses who have filed a change-of-address with the Postal Service. The address information is maintained on the database for 48 months and reduces undeliverable mail by providing the most current address information, including standardized and delivery-point-coded addresses, for matches made to the NCOA file for individual, family, and business moves.

*Notice Results*

16.    As of June 16, 2024, a Postcard Notice was delivered to 629,254 of the 652,942 unique, identified Settlement Class Members. This means the individual notice efforts reached approximately 96.3% of the identified Settlement Class Members.

*Settlement Website*

17.    On March 20, 2024, Epiq established a dedicated website for the case with an easy to remember domain name (www.ConvergentDataBreachSettlement.com).  Relevant documents, including the Settlement Agreement, Long Form Notice, Claim Form, and other case-related documents are posted on the Settlement Website.  In addition, the Settlement Website includes relevant dates, answers to frequently asked questions ("FAQs"), instructions for how Settlement Class Members may opt-out (request exclusion) from or object to the Settlement, contact information for the Claims Administrator, and how to obtain other case-related information.  The Settlement Website also provides the ability for Settlement Class Members to file an online Claim Form.  The Settlement Website address was prominently displayed in all notice documents.  As of June 16, 2024, there have been 51,646 unique visitor sessions to the case website, and 137,510 web pages have been presented.

*Toll-Free Telephone Number and Other Contact Information*

18.    On March 20, 2024, a toll-free telephone number (1-877-564-1209) was established for the case.  Callers are able to hear an introductory message, have the option to learn more about the Settlement in the form of recorded answers to FAQs, and request that a Long Form Notice be mailed to them.  The automated phone system is available 24 hours per day, 7 days per week.  The toll-free telephone number was prominently displayed in all notice documents.  As of June 16, 2024, there have been 9,158 calls to the toll-free telephone number, representing 22,746 minutes of use.

19.    A postal mailing address was established and continues to be available, providing Settlement Class Members with the opportunity to request additional information or ask questions.

### Requests for Exclusion

20.     The deadline to request exclusion from the case was May 20, 2024.  As of June 16, 2024, Epiq has received 77 requests for exclusion. Of the 77 opt outs received, 63 are from identified Settlement Class Members and 14 are from non-Settlement Class Members. Of the 63 requests for exclusion received from identified Settlement Class Members, 4 opt outs are duplicate submissions, 1 opt out was submitted after the deadline, and 3 opt outs are pending additional review as the Settlement Class Members' intent to opt out is unclear.  As a result, Epiq has received 55 valid requests for exclusion.  The Request for Exclusion Report, containing all timely and valid opt outs, is included as **Attachment 4**.

### Claim Submission & Distribution Options

21.     The Settlement provides Settlement Class Members the option of filing a Claim Form. The Class Notices contained a detailed summary of the relevant information about the Settlement, including the Settlement Website address and how Settlement Class Members can file a Claim Form online or by mail.  With any method of filing a Claim Form, Settlement Class Members have the option of receiving a digital payment or a traditional paper check.

22.     The deadline for Settlement Class Members to file a Claim Form is June 19, 2024.  As of June 16, 2024, Epiq has received 16,110 Claim Forms (15,605 online and 505 paper).

23.     Since the June 19, 2024, Claim Form filing deadline has not yet passed, these numbers are preliminary.  By that deadline, I expect additional claims will have been filed by Settlement Class Members.  As standard practice, Epiq is in the process of conducting a complete review and audit of all Claim Forms received.  There is a likelihood that after detailed review, the total number of Claim Forms received will change due to duplicate and denied Claim Forms.  Epiq will provide an updated claims report to the Court prior to the Final Approval Hearing.

### <u>CONCLUSION</u>

24.     In class action notice planning, execution, and analysis, we are guided by due process considerations under the United States Constitution, by federal and local rules and statutes, and further by case law pertaining to notice.  This framework directs that the notice program be designed to reach the greatest practicable number of potential class members and, in a settlement

class action notice situation such as this, that the notice or notice program itself not limit knowledge of the availability of benefits—nor the ability to exercise other options—to class members in any way. All of these requirements were met in this case.

25.     The Notice Program included an extensive individual notice effort to the identified Settlement Class Members. With the address updating protocols that were used, the Notice Program individual notice efforts reached approximately 96.3% of the identified Settlement Class Members sent notice. The reach was further enhanced by a Settlement Website. The Federal Judicial Center's ("FJC") *Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide*, which is relied upon for federal cases, states that "the lynchpin in an objective determination of the adequacy of a proposed notice effort is whether all the notice efforts together will reach a high percentage of the Settlement Class. It is reasonable to reach between 70–95%."[4] Here, the Notice Program we have developed achieved a reach at the higher end of that standard.

26.     The Notice Program in this case provided the best notice practicable under the circumstances, conformed to all aspects of Federal Rule of Civil Procedure 23 regarding notice, comported with the guidance for effective notice articulated in the Manual for Complex Litigation, Fourth, and exceeded the requirements of due process, including its "desire to actually inform" requirement.

27.     The Notice Program schedule afforded enough time to provide full and proper notice to Settlement Class Members before the Opt-Out Deadline and the Objection Deadline.

I declare under penalty of perjury that the foregoing is true and correct. Executed June 18, 2024.

Cameron R. Azari, Esq.

---

[4] Fed. Judicial Ctr., Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide 3 (2010), available at https://www.fjc.gov/content/judges-class-action-notice-and-claims-process-checklist-and-plain-language-guide-0.

# Attachment 1

COI Claims Administrator
PO Box 5526
Portland, OR 97228-5526

Unique ID: █████████
PIN: █████

## **Court-Approved Legal Notice**

**If you were notified that your
personal information may have
been compromised as a result
of a data security incident with
Convergent Outsourcing, Inc.,
on or around June 17, 2022,
you may be entitled to benefits
from a settlement.**



A settlement has been reached in a class-action lawsuit against Convergent Outsourcing Inc. ("Convergent") for a data security incident where an unauthorized individual accessed Convergent's computer systems deployed tools to encrypt Convergent's systems and access certain personally identifying information in or around June 17, 2022 ("Data Incident").

**You are receiving this notice because you may be a class member.** If you are a Settlement Class Member, you may file a Claim Form to receive:

- **Documented Ordinary Losses** – Up to $1,500 for documented out-of-pocket expenses fairly traceable to the Data Incident.
- **Attested Time Spent** – Reimbursement for up to 10 hours of lost time at a rate of $30 per hour for time spent remedying issues related to the Data Incident.
- **Documented Extraordinary Losses** – Compensation for extraordinary losses resulting from the Data Incident, up to $10,000.

**OR** you can elect an **Alternative Cash Payment** – A *pro rata* (equal share) payment from the net Settlement Fund, which is $2,450,000 minus payment of costs of the settlement including the costs of the Notice Program and Claims Administration, Attorneys' Fees and Expenses of up to $661,500, Service Awards of up to $1,500 each to the Representative Plaintiffs, and payments for claims for Ordinary Losses, Attested Time Spent, and Extraordinary Losses. Note that if the costs of the settlement exceed the Settlement Fund, individuals selecting this option may not receive any payment.

Please Note: Claims for Documented Ordinary Losses and Attested Time Spent will be limited to $1,500 combined, plus any Documented Extraordinary Losses up to $10,000. All cash payments may be adjusted pro rata depending on the number of Class Members that participate in the Settlement.

**What are my options?** If you file a Claim Form, object to the Settlement, or do nothing, you are choosing to stay in the Settlement Class. To receive Settlement benefits, you must file a valid Claim Form. Your Claim Form must be submitted online at www.ConvergentDataBreachSettlement.com or mailed and **postmarked** on or before **June 19, 2024**. If you do not exclude yourself, you may object to the Settlement and attorneys' fees and expenses and service awards by **May 20, 2024**. If you don't want to be legally bound by the Settlement or receive any benefits from it, you may request to be excluded from the Settlement Class in writing by a request **postmarked**, or submitted electronically via the Settlement Website, on or before **May 20, 2024**. Unless you exclude yourself, you give up any right to sue Convergent and Released Parties for the claims resolved by this Settlement. If the Settlement is approved and becomes final, the Court's orders will apply to you and legally bind you. You will not be able to sue, continue to sue, or be part of any other lawsuit against Convergent and the Released Parties about the legal issues in this lawsuit that are released by this Settlement.

The Court will hold a Final Approval Hearing on **July 19, 2024, at 10:00 a.m.** At the Final Approval Hearing, the Court will consider whether to approve the Settlement. If you do not exclude yourself, you can (but do not have to) participate and speak for yourself at the Final Approval Hearing. This is called making an appearance. You also can have your own lawyer speak for you, but you will have to hire and pay for your own lawyer.

This Notice is a summary. More information is available at **www.ConvergentDataBreachSettlement.com** or by calling toll-free **1-877-564-1209**.    AJ8792 v.02

Attachment 2

# If you were notified that your personal information may have been compromised as a result of a data incident with Convergent Outsourcing, Inc., on or around June 17, 2022, you may be entitled to benefits from a settlement.

*A court has authorized this Notice. This is <u>not</u> a solicitation from a lawyer.*

- A settlement has been reached in a class action lawsuit against Convergent Outsourcing Inc., ("Defendant" or "Convergent") for a data incident on or around June 17, 2022, where unauthorized individual accessed Convergent's computer systems deployed tools to encrypt Convergent's systems and access certain personally identifiable information ("Data Incident"). While Convergent was unable to conclusively determine that the unauthorized individual accessed the content of certain files containing names, contact information, financial account numbers, and Social Security numbers (collectively, "Private Information"), Convergent notified individuals that their Private Information may have been the subject of a ransomware attack.

- You are a "Settlement Class Member" if you were sent a letter that your personal information may have been compromised as a result of the Data Incident.

- If you are a Settlement Class Member, you may file a Claim Form to receive 1) Documented Ordinary Losses; 2) Attested Time Spent; and 3) Documented Extraordinary Losses **OR** an Alternative Cash Payment:

  - **Documented Ordinary Losses** – Up to $1,500 for documented out-of-pocket expenses fairly traceable to the Data Incident.

  - **Attested Time Spent** – Reimbursement for up to 10 hours of lost time at a rate of $30 per hour for time spent remedying issues related to the Data Incident.

  - **Documented Extraordinary Losses** – Compensation for extraordinary losses resulting from the Data Incident, up to $10,000.

  - **Alternative Cash Payment** – A *pro rata* (a legal term meaning an equal share) payment from the net Settlement Fund, which is $2,450,000 minus payment of costs of the Settlement including the costs of the Notice Program and Claims Administration, Attorneys' Fees and Expenses of up to $661,500, Service Awards of up to $1,500 each to the Representative Plaintiffs, and payments for claims for Ordinary Losses, Attested Time Spent, and Extraordinary Losses. Note that if these costs of the settlement, fees, awards and claims exceed the Settlement Fund, individuals selecting this option may not receive any payment.

<u>Please Note</u>: Claims for Documented Ordinary Losses and Attested Time Spent will be limited to $1,500 combined, plus any Documented Extraordinary Losses up to $10,000. All cash payments may be adjusted *pro rata* depending on the number of Class Members that participate in the Settlement.

**This Notice may affect your rights. Please read it carefully.**

These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

| Your Legal Rights and Options | | Deadline |
|---|---|---|
| **SUBMIT A CLAIM FORM** | You must submit a Claim Form by mail or online to receive Settlement benefits. | **June 19, 2024** |
| **EXCLUDE YOURSELF** | Get no Settlement benefits. Keep your right to file your own lawsuit against Convergent and Released Parties about the legal claims in this case. | **May 20, 2024** |
| **OBJECT** | Tell the Court why you do not like the Settlement. You will still be bound by the Settlement if the Court approves it. | **May 20, 2024** |
| **DO NOTHING** | Get no Settlement benefits. Be bound by the Settlement. | |

- The Court in charge of this case must still decide whether to approve the Settlement and the requested attorneys' fees and expense award. No Settlement benefits or payments will be provided unless the Court approves the Settlement, and it becomes final.

**Questions? Go to www.ConvergentDataBreachSettlement.com or call 1-877-564-1209**

2

**BASIC INFORMATION** ........................................................................................**PAGE 4**

    1.  Why is this Notice being provided?
    2.  What is this lawsuit about?
    3.  Why is the lawsuit a class action?
    4.  Why is there a Settlement?

**WHO IS INCLUDED IN THE SETTLEMENT?** ..................................................**PAGE 5**

    5.  How do I know if I am part of the Settlement?
    6.  Are there exceptions to being included in the Settlement?
    7.  What if I am still not sure whether I am part of the Settlement?

**THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY** ..................**PAGE 5**

    8.  What does the Settlement provide?
    9.  What am I giving up to receive Settlement benefits or stay in the Settlement Class?
    10. What are the Released Claims?

**HOW TO GET BENEFITS FROM THE SETTLEMENT** ......................................**PAGE 7**

    11. How do I make a claim for Settlement benefits?
    12. What happens if my contact information changes after I submit a Claim Form?
    13. When will I receive my Settlement benefits?

**THE LAWYERS REPRESENTING YOU** ...........................................................**PAGE 7**

    14. Do I have a lawyer in this case?
    15. How will Settlement Class Counsel be paid?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ........................................**PAGE 8**

    16. How do I get out of the Settlement?
    17. If I exclude myself, can I get anything from this Settlement?
    18. If I do not exclude myself, can I sue the Defendant for the same thing later?

**OBJECT TO THE SETTLEMENT** ....................................................................**PAGE 8**

    19. How do I tell the Court that I do not like the Settlement?
    20. What is the difference between objecting and asking to be excluded?

**THE FINAL APPROVAL HEARING** .................................................................**PAGE 9**

    21. When and where will the Court decide whether to approve the Settlement?
    22. Do I have to attend the Final Approval Hearing?
    23. May I speak at the Final Approval Hearing?

**IF YOU DO NOTHING** ...............................................................................**PAGE 10**

    24. What happens if I do nothing at all?

**GETTING MORE INFORMATION** .................................................................**PAGE 10**

    25. How do I get more information?

**Questions? Go to www.ConvergentDataBreachSettlement.com or call 1-877-564-1209**

3

## BASIC INFORMATION

### 1.  Why is this Notice being provided?

A federal Court authorized this Notice because you have the right to know about the proposed Settlement of a class action lawsuit and about your rights and options before the Court decides whether to grant final approval of the Settlement. This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for the benefits, and how to get them.

Judge Marsha J. Pechman of the District Court for the Western District of Washington is overseeing this class action lawsuit. The case is known as *Guy et al. v. Convergent Outsourcing Inc*; Case No. 2:22-cv-01558-MJP. The people who filed this lawsuit are called the "Plaintiffs" or the "Representative Plaintiffs," and the company sued is Convergent Outsourcing, Inc. ("Convergent" or the "Defendant").

### 2.  What is this lawsuit about?

Convergent is a third-party debt collection company that serves the telecommunication, utility, banking, cable company, and financial service industries by offering consumer debt collection.  In the course of its business, Convergent received from third-party debt settlement companies and stored certain personally identifiable information ("PII" or "Private Information") of the Plaintiffs and the putative Class Members (in this lawsuit).

Plaintiffs and the putative Class Members allege that a data incident occurred in approximately June 2022, where an unauthorized individual accessed Convergent's computer systems and deployed tools to encrypt Convergent's systems and access certain personally identifiable information (the "Data Incident"). While Convergent was unable to conclusively determine that the unauthorized individual accessed the content of certain exfiltrated files containing names, contact information, financial account numbers, and Social Security numbers (collectively, "Private Information"), Convergent notified individuals that their Private Information may have been the subject of a ransomware attack.

No court or other entity has determined that Convergent committed any wrongdoing or violated any law, and Convergent denies all the legal claims asserted in the lawsuit. By settling the lawsuit, Convergent is not admitting any wrongdoing or liability.

### 3.  Why is the lawsuit a class action?

In a class action, a representative plaintiff or plaintiffs sue(s) on behalf of all people who have similar legal claims. Together all these people are called a settlement class or settlement class members. One court resolves the issues for all settlement class members, except for those settlement class members who timely exclude themselves from the settlement class.

The proposed Representative Plaintiffs in this case are Leo Guy, Ryan Tanner, Magaly Granados, Kerry Lamons, Tammy Rano, Vicki Will, and Jennifer White.

### 4.  Why is there a Settlement?

Plaintiffs and Convergent do not agree about the legal claims made in this lawsuit. The lawsuit has not gone to trial, and the Court has not decided in favor of plaintiffs or Convergent. Instead, Plaintiffs and Convergent have agreed to settle the lawsuit. Plaintiffs and the lawyers for the Settlement Class ("Settlement Class Counsel") believe the Settlement is best for all Settlement Class Members due to the risks and uncertainty associated with continuing the lawsuit.

## WHO IS INCLUDED IN THE SETTLEMENT?

### 5. How do I know if I am part of the Settlement?

Under the Settlement, the Court decided that the Class includes all persons residing in the United States to whom Defendant Convergent Outsourcing, Inc. sent notification that their personal information may have been compromised by an unauthorized individual as a result of the data incident discovered by Convergent on or about June 17, 2022.

### 6. Are there exceptions to being included in the Settlement?

Yes. Excluded from the Settlement Class are the Court and all members of the Court's staff, and persons who timely and validly request exclusion from the Settlement Class.

### 7. What if I am still not sure whether I am part of the Settlement?

If you are still not sure whether you are a Settlement Class Member, you may go to the Settlement Website at www.ConvergentDataBreachSettlement.com or call the Claims Administrator's toll-free number at 1-877-564-1209.

## THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY

### 8. What does the Settlement provide?

If you are a Settlement Class Member, and you file a valid and timely Claim Form by **June 19, 2024,** you may be eligible for the following Settlement benefits:

**Documented Ordinary Losses** – Up to $1,500 for documented unreimbursed out-of-pocket expenses fairly traceable to the Data Incident. Examples of Document Ordinary Losses may include:

- Unreimbursed losses relating to fraud or identity theft;
- Out-of-pocket credit monitoring costs that were incurred on or after the Data Incident through the date of claim submission; and
- Unreimbursed bank fees, long distance phone charges, postage, or gasoline for local travel.

This list of reimbursable documented out-of-pocket expenses is not meant to be exhaustive. Settlement Class Members may make claims for any documented unreimbursed out-of-pocket losses reasonably related to the Data Incident or to dealing with the effects of the Data Incident. The Claims Administrator shall have discretion to determine whether any claimed loss is reasonably related to the Data Incident. Settlement Class Members with Ordinary Losses must submit documentation supporting their claims. This can include receipts or other documentation not "self-prepared" by the claimant that documents the costs incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but may be considered to add clarity or support to other submitted documentation.

**Attested Time Spent** – Reimbursement for up to 10 hours of lost time at a rate of $30 per hour for time spent remedying issues related to the Data Incident. No documentation other than a description of your actions will be required for you to receive compensation for attested time spent. Claims made for time spent can be combined with reimbursement for Ordinary Losses subject to a $1,500 aggregate individual cap. Time spent may include:

- Changing passwords on potentially impacted accounts;
- Monitoring for or investigating suspicious activity on potentially impacted medical, financial, or other accounts;

- Contacting a financial institution or other provider to discuss suspicious activity;
- Signing up for identity theft or fraud monitoring; or
- Researching information about the Data Incident, its impact, or how to protect themselves from harm due to the Data Incident.

**Documented Extraordinary Losses** – Compensation for extraordinary losses resulting from the Data Incident, up to $10,000 by submitting a valid Claim Form and supporting documentation, provided that:

- The loss is an actual, documented, and unreimbursed monetary loss;
- The loss was more likely than not caused by the Data Incident;
- The loss occurred between June 17, 2022, and the Claims Deadline;
- The loss is not already covered by one or more of the normal reimbursement categories; and
- You made reasonable efforts to avoid the loss or seek reimbursement for the loss, including, but not limited to, exhaustion of all available credit monitoring insurance and identity theft insurance.

Extraordinary Losses may include, without limitation, the unreimbursed costs, expenses, losses or charges incurred a result of identity theft or identity fraud, falsified tax returns, or other possible misuse of Private Information. To receive reimbursement for any Documented Extraordinary Loss, you must submit supporting documentation of the loss and a description of how the loss is fairly traceable to the Data Incident, if not readily apparent from the documentation.

<u>Please Note</u>: Claims for Documented Ordinary Losses and Attested Time Spent will be limited to $1,500 combined, plus any Documented Extraordinary Losses up to $10,000. All cash payments may be adjusted *pro rata* depending on the number of Class Members that participate in the Settlement.

**Alternative Cash Payment** – As an alternative to filing a Claim Form for reimbursement of Ordinary Losses, Attested Time Spent, or Extraordinary Losses, you may submit a Claim Form to receive a *pro rata* (a legal term meaning an equal share) payment from the net Settlement Fund, which is $2,450,000 minus payment of costs of the Settlement including the costs of the Notice Program and Claims Administration, Attorneys' Fees and Expenses of up to $661,500, Service Awards of up to $1,500 each to the Representative Plaintiffs, and payments for claims for Ordinary Losses, Attested Time Spent, and Extraordinary Losses.  Please note that if costs of the Settlement, fees and expenses, service award and payments for claims exceed the Settlement Fund, you may receive no payment if you select this category.

## 9.    What am I giving up to receive Settlement benefits or stay in the Settlement Class?

Unless you exclude yourself, you are choosing to remain in the Settlement Class. If the Settlement is approved and becomes final, the Court's orders will apply to you and legally bind you. You will not be able to sue, continue to sue, or be part of any other lawsuit against Convergent and the Released Parties about the legal issues in this lawsuit that are released by this Settlement. The specific rights you are giving up are called "Released Claims."

## 10.  What are the Released Claims?

The Settlement Agreement in Section 10 describes the Release, Released Claims, and the Released Parties in necessary legal terminology, so please read this section carefully. The Settlement Agreement is available at www.ConvergentDataBreachSettlement.com or in the public court records on file in this lawsuit. For questions regarding the Release and what it means, you can also contact one of the lawyers listed in Question 14 for free, or you can talk to your own lawyer at your own expense.

# HOW TO GET BENEFITS FROM THE SETTLEMENT

## 11. How do I make a claim for Settlement benefits?

To receive Settlement benefits, you must file a valid Claim Form. Your Claim Form must be complete and submitted to the Claims Administrator, submitted online or mailed and **postmarked** on or before **June 19, 2024**. Claim Forms may be submitted online at www.ConvergentDataBreachSettlement.com or printed from the website and mailed to the Claims Administrator at the address on the form. The quickest way to submit a Claim Form is online. Claim Forms are also available by writing to:

COI Claims Administrator
P.O. Box 5526
Portland, OR 97228-5526

## 12. What happens if my contact information changes after I submit a claim?

If you change your mailing address or email address after you submit a Claim Form, it is your responsibility to inform the Claims Administrator of your updated information. You may notify the Claims Administrator of any changes by calling 1-877-564-1209 or by writing to:

COI Claims Administrator
P.O. Box 5526
Portland, OR 97228-5526

## 13. When will I receive my Settlement Benefits?

If you file a valid Claim Form, payment will be provided by the Claims Administrator after the Settlement is approved by the Court and becomes final.

It may take time for the Settlement to be approved and become final. Please be patient and check www.ConvergentDataBreachSettlement.com for updates.

# THE LAWYERS REPRESENTING YOU

## 14. Do I have a lawyer in this case?

Yes, the Court has appointed Jean S. Martin of Morgan & Morgan Complex Litigation Group, Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC, Gary E. Mason of Mason LLP, and Cecily C. Jordan of Tousley Brain Stephens PLLC as Settlement Class Counsel to represent you and the Settlement Class for the purposes of this Settlement. You may hire your own lawyer at your own cost and expense if you want someone other than Settlement Class Counsel to represent you in this lawsuit.

## 15. How will Settlement Class Counsel be paid?

Settlement Class Counsel will file a motion asking the Court for reasonable attorneys' fees and their reasonable costs and expenses from the Settlement Fund not to exceed 27% of the Settlement Fund (up to $661,500). Settlement Class Counsel will also ask the Court to approve Service Awards of up to $1,500 from the Settlement Fund for each of the Representative Plaintiffs for participating in this lawsuit and for their efforts in achieving the Settlement. The Court may award less than the amounts requested by Settlement Class Counsel.

Settlement Class Counsel's application for reasonable attorneys' fees and expenses, and the Service Award will be made available on the Settlement Website at www.ConvergentDataBreachSettlement.com before the deadline for you to comment or object to the Settlement.

Questions? Go to www.ConvergentDataBreachSettlement.com or call 1-877-564-1209

7

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you are a Settlement Class Member and you want to keep any right you may have to sue or continue to sue the Defendant and Released Parties on your own based on the legal claims raised in this lawsuit or released by the Released Claims, then you must take steps to get out of the Settlement. This is called excluding yourself from – or "opting-out" of – the Settlement.

### 16. How do I get out of the Settlement?

You may request to be excluded from the Settlement Class in writing by a request **postmarked**, or submitted electronically via the Settlement Website, on or before **May 20, 2024**. Your request must include the following:

- Your name, address, and telephone number;
- The name and number of this case, *Guy et al. v. Convergent Outsourcing Inc*; Case No. 2:22-cv-01558-MJP;
- A statement that you wish to be excluded from the Settlement Class; and
- Your signature.

A request to be excluded that is incomplete, sent to an address other than designated below, or that is not electronically submitted or postmarked within the time specified, will be invalid and the person making the request will be considered a member of the Settlement Class and will be bound as a Settlement Class Member by the Settlement Agreement, if approved.

If sent by mail, your exclusion request must be **postmarked** and sent to the Claims Administrator at the following address by **May 20, 2024**:

COI Claims Administrator<br>
Exclusions<br>
P.O. Box 5526<br>
Portland, OR 97228-5526

If made electronically at the Settlement website, your request to be excluded must be made by **midnight Pacific Time on May 20, 2024**.

### 17. If I exclude myself, can I still get anything from this Settlement?

No. If you exclude yourself, you are telling the Court you do not want to be part of the Settlement. You can only get benefits from the Settlement if you stay in the Settlement and submit a valid Claim Form.

### 18. If I do not exclude myself, can I sue the Defendant for the same thing later?

No. Unless you exclude yourself, you give up any right to sue Convergent and Released Parties for the claims resolved by this Settlement. You must exclude yourself from this lawsuit to start or continue your own lawsuit or to be part of any other lawsuit against Convergent or any of the Released Parties. If you have a pending lawsuit, speak to your lawyer in that case immediately.

## OBJECT TO THE SETTLEMENT

### 19. How do I tell the Court that I do not like the Settlement?

If you are a Settlement Class Member, you can tell the Court you do not agree with all or any part of the Settlement or the requested attorneys' fees and expenses award or service awards. You can also

Questions? Go to www.ConvergentDataBreachSettlement.com or call 1-877-564-1209

8

give reasons why you think the Court should not approve the Settlement or the attorneys' fees and expenses award or service awards.

To object, you must file a timely written notice of your objection, so it is **filed** or **postmarked** by **May 20, 2024**. <u>Such notice must state</u>:

- Your full name, address, telephone number and email address (if any);
- The name and number of this case, *Guy et al. v. Convergent Outsourcing Inc*; Case No. 2:22-cv-01558-MJP;
- Information identifying you as a Settlement Class Member, including proof that you are a member of the Settlement Class;
- A statement as to whether the objection applies only to you as a Settlement Class Member, to a specific subset of the Settlement Class, or to the entire class;
- A clear and detailed written statement of the specific legal and factual bases for each and every objection, accompanied by any legal support for the objection you believe is applicable;
- The identity of any lawyers representing you as an objector;
- A statement whether you intend to appear at the Final Approval Hearing, either in person or through your lawyer, and, if through your lawyer, identifying that lawyer;
- A list of all persons who will be called to testify at the Final Approval Hearing in support of the objections and any documents to be presented or considered; and
- Your signature and the signature of your duly authorized lawyer or other duly authorized representative (if any).

To be timely, written notice of an objection in the appropriate form must be **filed** or sent to the Clerk of the Court for the District Court for the Western District of Washington **postmarked** by **May 20, 2024,** with copies sent at the same time to Settlement Class Counsel and Convergent. The addresses for each are as follows:

| THE COURT | SETTLEMENT CLASS COUNSEL | CONVERGENT |
|---|---|---|
| Office of the Clerk<br>District Court for the Western<br>District of Washington<br>700 Stewart Street, Suite 2310<br>Seattle, WA 98101 | Gary E. Mason<br>**MASON LLP**<br>5335 Wisconsin Ave., NW<br>Suite 640<br>Washington, DC 20015 | Bethany Lukitsch<br>**BAKER & HOSTETLER LLP**<br>1900 Avenue of the Stars,<br>Suite 2700<br>Los Angeles, CA 90067 |

## 20. What is the difference between objecting and asking to be excluded?

Objecting is simply telling the Court you do not like something about the Settlement or the requested attorneys' fees and expenses award. You can object only if you stay in the Settlement Class (that you do not exclude yourself). Requesting exclusion is telling the Court you do not want to be part of the Settlement Class or the Settlement. If you exclude yourself, you cannot object to the Settlement.

# THE FINAL APPROVAL HEARING

## 21. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Approval Hearing on **July 19, 2024, at 10:00 a.m.** before Judge Marsha J. Pechman District Court for the Western District of Washington, 700 Stewart Street, Seattle, Washington, 98101, in Courtroom 14206.

At the Final Approval Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and decide whether to approve: the Settlement, Settlement Class Counsel's application for

Questions? Go to www.ConvergentDataBreachSettlement.com or call 1-877-564-1209

9

reasonable attorneys' fees and their reasonable costs and expenses and Service Awards. If there are objections, the Court will consider them. The Court will also listen to people who have asked to speak at the hearing. The Court can only approve or deny the Settlement Agreement. It cannot change the terms of the Settlement.

<u>Note</u>: The date and time of the Final Approval Hearing are subject to change. The Court may also decide to hold the hearing via videoconference or by phone. Any change will be posted at www.ConvergentDataBreachSettlement.com.

## 22. Do I have to attend to the Final Approval Hearing?

No. Settlement Class Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you file an objection, you do not have to attend the hearing to speak about it. As long as you file or mail your written objection on time, the Court will consider it.

## 23. May I speak at the Final Approval Hearing?

Yes, as long as you do not exclude yourself, you can (but do not have to) participate and speak for yourself at the Final Approval Hearing. This is called making an appearance. You also can have your own lawyer speak for you, but you will have to hire and pay for your own lawyer. If you choose to make an appearance, you must follow all of the procedures for objecting to the Settlement listed in Section 19 above and specifically include a statement whether you and your counsel will appear at the Final Approval Hearing.

# IF YOU DO NOTHING

## 24. What happens if I do nothing at all?

If you are a Settlement Class Member and you do nothing, you will not receive any Settlement benefits. You will give up rights explained in the "Excluding Yourself from the Settlement" section of this Notice, including your right to start or continue a lawsuit, or be part of any other lawsuit against Convergent or any of the Released Parties about the legal issues in this lawsuit that are released by the Settlement Agreement.

# GETTING MORE INFORMATION

## 25. How do I get more information?

This Notice summarizes the proposed Settlement. Complete details are provided in the Settlement Agreement. The Settlement Agreement and other related documents are available at www.ConvergentDataBreachSettlement.com, by calling 1-877-564-1209, or by writing to:

COI Claims Administrator
P.O. Box 5526
Portland, OR 97228-5526

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT'S CLERK OFFICE REGARDING THIS NOTICE.**

Attachment 3

**Must be postmarked or submitted online NO LATER THAN JUNE 19, 2024**

COI Claims Administrator
P.O. BOX 5526
PORTLAND, OR 97228-5526
www.ConvergentDataBreachSettlement.com

## Your Information

*This information will be used to contact you and process your Claim Form. It will not be used for any other purpose. If any of the following information changes, you must promptly provide your updated information by mail to P.O. Box 5526, Portland, OR 97228-5526.*

If you would like to receive your payment by a digital payment option (e.g., an ACH direct deposit or prepaid debit card using instructions emailed to you), you must file a claim online at www.ConvergentDataBreachSettlement.com.

First Name

MI

Last Name

Mailing Address

City

State

ZIP Code

Phone Number

Email Address

Unique ID (located on the notice mailed to you)

Questions? Visit www.ConvergentDataBreachSettlement.com or call 1-877-564-1209

1

## Documented Ordinary Out-of-Pocket Expenses

You can receive reimbursement for up to $1,500.00 for documented unreimbursed out-of-pocket expenses fairly traceable to the Data Incident. You must attach documents to your Claim Form that show what happened and how much you lost or spent so that you can be repaid. This may include receipts or other documentation. "Self-prepared" documentation such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but may be considered to add clarity or support to other submitted documentation.

| Expense Types and Examples of Documents | Approximate Amount of Expense and Date | Description of Expense or Money Spent and Supporting Documents (Identify what you are attaching and why it's related to the Data Incident) |
|---|---|---|
| **Unreimbursed Bank Fees** <br> *Examples: Bank statements with fees, such as card reissuance, unreimbursed overdraft and late fees* | $ ⬚⬚⬚⬚ • ⬚⬚ <br> ⬚⬚ – ⬚⬚ – ⬚⬚⬚⬚ <br> MM      DD      YYYY | _____ <br> _____ <br> _____ <br> _____ |
| **Long Distance Phone Charges** <br> *Example: Phone bills with charges* | $ ⬚⬚⬚⬚ • ⬚⬚ <br> ⬚⬚ – ⬚⬚ – ⬚⬚⬚⬚ <br> MM      DD      YYYY | _____ <br> _____ <br> _____ <br> _____ |
| **Unreimbursed Credit Card Fees** <br> *Examples: Credit card statement* | $ ⬚⬚⬚⬚ • ⬚⬚ <br> ⬚⬚ – ⬚⬚ – ⬚⬚⬚⬚ <br> MM      DD      YYYY | _____ <br> _____ <br> _____ <br> _____ |
| **Unreimbursed Credit Monitoring** <br> *Examples: Costs of credit report(s), credit monitoring, and/or other identity theft insurance products purchased* | $ ⬚⬚⬚⬚ • ⬚⬚ <br> ⬚⬚ – ⬚⬚ – ⬚⬚⬚⬚ <br> MM      DD      YYYY | _____ <br> _____ <br> _____ <br> _____ |
| **Other Losses or Costs Resulting from Identity Theft or Fraud** <br> *Examples: Include but not limited to, the cost of postage, gas for local travel or interest on payday loans due to card cancellation* | $ ⬚⬚⬚⬚ • ⬚⬚ <br> ⬚⬚ – ⬚⬚ – ⬚⬚⬚⬚ <br> MM      DD      YYYY | _____ <br> _____ <br> _____ <br> _____ |

Questions? Visit www.ConvergentDataBreachSettlement.com or call 1-877-564-1209

2

## Documented Extraordinary Expenses

You can receive reimbursement for up to $10,000.00 for documented unreimbursed extraordinary expenses incurred as a result of the Data Incident if: (1) the loss is an actual, documented, and unreimbursed monetary loss; (2) the loss was more likely than not caused by the Data Incident; (3) the loss occurred between June 17, 2022 and June 19, 2024 (Claims Deadline); (4) the loss is not already covered by one or more of the out-of-pocket reimbursement categories; and (5) you made reasonable efforts to avoid, or seek reimbursement for, the loss, including but not limited to exhausting all available credit monitoring insurance and identity theft insurance.

| Expense Types and Examples of Documents | Approximate Amount of Expense and Date | Description of Expense or Money Spent and Supporting Documents (Identify what you are attaching and why it's related to the Data Incident) |
|---|---|---|
| **Extraordinary Loss** *Examples: Professional fees incurred to address identity theft or fraud, such as falsified tax returns, account fraud, and/or medical identity theft* | $ ☐☐☐☐☐ . ☐☐  ☐☐ – ☐☐ – ☐☐☐☐ MM      DD        YYYY | _____ _____ _____ _____ |
| **Other Extraordinary Losses** *Please provide a detailed description or a separate document submitted with this Claim Form.* | $ ☐☐☐☐☐ . ☐☐  ☐☐ – ☐☐ – ☐☐☐☐ MM      DD        YYYY | _____ _____ _____ _____ |

## Cash Payment: Lost Time

If you spent time monitoring accounts, reversing fraudulent charges, or otherwise dealing with the aftermath/cleanup of the Data Incident, you may be reimbursed for your time at $30 per hour, for up to 10 hours. The total amount you may receive for Documented Ordinary Losses and Attested Time Spent will be limited to $1,500 combined.

| Hours lost as a result of the Data Incident | Description of the activities performed during the time claimed and their connection to the Data Incident |
|---|---|
| ☐☐ Hours | _____ _____ _____ _____ |

## Alternative Cash Payment

If you do not want to claim reimbursement for Ordinary Losses, Extraordinary Losses, or Time Spent, you may instead claim a pro rata (a legal term meaning equal share) payment from the Net Settlement Fund after all costs associated with the Settlement have been paid. If all costs and payments exceed the Settlement Fund amount, this option could result in no payment.

☐   I would like to claim a pro rata Alternative Cash Payment.

Questions? Visit www.ConvergentDataBreachSettlement.com or call 1-877-564-1209

3

**How You Will Receive Your Cash Payment**

Approved claims for a cash payment submitted in this Claim Form will be paid by check. If you would like to receive your payment by a digital payment option (e.g., an ACH direct deposit or prepaid debit card using instructions emailed to you), you must file a claim online at www.ConvergentDataBreachSettlement.com.

I affirm under the laws of the United States that the information supplied in this Claim Form is true and correct to the best of my knowledge, and any documents I submitted in support of my claim are true and correct copies of original documentation.

I understand that I may be asked to provide more information by the Claims Administrator before my claim is complete.

Signature

Date: MM – DD – YYYY

Print Name

Questions? Visit www.ConvergentDataBreachSettlement.com or call 1-877-564-1209

4

Attachment 4



**Exclusion Report**

*Guy et al. v. Convergent Outsourcing Inc.*

| Number | First Name | Last Name |
|--------|-----------|-----------|
| 1 | CYNTHIA | ABATI |
| 2 | BERTHA | BALESTRA |
| 3 | GENOVEVA | BACULI |
| 4 | DONNA | BIDLACK |
| 5 | LISA | BROADWATER |
| 6 | DAVID | CHAMBERS |
| 7 | ESTHER | COPLEN |
| 8 | BOBBY | BROOKS |
| 9 | LINDA | CHINSKI |
| 10 | FAKHRUL | CHOWDHURY |
| 11 | CHARLOTTE | CONNOR |
| 12 | DEBORAH | CUNNINGHAM |
| 13 | RICARDO | GARCIA SANCHEZ |
| 14 | SANDRA | GOODRICH |
| 15 | LACRETIA | GREGG |
| 16 | CHARLENE | FRANKLIN |
| 17 | EARL | GANDY |
| 18 | ROBERTO | GUILLEN |
| 19 | CYNTHIA | HILL |
| 20 | DAVID | HORGESHIMER |
| 21 | BARBARA | HUGHES |
| 22 | MICHAL | JACHURA |
| 23 | REGINA | HARRIS |
| 24 | ROGER | HEIN |
| 25 | CARROL | HODGE |
| 26 | JAKE | JOHNSTON |
| 27 | THERESA | LAFRENIERE |
| 28 | LAVETTA | LEWIS |
| 29 | ELAINE | LOUTHAN |
| 30 | BETTY | MAR |
| 31 | MALINDA | MATTHEWS |
| 32 | JENNIFER | MCDONALD |
| 33 | DANIELLE | MCMICKIN |
| 34 | RUTH | NJUGUNA |
| 35 | RAYMOND | PERREAULT |
| 36 | JAMEY | PETERSEN |
| 37 | ANGELA | PITTS |
| 38 | LANCE | PRICE |
| 39 | LORETTA | PHELPS |



**Exclusion Report**
*Guy et al. v. Convergent Outsourcing Inc.*

| Number | First Name | Last Name |
|--------|-----------|-----------|
| 40 | NARCISO | REPOLLO |
| 41 | COREY | REYNOLDS |
| 42 | STEPHEN | RICHARDS |
| 43 | CATHERINE | RICHARDSON |
| 44 | JAMES | SCHELKE |
| 45 | KATHY | RITENHOUR |
| 46 | LATASHA | ROGERS |
| 47 | GUMESINDO | SALGADO |
| 48 | TERESA | SALM |
| 49 | PATRICIA | SIFUENTES |
| 50 | ADRIENNE | TRIPP |
| 51 | BEN | SAWBRIDGE |
| 52 | PAULA | TURNER |
| 53 | STEVEN | WILLIAMS |
| 54 | KIRSTEN | RUBIO |
| 55 | MORGAN | WILSON |